# Appendix

## INDEX TO APPENDIX

**ITEM**                                                                                                  **PAGE**

General Services Administration (GSA) Cure Notice to Claude Mayo
Construction Company, Inc. (CMCC) (Feb. 11, 2014) ............................................................. A1

CMCC Response to GSA Feb. 11, 2014 Cure Notice to CMCC (Feb. 20, 2014)...................... A2

Project Status Report (Mar. 6, 2014) ......................................................................... A3

GSA Show Cause Notice (First) to CMCC (Mar. 17, 2014)...................................................... A14

GSA Stop Work Order (Mar. 28, 2014) ................................................................... A16

GSA Letter Re: Liquidated Damages (Apr. 22, 2014) ............................................................. A17

GSA Show Cause Notice (Second) to CMCC (May 20, 2014)................................................. A18

GSA Notice of Termination for Default (Jun. 12, 2014).......................................................... A29

Proof of Receipt for GSA Notice of Termination for Default (Jun. 18, 2014)...................... A36.1

CMCC Appeal of Jun. 12, 2014 GSA Notice of Termination for Default
and Mar. 17, 2014 GSA Stop Work Order and Exhibits A-H (May 18, 2015) ........................ A37

GSA Final Decision In Response to CMCC May 18, 2015 Appeal
and Exhibits A-B (Jul. 22, 2015) ........................................................................... A69



U.S. General Services
Administration
GSA Public Buildings Service

February 11, 2014

Claude Mayo Construction Company, Inc.
Attention: Claude Mayo
53 Humber Ave
Buffalo, NY 14215

RE:    **CURE NOTICE**
       Contract GS-02P-13-PW-D-0005
       8th Floor US Attorney Project, Hanley Federal Building, Syracuse, NY

You are notified that the Government considers your failure to complete the following work to be a condition that is endangering performance of the contract:

- Failure to provide a schedule of completed work and planed activities for the remaining 48 days of the contract.
- Failure to respond to Modification Proposal Requests which causes your company to delay the completion of the project.

The above items were to have been completed over two weeks ago, and on 10 February 2014, we requested these items by the end of the day.  In addition, no schedule has been submitted this week, and no daily reports have been submitted (as required) since January 13, 2014.

The current contract delivery date is **April 1, 2014**.  As of today the project is approximately 50 percent complete, with 70 percent of the timeline passed. The Government has concerns that the contract completion date will not be met.

Therefore, unless these delinquent conditions are cured within 10 days after receipt of this notice, the Government may contact your Bonding Company for resolution, or terminate for default under the terms and conditions of Federal Acquisition Regulation (FAR) clause 52.249-10, Default (Fixed-Price Construction).

Sincerely,

David G. Bullard
Contracting Officer
315-448-0930

Cc: Erin Marshall, Project Mgr.

Upstate Property Management Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
315-448-0930

# CLAUDE MAYO CONSTRUCTION COMPANY
## 53 HUMBER AVENUE, BUFFALO, NEW YORK 14215
### PHONE: 716-897-2617     FAX: 716-897-3687
mayoclaude@aol.com

February 20, 2014

David G. Bullard
Contracting Officer
U.S. General Service Administration
100 S. Clinton Street, Box 7005
Syracùse, New York 13261-7005

RE: CURE NOTICE
   Contract GS-02P-13-PW-D-0005
   8th Floor US Attorney Project, Hanley Federal Building, Syracuse, NY

A schedule of completed work and planed work activities for the next week were provided at each weekly job meeting. This is shown in the meeting minutes.
Modification Proposals; PS02 and PS03 were submitted via mail 2/12/14.

The remaining 48 days of the contract will not be enough time to complete the contract.

The metal stud framing did not start on schedule because of a contradiction between the detail on the drawings and the ickness call for in the specs, this caused a 1 month delay.
.anges to doors and hardware are still being made. Door and hardware submittals have not been approved.
Response to RFI 5 Dated 9/9/13, received 2/3/14 (location prep of security device) frame is installed. Email from GSA states device to be surface mounted.
Door frames at 16 locations are installed, to add carpet padding (Mod PS02) will require the undercut for doors to be changed.
Response to Bullet Door submittal has not been received. Submitted 9/9/13. This is a 12 week lead time item.

RFI 021 directing mechanical contractor to produce drawings for duct work that will work in existing space, original contract drawings will not work, this is a 3 week delay and then the drawings has to be review and approved by GSA.

RFI 12 and 13: The contract drawings does not show existing fireproofing, the specs does not show any fireproofing. Additional work is being added to my contract without pay and time to perform the work. I am told to file a complaint after the job is over.

Sincerely,

Claude Mayo, President
Claude Mayo Construction Company, Inc.
53 Humber Avenue
Buffalo, New York 14215
Phone: (716) 897-2617
Fax: (716) 897-3687
^ell: (716) 316-1075
 nail: mayoclaude@aol.com



# Project Status Report

**To:**       **Erin Marshall, GSA Project Engineer**
**Project:**  **US Attorney's 8th Floor Project**
From:     Don Davidson, GSA Construction Quality Manager (CQM)
Date:     03/06/2014
CC:       Project File
Ref:      CQM Project Status Report – December 2, 2013 to February 18, 2014
Attach:   Contractor's 12/2/13 and 1/6/14 Construction Schedules

---

This CQM project status report covers Contractor scheduling, planned work, pending modifications, and selected submittals and RFIs within the reference dates that has caused significant project delays due solely by the Contractor.  There are other significant issues and concerns such as no coordination drawings, excessive delays in transmitting submittals for approval, unacceptable communication, and more not mentioned in detail in this report.

The Contractor informed the Government at various points throughout the project the he did not include the staff position of "Project Coordinator" as required by the project specifications. According to project specification 013100-1.3.C as follows:

> "Project Coordinator:  Provide a full-time Project Coordinator, who is experienced in administration and supervision of building construction including mechanical and electrical work, and who is hereby authorized to act as the general coordinator of interfaces between units of work.  For purpose of this provision, "interface" is defined to include the scheduling and sequencing of Work, sharing of access to work spaces, installations, protection of each other's Work, cutting and patching, tolerances, cleaning, selections for compatibility, preparation of coordination drawings, inspections, tests, and temporary facilities and services."

During the referenced time period, the Contractor's lack of properly administering, supervising, and coordinating the work has caused a hindrance and delays to the project of at least two (2) months.

**SCHEDULING AND PLANNED WORK**

Project specification 012000-1.4.D.1 states, "Schedule Updating: Revise the Contractor's Construction Schedule after each progress meeting where revisions to the schedule have been made or recognized.  Issue the revised schedule concurrently with the report of each meeting." The Contractor has only submitted two (2) progress schedules during the referenced time period, and no look ahead schedules.  The following are specific events that have caused delays:

- 12/2/13 - Contractor submitted their construction schedule on December 2, 2013, as noted in meeting minutes dated December 2, 2013.  The schedule showed work week beginning November 25, 2013, and ending April 28, 2014. Major elements of work was shown on the schedule, but completion date exceeded contract delivery date of April 1, 2014.

- 12/16/13 **[Contractor behind Schedule]** – Contractor was notified that HVAC demo is behind schedule, as noted in meeting minutes dated December 16, 2013.  Work start date for this activity was December 2, 2013. Government expressed concerned to Contractor that no mechanical demo work has started.  The Government also commented that awaiting for MOD for PTACs does not cause any hindrance to the Contractor in performing their current schedule work.  These comments can be found in the meeting minutes. Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

  - Contractor provided no schedule update to existing schedule dated December 2, 2013, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government.

- 12/23/13 **[Contractor behind Schedule]** – Contractor provided no schedule update to existing schedule received December 2, 2013, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government. Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

- o The following work shown on the December 2, 2013 schedule to start and end by December 20, 2013 was not started as of December 23, 2013 are HVAC demo, plumbing demo, sprinkler demo, HVAC rough-in, electrical and fire alarm rough-in, and plumbing rough-in.

- 12/30/13 **[Contractor behind Schedule]** – Contractor provided no schedule update to existing schedule received December 2, 2013, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government.  Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

  - o The following work shown on the December 2, 2013 schedule did not start and scheduled to end by December 20, 2013 was not started as of December 30, 2013 are HVAC demo, plumbing demo, sprinkler demo, HVAC rough-in, and plumbing rough-in.
  - o The December 2, 2013 schedule showed electrical and fire alarm rough-in to start on December 16, 2013.  As of December 30, 2013, this work did not start.

- 1/6/14 **[Contractor behind Schedule]** – Contractor provided a new schedule received January 6, 2014.  This schedule showed a completion date of March 28, 2014, and no look ahead schedule was provided.  The schedule received was behind on schedule when received.

  - o The following work shown on the January 6, 2014 schedule to start December 2, 2013 did not start as of January 6, 2014 are HVAC Demo.
  - o The following work shown on the January 6, 2014 schedule to start December 16, 2013 did not start as of January 6, 2014 is HVAC rough-in.
  - o The following work shown on the January 6, 2014 schedule to start December 23, 2013 did not start as of January 6, 2014 is sprinkler rough-in.
  - o The following work shown on the January 6, 2014 schedule to start December 30, 2013 did not start as of January 6, 2014 is plumbing rough-in.
  - o The following work shown on the January 6, 2014 schedule to start January 2, 2013 did not start as of January 6, 2014 are the following sound attenuation blankets installation, bullet resistant board, gypsum wall board, and tape and finish gypsum wall board.

**A5**

- 1/13/14 **[Contractor behind Schedule]** – Contractor provided no schedule update to existing schedule received January 6, 2014, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government.  Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

  o The following work shown on the January 6, 2014 schedule to start December 2, 2013 did not start as of January 13, 2014 are HVAC Demo.
  o The following work shown on the January 6, 2014 schedule to start December 16, 2013 did not start as of January 13, 2014 is HVAC rough-in.
  o The following work shown on the January 6, 2014 schedule to start December 23, 2013 did not start as of January 13, 2014 is sprinkler rough-in.
  o The following work shown on the January 6, 2014 schedule to start December 30, 2013 did not start as of January 13, 2014 is plumbing rough-in.
  o The following work shown on the January 6, 2014 schedule to start January 2, 2014 did not start as of January 13, 2014 are the following sound attenuation blankets installation, bullet resistant board, gypsum wall board, and tape and finish gypsum wall board.

- 1/21/14 **[Contractor behind Schedule]** – Contractor provided no schedule update to existing schedule received January 6, 2014, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government.  Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

  o The following work shown on the January 6, 2014 schedule to start December 2, 2013 did not start as of January 21, 2014 are HVAC Demo.
  o The following work shown on the January 6, 2014 schedule to start December 16, 2013 did not start as of January 21, 2014 is HVAC rough-in.
  o The following work shown on the January 6, 2014 schedule to start December 23, 2013 did not start as of January 21, 2014 is sprinkler rough-in.
  o The following work shown on the January 6, 2014 schedule to start December 30, 2013 did not start as of January 21, 2014 is plumbing rough-in.
  o The following work shown on the January 6, 2014 schedule to start January 2, 2014 did not start as of January 21, 2014 are the following sound attenuation

blankets installation, bullet resistant board, gypsum wall board, and tape and finish gypsum wall board.
  o The following work shown on the January 6, 2014 schedule to start January 20, 2014 did not start as of January 21, 2014 is prime paint.

- 1/27/14 **[Contractor behind Schedule]** – Contractor provided no schedule update to existing schedule received January 6, 2014, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government.  Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

  o The following work shown on the January 6, 2014 schedule to end January 24, 2014 did not end as of January 27, 2014 is HVAC rough-in.
  o The following work shown on the January 6, 2014 schedule to end January 24, 2014 did not end as of January 27, 2014 is electrical rough-in.
  o The following work shown on the January 6, 2014 schedule to start December 23, 2013 did not start as of January 27, 2014 is sprinkler rough-in.
  o The following work shown on the January 6, 2014 schedule to start December 30, 2013 did not start as of January 27, 2014 is plumbing rough-in.
  o The following work shown on the January 6, 2014 schedule to start January 2, 2014 did not start as of January 27, 2014 are the following sound attenuation blankets installation, bullet resistant board, and tape and finish gypsum wall board.
  o The following work shown on the January 6, 2014 schedule to start January 20, 2014 did not start as of January 27, 2014 is prime paint.
  o The following work shown on the January 6, 2014 schedule to start January 27, 2014 did not start as of January 27, 2014 is 1st Coat Paint.

- 2/03/14 **[Contractor behind Schedule]** – Contractor provided no schedule update to existing schedule received January 6, 2014, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government.  Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

- o The following work shown on the January 6, 2014 schedule to end January 24, 2014 did not end as of February 03, 2014 is HVAC rough-in.
- o The following work shown on the January 6, 2014 schedule to end January 24, 2014 did not end as of February 03, 2014 is electrical rough-in.
- o The following work shown on the January 6, 2014 schedule to end January 31, 2014 did not end as of February 03, 2014 is door frame installation.
- o The following work shown on the January 6, 2014 schedule to start December 23, 2013 did not start as of February 03, 2014 is sprinkler rough-in.
- o The following work shown on the January 6, 2014 schedule to start December 30, 2013 did not start as of February 03, 2014 is plumbing rough-in.
- o The following work shown on the January 6, 2014 schedule to start January 2, 2014 did not start as of February 03, 2014 are the following sound attenuation blankets installation, bullet resistant board, and tape and finish gypsum wall board.
- o The following work shown on the January 6, 2014 schedule to start January 20, 2014 did not start as of February 03, 2014 is prime paint.
- o The following work shown on the January 6, 2014 schedule to start January 27, 2014 did not start as of February 03, 2014 is 1st Coat Paint.

- 2/10/14 **[Contractor behind Schedule]** – Contractor provided no schedule update to existing schedule received January 6, 2014, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government.  Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

- o The following work shown on the January 6, 2014 schedule to end January 24, 2014 did not end as of February 10, 2014 is HVAC rough-in.
- o The following work shown on the January 6, 2014 schedule to end January 24, 2014 did not end as of February 10, 2014 is electrical rough-in.
- o The following work shown on the January 6, 2014 schedule to end January 31, 2014 did not end as of February 10, 2014 is door frame installation.
- o The following work shown on the January 6, 2014 schedule to start December 23, 2013 did not start as of February 10, 2014 is sprinkler rough-in.
- o The following work shown on the January 6, 2014 schedule to start January 2, 2014 did not start as of February 10, 2014 are the following bullet resistant board, and tape and finish gypsum wall board.

- o The following work shown on the January 6, 2014 schedule to start January 20, 2014 did not start as of February 10, 2014 is prime paint.
- o The following work shown on the January 6, 2014 schedule to start January 27, 2014 did not start as of February 10, 2014 is 1st Coat Paint.
- o The following work shown on the January 6, 2014 schedule to start February 10, 2014 did not start as of February 10, 2014 is suspended ceilings.

- **2/18/14 [Contractor behind Schedule]** – Contractor provided no schedule update to existing schedule received January 6, 2014, and no planned work look ahead that reflected actual work in progress and to be performed.  Contractor continued issuing an unacceptable schedule with no changes to the Government.  Contractor did not meet the requirements of project specification 012000-1.4.D.1 for submitting an updated schedule.

  - o The following work shown on the January 6, 2014 schedule to end January 24, 2014 did not end as of February 18, 2014 is HVAC rough-in.
  - o The following work shown on the January 6, 2014 schedule to end January 24, 2014 did not end as of February 18, 2014 is electrical rough-in.
  - o The following work shown on the January 6, 2014 schedule to end January 31, 2014 did not end as of February 18, 2014 is door frame installation.
  - o The following work shown on the January 6, 2014 schedule to start December 23, 2013 did not start as of February 18, 2014 is sprinkler rough-in.
  - o The following work shown on the January 6, 2014 schedule to start January 2, 2014 did not start as of February 18, 2014 are the following bullet resistant board, and tape and finish gypsum wall board.
  - o The following work shown on the January 6, 2014 schedule to start January 20, 2014 did not start as of February 18, 2014 is prime paint.
  - o The following work shown on the January 6, 2014 schedule to start January 27, 2014 did not start as of February 18, 2014 is 1st Coat Paint.
  - o The following work shown on the January 6, 2014 schedule to start February 10, 2014 did not start as of February 18, 2014 is suspended ceilings.
  - o The following work shown on the January 6, 2014 schedule to start February 10, 2014 did not start as of February 18, 2014 is sprinkler head rough-in.

**A9**

**MODIFICATIONS**

There is one (1) fully executed modification for PTACs, and two (2) pending modifications for carpet padding, and security upgrades pending an acceptable proposal from the Contractor.  To date the Contractor has not provided acceptable proposals for carpet padding and security upgrades.  This Contractor failure is causing significant delays to the manufacturing of doors to allow for carpet padding, and security upgrades for doors, door hardware, walls, ductwork, and security bars.

> According to "Change Order Proposal Requests" in project specification 012600-1.4.A, "GSA-Initiated Proposal Requests:  The Contracting Officer will issue a detailed description of proposed changes in the Work that will require adjustment to the Contract Sum or Contract Time.  If necessary, the description will include supplemental or revised Drawings and Specifications."

> The specifications further state in section 012600-1.4.A.2, "Within five (5) days of receipt of a proposal request, submit an estimate of cost necessary to execute the change to the Contracting Officer for the GSA's review. a. Include a list of quantities of products required and unit costs, with the total amount of purchases to be made. Where requested, furnish survey data to substantiate quantities. b. Indicate applicable taxes, delivery charges, equipment rental, and amounts of trade discounts. c. Include a statement indicating the effect the proposed change in the Work will have on the Contract Time."

In referencing the weekly action log issued with the meeting minutes, the Government issued request for proposal to the Contractor for carpet padding on January 13, 2014, and security upgrades on January 16, 2014.  These Government requests included detailed descriptions of each element work needed, line by line with columns for material, labor, and fees.  The security upgrades included drawings and specifications.

The project specifications requires the Contractor to submit proposals within five (5) days upon request.  The contractor submitted an unacceptable proposal a month later on 2/12/2014 for carpet padding, and no proposal for security upgrades.  The proposals for carpet padding did not include pricing for the detailed descriptions provided by the Government as required by the specifications and mentioned above.  This continued failure to date is causing a serious hindrance to the project.

**METAL STUD FRAMING**

The Contractor's December 2, 2013 schedule identified metal stud framing to start on December 9th, 2013.  The following is the series of transmittals from the Contractor to the Government and Government to Contractor for metal stud framing:

- 8/26/13 – Contractor transmitted submittal and the Government responded on September 3, 2013.  The Contractor's submittal did not meet the project specification requirements and was directed to resubmit.
- 9/3/13 – Contractor resubmitted submittal and the Government responded on September 6, 2013.  The Contractor's submittal did not meet the project specification requirements and was directed to resubmit.
- 9/8/13 – Contractor resubmitted submittal and the Government responded on September 20, 2013.  The Contractor's submittal was approved to "make corrections as noted."
- 10/8/13 – Contractor resubmitted submittal and the Government responded on October 10, 2013.  The Contractor's submittal was "Approved as Noted."

The submittal for metal studs was approved well in advanced of the Contractor's scheduled start date of December 9th 2013.  The Contractor delayed the project in starting the metal stud framing disputing with the Government on the Contractor's cost to meet the project specification requirements.

- 12/10/2013 – The Contractor found a different manufacturer and resubmitted metal stud framing.  The Government responded on December 13, 2013 with the Contractor's submittal as "Approved as Noted."

The Contractor lost 3 days to their schedule, solely due to the Contractor.

**DOOR HARDWARE**

The Contractor transmitted submittal for door hardware on September 20, 2013, and the Government responded on September 30, 2013.  The Contractor's submittal did not meet the project specification requirements and was directed to resubmit.  The Contractor has not resubmitted this item to date, which is over 5 months.

A11

**RFI-05**

The Government responded to security device locations on door.  This has no relevancy to the project schedule.

**DOOR UNDERCUTS FOR CARPET PADDING**

The Government has issued a request for pricing on pending modification #2 as mentioned in this report.  This pricing request is for carpet padding that may affect the door sizes.  The pricing from the Contractor has not been appropriately submitted since January 13, 2014.  The Contractor is causing his own delay in the production of the doors in not meeting the pricing proposal requirements.

**BULLET RESISTANT DOOR SUBMITAL**

The Contractor transmitted submittal for bullet resistant door on September 20, 2013, and the Government responded on September 30, 2013.  The Contractor's submittal did not meet the project specification requirements and was directed to resubmit.  The Contractor has caused his own delay in not resubmitting this item until February 24, 2014.  This is nearly 5 months since the Government directed the Contractor to resubmit. Currently this item cannot be approved as the Government awaits an acceptable proposal for pending modification #3 as mentioned in this report.

**RFI-21**

The Contractor's HVAC contractor delayed starting the project by 6 weeks.  Reference "SCHEDULING AND PLANNED WORK" above.  The Contractor agreed to provide a layout of the ductwork that will include serving adjacent office areas on February 10, 2014 with delivery of layout to the Government by February 18, 2014.  As of date, the Government has not received the layout from the Contractor that is causing a delay caused by the Contractor.

**RFI 12 & 13**

The Contractor is commenting that fireproofing was not in the project documents.  The Government responded in December 2013 to the Contractor as follows:

1.  The Government provided a pre-bid onsite meeting for the Contractor as an opportunity to become more familiar with the existing conditions, and its requirements before submitting an offer.  Fireproofing on the ceiling exist throughout the space, and Contractor's costs for cutting and patching fireproofing to Government should be inclusive within the Contractor's offer.

2. Metal framing and MEP work activities require cutting and patching the fireproofing as part of the execution of the work.  The entire ceiling throughout the space was accessible for observation to determine extent of work needed.
3. The Government provided the following sections to further clarify procedural requirements for cutting and patching to include, but not limited to the following:
   a. Section 017329-1.4 (Submittals):  Extent; Changes to In-Place Contraction; **Products** (List products to be used and firms or entities that will perform the Work.); Dates; Utility Services and Mechanical/Electrical Systems; Structural Elements; and Contracting Officers Approval.
   b. Section 017329-2.1 (Materials):  Use materials identical to in-place materials.
   c. Section 017329-3.3 (Performance): Cut in-place and Patching methods; and Cleaning.

The Government found no merit in the Contractor's position.  Further, the Government issued a directive to the Contractor to perform the work on February 18, 2014, and the Contractor has a right to place a claim at the end of the project.  The Contractor has taken no action and may cause a delay to the project in not addressing the issue.

**SUPPORT DOCUMENTATION -** The information provided in this report is supported project specifications and drawings, meeting minutes, construction schedules, submittal transmittals, action logs, submittal logs, and RFI logs.

Please feel free to contact me for additional information.

**END OF REPORT**



U.S. General Services
Administration
GSA Public Buildings Service

March 17, 2014

Claude Mayo Construction Company, Inc.
Attention: Claude Mayo
53 Humber Ave
Buffalo, NY 14215

RE:   **SHOW CAUSE NOTICE**
      Contract GS-02P-13-PW-D-0005
      8th Floor US Attorney Project, Hanley Federal Building, Syracuse, NY

Since you have failed to perform Contract Number GS-02P-13-PW-D-0005 within the time
required by its terms, nor cure the conditions endangering performance under this contract
as described to you in the Government's letter of 11 February 2014, the Government is
considering terminating the contract under the provisions for default of this contract. Pending
a final decision in this matter, it will be necessary to determine whether your failure to
perform arose from causes beyond your control and without fault or negligence on your part.
Accordingly, you are given the opportunity to present, in writing, any facts bearing on the
question to:
      David G. Bullard, Contracting Officer
      100 S. Clinton Street, Room 1350, Box 7005
      Syracuse, NY  13261

within 10 days after receipt of this notice. Your failure to present any excuses within this
time may be considered as an admission that none exist. Your attention is invited to the
respective rights of the Contractor and the Government and the liabilities that may be
invoked if a decision is made to terminate for default. Any assistance given to you on this
contract or any acceptance by the Government of delinquent goods or services will be
solely for the purpose of mitigating damages, and it is not the intention of the Government to
condone any delinquency or to waive any rights the Government has under the contract.

Per attached Construction Quality Manager's Project Status Report dated 06 March 2014,
your lack of completing project tasks, and non-response to government requests per the
contract, has delayed the project past the point of recovery by the due date.

Upstate New York Acquisition Unit
100 S. Clinton Street, Rm 1350
Box 7005
Syracuse, NY  13261-7005
Office:  (315) 448-0930
Fax:  (315)448-0968
e-mail:  david.bullard@gsa.gov



U.S. General Services
Administration
GSA Public Buildings Service

You are notified that the Government considers your failure to complete the following work is a condition that has caused contract default:

- Failure to provide a schedule that shows contract will be completed by the delivery date. You submitted a schedule on 15 March 2014 after repeated requests. This schedule shows the contract to be 120 days behind schedule, with no plan to make up lost time by your company. Your response to the Cure Notice stated you were not going to complete the project by the delivery date.

- Failure to properly respond to Modification Proposal Requests which causes your company to delay the completion of the project. You submitted two proposals for critical changes on 24 February 2014 with errors in calculations and potential fraudulent quotes from subcontractors. We conducted market surveys and verified the quote we received from your company was approximately $3,800 more than the actual cost of the materials and labor submitted by the subcontractor. You added additional profit and overhead to the total excessive proposal.

- Failure to install mechanical, electrical, and HVAC project components per approved contract specifications..

The current contract delivery date is **April 1, 2014.** The Government has concluded that the contract completion date will not be met, per your schedule and verification.

Sincerely,

David G. Bullard
Contracting Officer
315-448-0930

Upstate New York Acquisition Unit
100 S. Clinton Street, Rm 1350
Box 7005
Syracuse, NY  13261-7005
Office:  (315) 448-0930
Fax:  (315)448-0968
e-mail:  david.bullard@gsa.gov

A15



U.S. General Services Administration
Public Building Service

March 28, 2014

Claude Mayo Construction Company, Inc.
Attention: Claude Mayo
53 Humber Avenue
Buffalo, NY 14215

Re: Contract Award – GS-02P-13-PW-C-0009, Space Alteration and Construction for U.S. Attorney's, Hanley Federal Building, Syracuse, NY

Dear Mr. Mayo,

Pursuant to the authority of FAR Clause 52.242-15 "Stop-Work Order (AUG 1989)" the Contracting Officer hereby issues a "Stop-Work Order" ordering the Contractor to "stop work" on 28 March 2014 under the subject contract, effective 28 March 2014. The Contractor shall, effective immediately, cease to issue any further orders and/or subcontracts for materials or services in support of this contract. The Contractor shall immediately comply with this order and take all reasonable steps to minimize the incurrence of costs allocable to the work covered by this order during the period of work stoppage.

Pursuant to contract documents, Section III.B.3-5, "all coordinating project work must be approved prior to installation". There are several mechanical systems installed without prior approval through the coordination drawings. Once work is stopped, we expect you to present coordination drawings for approval. If the drawings are approved, we will consider resumption of work activities.

Should you have any questions, please give me a call.

Respectfully,

David G. Bullard
Contracting Officer
GSA Upstate New York Acquisition Unit

Enclosures:
Phone    315.448.0930            US General Services Administration
Fax       315.448.0968
Email    david.bullard@gsa.gov

James Hanley Federal Building
100 South Clinton Street, Room 1350
PO Box 7005
Syracuse, NY 13261



U.S. General Services Administration
GSA Public Buildings Service

April 22, 2014

Claude Mayo Construction Company, Inc.
Attn: Claude Mayo
53 Humber Ave.
Buffalo, NY 14215

Subject: James M. Hanley Federal Building and Courthouse Syracuse, NY, US Attorney 8th
Floor Renovation Project Contract #GS-02P-13-PW-C-0009 – Liquidated Damages
- Construction

Ref:  (1)  Construction Contract GS-02P-13-PW-C-0009 Awarded July 23, 2013
      (2)  FAR 52.211-12 Liquidated Damages – Construction
      (3)  Construction Contract GS-02P-13-PW-C-0009 Section III Terms and
      Conditions I.F. Contract Liquidated Damages Rate.

Dear Mr. Mayo:

Notice is hereby given to you that at contract completion date of April 21, 2014 that the
project has not been substantially complete and the government cannot receive beneficial use
of the space. Liquidated damages will be put in place today at the full contracted daily rate of
$630.00. This will remain in effect until the project has reached substantial completion.

Sincerely,

Steven Patch
Contracting Officer

Enclosure

cc:  Official Contract File
     – Erin Marshall
     – Elizabeth Olp

Upstate NY Acquisition Unit
100 S. Clinton Street, Box 7005
Syracuse, NY 13261-7005
315-448-0967



U.S. General Services
Administration
GSA Public Buildings Service

May 20, 2014

Claude Mayo Construction Company, Inc.
Attention: Claude Mayo
53 Humber Ave
Buffalo, NY 14215

RE:   **SHOW CAUSE NOTICE – 2nd**
        Contract GS-02P-13-PW-D-0009
        8th Floor US Attorney Project, Hanley Federal Building, Syracuse, NY

Since you have failed to perform Contract Number GS-02P-13-PW-D-0009 within the time required by its terms, nor cure the conditions endangering performance under this contract as described to you in the Architect and Engineering Site Visit Report dated 2 April 2014, and the Construction Quality Manager's Report Government's letter dated 6 May 2014, the Government is considering terminating the contract under the provisions for default. Pending a final decision in this matter, it will be necessary to determine whether your failure to perform arose from causes beyond your control and without fault or negligence on your part. Accordingly, you are given the opportunity to present, in writing, any facts bearing on the question to:

        Charles Ferro, Contracting Officer
        100 S. Clinton Street, Room 1350, Box 7005
        Syracuse, NY  13261

within 10 days after receipt of this notice. Your failure to present any excuses within this time may be considered as an admission that none exist. Your attention is invited to the respective rights of the Contractor and the Government and the liabilities that may be invoked if a decision is made to terminate for default. Any assistance given to you on this contract or any acceptance by the Government of delinquent goods or services will be solely for the purpose of mitigating damages, and it is not the intention of the Government to condone any delinquency or to waive any rights the Government has under the contract.

Per attached Construction Quality Manager's Project Status Report dated 06 May 2014, and the Architecture and Engineering Site Visit Report dated 2 April 2014, your lack of completing project tasks correctly, and non-response to government requests per the contract, has delayed the project past the point of recovery.

Upstate New York Acquisition Unit
100 S. Clinton Street, Rm 1350
Box 7005
Syracuse, NY  13261-7005
Office:  (315) 448-0922
Fax:  (315)448-0968
e-mail:  charles.ferro@gsa.gov

A18



U.S. General Services
Administration
GSA Public Buildings Service

You are notified that the Government considers your failure to complete the contract by the scheduled delivery date is a condition that has caused contract default:

The current contract delivery date was **April 21, 2014.** The Government has concluded that the contract completion date was not met due to contractor caused delays, and failure to complete required tasks in the contract.

Sincerely,

David Bullard
Contracting Officer
315-448-0930

Upstate New York Acquisition Unit
100 S. Clinton Street, Rm 1350
Box 7005
Syracuse, NY  13261-7005
Office:  (315) 448-0922
Fax:  (315)448-0968
e-mail:  charles.ferro@gsa.gov

**A19**



# Project Status Report

To:       Erin Marshall, GSA Project Engineer
Project:  US Attorney's 8th Floor Project
From:     Don Davidson, GSA Construction Quality Manager (CQM)
Date:     05/06/2014
CC:       Project File
Ref:      CQM Project Status Report for the Period of  March/2014 to May/2014
Attach:   None

---

This CQM project status report is a follow-up to the report issued March 3, 2014.  There are no significant improvements to the Contractor's performance in scheduling, planned work, modifications, and providing submittals as required by the contract documents.  This report will address the current status of the items mentioned, and provide comments on coordination drawings and submittal processing prior to and during the Stop Work notice.

SCHEDULING

According to the project specification section 012000-1.4.D.1, "Schedule Updating: Revise the Contractor's Construction Schedule after each progress meeting where revisions to the schedule have been made or recognized.  Issue the revised schedule concurrently with the report of each meeting."  There has been 10 weekly progress meetings since March 3, 2014.  The Contractor continued to show an unwillingness to comply with the contract agreement with providing only 2 schedule updates on March 15 and 22.  These schedules were found unsatisfactory with errors and omissions in properly identifying tasks, and reasonable start and completion dates.  There has been no schedule updates since March 22, 2014.

PLANNED WORK

According to the project specification section 13100-1.3-C, "Project Coordinator:  Provide a full-time Project Coordinator, who is experienced in administration and supervision of building construction including mechanical and electrical work, and who is hereby authorized to act as the general coordinator of interfaces between units of work."  The Contractor continued throughout the project in not providing a project coordinator.  The Contractor engaged the project without a project superintendent available to communicate with the Government

A20

representative in the field on the coordination and installation of work.  The following are critical elements negatively affecting the required work:

1. Failure and unwillingness to communicate with the GSA Construction Quality Manager to discuss planned work.
2. The Contractor demonstrated no knowledge of mechanical and electrical work to effectively plan these elements of the work.
3. The contractor installed ductwork before demolition of sprinkler piping.  This failure will require removal of ductwork in selected areas to remove existing sprinkler piping for a new sprinkler system.  There is no demolition or installation of sprinkler piping to date.
4. The contractor installed framing, drywall, and painting of walls before installing metal raceway in walls for control wiring to all 15 PTAC units.  Drywall and sound insulation (where applicable) will need to be removed throughout the space in selected areas adjacent to the PTAC units.
5. The contractor installed hydronic piping in the ceiling prior to installation of ductwork without coordination drawings.  This resulted in re-piping of hydronic piping around ductwork causing saddles and multiple bends.  This existing installation is in non-compliance with the project specification section 232113-3.2 for piping installations.
6. The contractor has shown an unwillingness to plan timely correction to non-compliance issues such as improper installation of drywall to ceiling and floors, failure to remove existing wallpaper before painting, fire proofing ceilings, seal MEP penetrations, correct drywall finishing, and missing sound insulation.

COORDINATION DRAWINGS

According to project specification 013100-1.2-B-3 Coordination Drawings, "Work installed without prior approval:  Any Work installed prior to approval of coordination drawings shall be at the Contractor's risk."  The project started November 2013 and the Contractor did not submit the first coordination drawing submittals until March 4, 2014.  One month prior to the project completion date in April 2014.  As of date, there are no approved coordination drawings.  This directly affects the proper installation of mechanical, sprinkler, and electrical systems in the ceilings.  The Contractor's subsequent resubmittal of drawings was disapproved again on May 12, 2014.  This further demonstrates the Contractor's lack of experience.  The two unapproved submittals of coordination drawings did not address the improper installation of hydronic piping as mentioned above in the Planned Work.  The hydronic piping is the most critical item of concern that should be shown on the drawings with a corrected design to meet the project specification requirements.  The Contractor has made no attempt to address this non-compliance with the coordination drawings.

SUBMITTALS

According to project specification 013300-1.3-B, "Coordination and Sequencing:  Coordinate preparation and processing of submittals with the performance of the Work so that work will not be delayed by submittals."  The Contractor has installed hydronic piping and valves, and ductwork without submittal approval.  In referencing coordination drawings above, if the Contractor eventually receives approved coordination drawings, the work cannot be inspected by the Government because there are no approved submittals for hydronic piping system and ductwork shop drawings.  As of this date, there are 237 outstanding submittals due by the Contractor to the Government, and shown in the weekly updated GSA submittal log.

SUPPORT DOCUMENTATION - The information provided in this report is supported by project specifications and drawings, meeting minutes, construction schedules, submittal transmittals, action logs, submittal logs, and RFI logs.

Please feel free to contact me for additional information.

END OF REPORT



**N.K. BHANDARI**
ARCHITECTURE & ENGINEERING, P.C.

## SITE VISIT REPORT

**REPORT NO.:** 1
**VISIT DATE:** 4/2/2014

| | |
|---|---|
| **Project Name:** | Hanley US Attorneys 8th FL PCCS |
| **Location:** | Hanley FB, Syracuse, NY |
| **NKB Project No.:** | 12245.12 |

| | | | |
|---|---|---|---|
| **Time Start:** | 9:00 am | **Time End:** | 11:20 am |
| **Weather:** | N/A | **Temp. Range:** | N/A |
| **Est. % of Completion:** | 55-65% | **Conformance with Schedule (+, -):** | Contractor appears to be significantly behind schedule. |

### Attendees

| Name | Company | Phone # | Email |
|---|---|---|---|
| Erin Marshall | GSA | 315.530.2119 | erin.marshall@gsa.gov |
| David Bullard | GSA | 315.454.2538 | david.bullard@gsa.gov |
| Claude Mayo | Claude Mayo Construction | 716.316.1075 | mayoclaude@aol.com |
| - | ABJ (fire protection) | | |
| Mark Pratt | Tag Mechanical | 315.463.4455 | mpratt@tagmechanical.com |
| Dave Montrallo | Smart Edge | 585.334.0870 | dmontrallo@smartedgeusa.com |
| Alex D. Clement, AIA | NKB | 315.428.1177 | aclement@nkbpc.com |

### OVERALL CRITICAL ITEMS:

- Mechanical, Electrical, Fire protection coordination drawings have not been submitted (see comments below)
- Installation of the required conduits for the thermostats and CO2 sensors have not been installed (see comments below)
- Sealing of all wall penetrations. This includes acoustic sealant where required, and fire sealant at fire walls.
- Cementitious fireproofing is missing in many locations where it has been removed. This must be replaced. Refer to section 013100, 3.2, A & B of the specifications.
- Fire stopping of core drilled conduits to floor above has not been completed as required per specifications.

### Observations / Information or Action Required:

| # | Room # | Observation / Description | | |
|---|---|---|---|---|
| 1 | 08020 | The conflict between the sprinkler and duct work was discussed. After review of the sprinkler line in an adjacent hallway (outside of the project area) it was determined that the sprinkler line could be lowered to avoid the duct. It was also mentioned this should be included in the revised sprinkler shop drawings, and revised coordination drawings submittals for approval. | | |

| 2 | General | The sprinkler submittal was discussed and it was mentioned by ABJ that they have revised calculations for the system to comply with the previous comments. They noted they have two versions, both of which will be submitted with a cover letter detailing the differences. Additionally, the valve in the hallway was discussed relating to the sprinkler line (portion needing to be replaced for pressure). ABJ was inquiring if a different type could be used. Erin suggested simply sending an email with the question, and she would send it on to Jeff Cisney for his consideration for a quicker response, rather than waiting for the submittal. | |
|---|---|---|---|
| 3 | General | A discussion with Smart Edge regarding the PTAC units and the thermostats was had. Smart Edge has serious concerns over the fact that the thermostats and $CO_2$ sensors require hard conduits in the walls in nearly all rooms, many of which the walls are already closed in and painted. Additionally, Smart Edge had concern over getting the needed connections to the PTAC units. Smart Edge noted that the electrical whips for the PTACs are by electrical not HVAC. Smart Edge noted that they have often run wiring and controls through a box out at the wall and window junction point (not yet installed). |  |
| 4 | General | It cannot be confirmed that the sound blankets are adequately installed in all locations specified, and could not be reviewed while on site. General Contractor did not coordinate enclosure with required inspections and tests as per section 013100, 3.1, F. Gypsum board will need to be removed to verify the installation of sound blankets. Refer to specification section 092000 1.4 B and 092000 3.2 I & J for portions of requirements related to this. Coordinate with owner for inspection, or provide photo documentation indicating sound insulation was installed. | |
| 5 | General | All rooms with PTAC units have not yet received the metal trim work and do not appear to have the closed cell insulation installed yet at the windows. | |
| 6 | General | All GWB joints meeting the floor are not consistent, and should be corrected accordingly to receive a bead of scheduled sealant as shown on the drawings. | |
| 7 | General | Most GWB joints meeting the deck or structure above at sound wall locations are not adequately sealed. Refer to specification section 092000 3.2 I & J for portions of requirements for these areas. | |
| 8 | 8020 | Door frame not yet installed. Patch wall penetration at ductwork entering adjacent corridor. |  |
| 9 | 8021 | No comments outside of general comments. | |
| 10 | 8023 | Sound walls of room are only partially constructed or not correctly sealed to the deck or structure above. Duct penetration from adjacent space needs to be sealed properly to the GWB. |  |

| 11 | 81124 | Sound walls of room are not correctly sealed to the deck or structure above, and the penetrations through these walls are not sealed. <br><br> Hole into adjacent space (Hearing Room) should be patched. <br><br> Hydronic piping in multiple locations does not meet the requirements of section 232113, 3.2, A-T for pipe installation. Many of these issues may have been avoided through coordination drawings. Correction to the excessive bends and other deficiencies should be corrected to comply with the specifications. |  |
| 12 | 8026 | No comments outside of general comments. | |
| 13 | 8027 | Ductwork above door 101 is partially complete. <br><br> GWB needs to be installed for these walls. |  |
| 14 | 8028 | No comments outside of general comments. | |
| 15 | 8029 | Core drilled conduits from above must be fire stopped by approved methods. |  |
| 16 | 8030 | Work within this room is only partial to date. Bullet resistant panels are partially installed. Door 100 and 106 are not yet installed. GWB is partially installed in some locations, with some joints taped. <br><br> Portions of this room have existing wallpaper. This wallpaper/ wall covering should be removed, and the GWB properly prepared to receive the scheduled painted finish. Contractor to coordinate with the owner if further direction is needed. |  |

A25

N.K. BHANDARI, Architecture & Engineering, P.C.

| 17 | 8031 | There is a conflict between the new wall and an existing sprinkler line that needs to be resolved. Once resolved any gypsum wall board damaged in the process is to be replaced<br><br>There is damaged GWB at the base of one wall that should be replaced. GWB joints are not yet taped.<br><br>Portions of this room have existing wallpaper. This wallpaper/ wall covering should be removed, and the GWB properly prepared to receive the scheduled painted finish. Contractor to coordinate with the owner if further direction is needed. |  |  |
| 18 | 8032 | Portion of existing metal stud kicker was not removed at the floor above, remove.<br><br>Feathering of the joint compound on one side of the door (interior to the office) is inconsistent. This feathering should be removed or corrected to provide a consistent joint (1/4" +/-) down the door frame edge.<br><br>The existing wall connection to the new wall connection near door 116 needs to be corrected. Currently there is a large gap at this location between the GWB.<br><br>Portions of this room have existing wallpaper. This wallpaper/ wall covering should be removed, and the GWB properly prepared to receive the scheduled painted finish. Contractor to coordinate with the owner if further direction is needed. |  |  |
| 19 | 178033 | No comments outside of general comments. | | |
| 20 | 8034 | Sound walls are only partially completed.<br><br>North wall of room, adjacent to 08033 does not extend to the deck above sufficiently and needs to be corrected. |  |  |
| 21 | 8091 | Sound walls of room are not correctly sealed to the deck or structure above, and the penetrations through these walls are not sealed. | | |
| 22 | 8092 | No comments outside of general comments. | | |

| 23 | 8093 | The north wall of the room does not appear to have GWB extend up adjacent to the structural beam. This needs to be installed as it will decrease the acoustic rating of the wall.<br><br>A portion of the south wall has been cut out and replaced. It was discussed that the contractor should replace the entire sheet of GWB as this location has been a point of contention previously, and it is not believed this patch will sufficiently address the issue.<br><br>The duct penetrations through the walls needs to be sealed with acoustic sealants or other approved fillers to achieve the specified sound rating.<br><br>The joint at the base of the GWB appears very inconsistent and needs to be corrected toe be consistent to receive a single bead of sealant as detailed on drawings. |  |
| 24 | 8094 | Wall to metal deck above is not adequately sealed; correct as needed.<br><br>There are various scuffs on the walls that are already painted that will require touch up. |  |
| 25 | 8095 | Duct penetration into 08093 needs to be acoustically sealed.<br><br>Contractor shall verify what the intended use for the flex conduit is in this location. No outlet or other device in this wall is shown on the drawings. |  |
| 26 | 8096 | The joint of the GWB at the base of the wall is inconsistent and should be corrected. |  |

**A27**

N.K. BHANDARI, Architecture & Engineering, P.C.

| 27 | 8097 | GWB to metal deck in portions of this room appear correctly installed, with the exception of the missing sealant. |  |
| 28 | 8098 | GWB to metal deck in portions of this room appear correctly installed, with the exception of the missing sealant. |  |
| 29 | 8099 | Sealing of the north wall adjacent to 08098 is not correct and must be corrected to create the proper sound wall.<br><br>The GWB joints are not fully taped. All joints of this wall should be properly taped and mudded, and sealed. |  |
| 30 | General | All ductwork does not appear to have insulation installed. Contractor to install in specified locations. | |
| 31 | General | General Contractor did not coordinate enclosure with required inspections and tests as per section 013100, 3.1, F. Gypsum board will need to be removed to verify the installation of sound insulation. | |
| 32 | General | Not all wall penetrations have been sealed. This includes acoustic sealant where required, and fire sealant at fire walls. Contractor to seal all penetrations. | |

These notes are recordings of the observations made by the Architect at the time of the visit by visual observation only. Preparation of this list by NKB does not relieve the Contractor from items not listed, yet required by the Contract Documents, or other contractual agreement.

These minutes reflect the author's understanding of the discussion and the direction for future action by the attendees. If these minutes do not accurately reflect other parties' understanding of the conversations held, please respond directly to the author within two days of receipt, via email. The minutes will stand as a record of the meeting unless corrections are received within this timeframe.

Issued by:


N.K. BHANDARI, Architecture & Engineering, P.C.


Alex D. Clement, AIA, NCARB, LEED AP BD+C
Project Architect

Issue Date:      4/4/2014
Finalized:       4/10/2014



U.S. General Services
Administration
GSA Public Buildings Service

June 12, 2014

Mr. Claude Mayo
Claude Mayo Construction Company, Inc.
53 Humber Ave.
Buffalo, New York 14215-3114

Re:   NOTICE OF TERMINATION FOR DEFAULT
      Contract No: GS-02P-13-PW-C-0009
      U.S. Attorney 8th Floor Renovation
      James M. Hanley Federal Building, Syracuse, NY

Dear Mr. Mayo:

The above-named contract was awarded to Claude Mayo Construction Company, Inc., on 23 July 2013.  Notice to Proceed was issued on 21 November 2013 and received in your office on 21 November 2013.  Therefore, the contract start date was 22 November 2013, the next day.  The contract required that the work be completed 150 days after receipt of Notice to Proceed. Accordingly, your contract completion date was 21 April 2014.

## A. BACKGROUND

Claude Mayo and GSA originally agreed that the contract start date would be 15 September 2013.  The contract start date was dependent upon Claude Mayo supplying the required bonding and substantial security clearances for its employees and its subcontractors.  The original Notice to Proceed was not issued until 21 November 2013 because Claude Mayo did not provide the required employee security clearances as planned.   The required security clearances were submitted and approved on 18 November 2013. Claude Mayo's failure to provide the required security clearances as planned was just the beginning of his performance issues under the contract.

Project specification 013100-1.3.C required the Contractor to provide a full-time Project Coordinator.  Among other things, the Project Coordinators duties were to include general administration, supervision, and coordination of the work.  The Project Coordinator was responsible for scheduling and sequencing, under the specification.  At various stages of the project, GSA informed Claude Mayo's of his failure to staff the position of "Project Coordinator" as required by the project specifications. Without a project Coordinator the project lacked proper administration, supervision and coordination of work, which contributed to the hindrance and delay of the project.

Upstate NY Service Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
Phone - 315-448-0922



U.S. General Services
Administration
GSA Public Buildings Service

Due to Claude Mayo's failure to provide a schedule of completed work, a schedule of planned activities, and respond to Requests for Proposals, GSA issued a Cure Notice to Claude Mayo on February 11, 2014 expressing GSA's concern that failure to complete these items was endangering contract performance.   On 20 February 2014, Claude Mayo responded to the Cure Notice by in part, asserting that the 48 days remaining under the Contract did not provide enough time to complete the project.[1] Based upon the Claude Mayo's belief that it would be unable to timely perform the Contract and GSA's own evaluation of Claude Mayo's progress, a Show Cause letter was issued on 17 March 2014 to address Claude Mayo's  response to the Cure Notice, which failed to include a plan to complete the project by the end of the 150 day performance period, which ended 21 April 2014. The latest schedule received shows project completion around 30 June 2014 at the earliest.

Before Claude Mayo could respond to GSA's Show Cause letter, GSA was compelled to take further action in an effort to protect the Project.  Specification 013300-1.3-B required Claude Mayo to submit coordination drawings prior to installation of certain work.   Additionally, Specification 013100-1.2-B-3 required the inspection of the Contractor's work by GSA prior enclosure. GSA directed Claude Mayo not to proceed with work prior to the approval of coordination drawings, and advised Claude Mayo that its work needed to be inspected prior to enclosure consistent with the Specification 013100-1.2-B-3.  Claude Mayo disregarded the Contract Specifications and GSA's directives, proceeded to install systems without approved coordination drawings, and preceded with enclosing walls without coordinating with GSA for inspection of Claude Mayo's work. On March 28, 2014, GSA concerned that work was proceeding without coordination drawings and an opportunity for GSA to inspect, issued a stop work order The "Stop Work" Notice required Claude Mayo to stop work until it attained approved coordination drawings.  The "Stop Work" directive is still in effect due to the lack of these approved coordination drawings.

Pursuant to FAR 52.214-14, incorporated into the Contract, any days lost due to a "Stop Work" Notice by the fault of the contractor, is the responsibility and expense of the contractor to make up.  Claude Mayo was unable to provide coordination drawings prior to the Contract Completion date of 21 April 2014.  GSA determined that Claude Mayo was solely responsible for the failure to complete the project by that date, and notified Claude Mayo in a letter dated 22 April 2014 that pursuant to Section III Terms and Conditions, I.F of the Contract, liquidated damages would be assessed, beginning  on 22 April 2014, for each day the contract delivery date was missed.

---

[1] GSA's position is that Claude Mayo was to complete the project by April 21, 2014 pursuant to the terms of Contract. As of February 20, 2014, the date of Claude Mayo's response, it had 60 days to complete the project.

Upstate NY Service Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
Phone - 315-448-0922



U.S. General Services
Administration
GSA Public Buildings Service

### B. CPM SCHEDULE

You have failed to comply with Specification 01200-1.4.D.1. Project specification 012000-1.4.D.1 requires Claude Mayo to update the project schedule "after each progress meeting where revisions to the schedule have been made or recognized." The Specification also requires Claude Mayo to issue the revised schedule concurrently with the report of each meeting. Despite delay being recognized at the majority of weekly progress meetings, Claude Mayo only submitted two (2) progress schedules during the referenced time period, and no look-ahead schedules.  The initial construction schedule, provided on 2 December 2013 by Claude Mayo ended with a completion date of April 28, 2014, which exceeded the contractual delivery date.  Between 16 December 2013 and 18 February 2014 there were 10 progress meetings.  Although delayed contract work was identified at all of the progress meetings during this period, Claude Mayo failed to provide even one schedule update. The two schedule updates provided by Claude Mayo were provided on 15 March 2014 and 22 March 2014, with approximately one month left to complete the project by the contractual completion date.

These schedules were found unsatisfactory with errors and omissions in properly identifying tasks, and reasonable start and completion dates. There has not been a schedule update since 22 March 2014.

### C. MODIFICATIONS

Pursuant to Project Specification 012600-1.4.A.2, Claude Mayo was required to submit proposals within five (5) days of receipt of a modification proposal request.  The proposal, according to the specification, is required to include detailed pricing , including but not limited to, unit costs, a total amount, "applicable taxes, delivery charges, equipment rental, and amounts of trade discounts." There is one (1) fully executed modification for PTACs, and two (2) pending modifications for carpet padding, and security upgrades pending an acceptable proposal from the Contractor.  The Government issued requests for proposals to the Contractor for carpet padding on January 13, 2014, and security upgrades on January 16, 2014, respectively.  The contractor submitted an unacceptable proposal a month later on 2/12/2014 for carpet padding, and no proposal for security upgrades.

The proposals for carpet padding did not include pricing for the detailed descriptions provided by the Government as required by the specifications. To date, the Contractor has failed to provide acceptable proposals for carpet padding and security upgrades, and its failure to do so has contributed to significant delays to the manufacturing of doors to allow for carpet padding, and security upgrades for doors, door hardware, walls, ductwork, and security bars.

Upstate NY Service Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
Phone - 315-448-0922



U.S. General Services
Administration
GSA Public Buildings Service

## D. SUBMITTALS & SPECIFICATIONS

The Contractor's December 2, 2013 schedule identified metal stud framing to start on 9 December 2013.  The following is the series of transmittals from the Contractor to the Government and Government to Contractor for metal stud framing:

- 8/26/13 – Contractor transmitted submittal and the Government responded on September 3, 2013.  The Contractor's submittal did not meet the project specification requirements and was directed to resubmit.
- 9/3/13 – Contractor resubmitted submittal and the Government responded on September 6, 2013.  The Contractor's submittal did not meet the project specification requirements and was directed to resubmit.
- 9/8/13 – Contractor resubmitted submittal and the Government responded on September 20, 2013.  The Contractor's submittal was approved to "make corrections as noted."
- 10/8/13 – Contractor resubmitted submittal and the Government responded on October 10, 2013.  The Contractor's submittal was "Approved as Noted."

The submittal for metal studs was approved well in advanced of the Contractor's scheduled start date of 9 December 2013.  The Contractor delayed the project in starting the metal stud framing disputing with the Government on the Contractor's cost to meet the project specification requirements.

- 12/10/2013 – The Contractor found a different manufacturer and resubmitted metal stud framing.  The Government responded on December 13, 2013 with the Contractor's submittal as "Approved as Noted."

The Contractor lost 3 days to their schedule, solely due to the Contractor.

The Contractor transmitted submittal for door hardware on September 20, 2013, and the Government responded on September 30, 2013.  The Contractor's submittal did not meet the project specification requirements and was directed to resubmit.  The Contractor has not resubmitted this item to date, which is over 5 months.

The Government has issued a request for pricing on pending modification #2 as mentioned in this letter.  This pricing request is for carpet padding that may affect the door sizes.  The pricing from the Contractor has not been appropriately submitted since January 13, 2014.  The Contractor is causing his own delay in the production of the doors in not meeting the pricing proposal requirements.

Upstate NY Service Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
Phone - 315-448-0922

A32



U.S. General Services
Administration
GSA Public Buildings Service

The Contractor transmitted submittal for bullet resistant door on September 20, 2013, and the Government responded on September 30, 2013.  The Contractor's submittal did not meet the project specification requirements and was directed to resubmit.  The Contractor has caused his own delay in not resubmitting this item until February 24, 2014.  This is nearly 5 months since the Government directed the Contractor to resubmit. Currently this item cannot be approved as the Government awaits an acceptable proposal for pending modification #3 as mentioned in this report.

The Contractor's HVAC contractor delayed starting the project by 6 weeks.  The Contractor agreed to provide a layout of the ductwork that will include serving adjacent office areas on February 10, 2014 with delivery of layout to the Government by February 18, 2014.  As of date, the Government has not received the layout from the Contractor that is causing a delay caused by the Contractor.

The Contractor is commenting that fireproofing was not in the project documents.  The Government responded in December 2013 to the Contractor as follows:

The Government provided a pre-bid onsite meeting for the Contractor as an opportunity to become more familiar with the existing conditions, and its requirements before submitting an offer.  Fireproofing on the ceiling exists throughout the space, and Contractor's costs for cutting and patching fireproofing to Government should be inclusive within the Contractor's offer.  Metal framing and MEP work activities require cutting and patching the fireproofing as part of the execution of the work.  The entire ceiling throughout the space was accessible for observation to determine extent of work needed.

The Government provided the following sections to further clarify procedural requirements for cutting and patching to include, but not limited to the following:
-   Section 017329-1.4 (Submittals):  Extent; Changes to In-Place Contraction; Products (List products to be used and firms or entities that will perform the Work.); Dates; Utility Services and Mechanical/Electrical Systems; Structural Elements; and Contracting Officers Approval.
-   Section 017329-2.1 (Materials):  Use materials identical to in-place materials.
-   Section 017329-3.3 (Performance):  Cut in-place and Patching methods; and Cleaning.

The Government found no merit in the Contractor's position.  Further, the Government issued a directive to the Contractor to perform the work on February 18, 2014, and the Contractor has a right to place a claim at the end of the project.  The Contractor has taken no action and may cause a delay to the project in not addressing the issue.

Upstate NY Service Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
Phone - 315-448-0922



U.S. General Services
Administration
GSA Public Buildings Service

### E.  Inspections and Coordination Drawings

You have failed to comply with the coordination and inspection requirements of the Contract. According to Project Specification Section 013100-1.2-B-3 "any work installed prior to approval of coordination drawings shall be at the Contractor's risk." Pursuant to Project Specification 013300-1.3-B, Claude Mayo was required to "coordinate preparation and processing of submittals with the performance of the Work so that work will not be delayed by submittals." Project Specifications section 13100-1.3-C required Claude Mayo to "provide a full-time Project Coordinator, who is experienced in administration and supervision of building construction including mechanical and electrical work, and who is hereby authorized to act as the general coordinator of interfaces between units of work."  Claude Mayo has disregarded the requirements to the detriment of timely project completion.

Although the project started in November 2013, you failed to submit the first coordination drawing submittals until March 4, 2014, one month prior to the project completion date. The drawings were not approved.  Your subsequent re-submittal of drawings was disapproved on May 12, 2014. The two unapproved submittals of coordination drawings did not address the improper installation of hydronic piping as mentioned above in the Planned Work. The hydronic piping is the most critical item of concern that should be shown on the drawings with a corrected design to meet the project specification requirements.

The Contractor has made no attempt to address this noncompliance with the coordination drawings.  In part, the March 28 Stop Work Order was issued to stop you from installing systems until you provided coordination drawings that were fit for approval.  As of date, there are still no approved coordination drawings. This directly affects the proper installation of mechanical, sprinkler, and electrical systems in the ceilings.

As noted above, you have failed to comply with Section 013300-1.3-B.  You installed hydronic piping and valves, and ductwork without submittal approval. Even, if you received approval of your coordination drawings, the work cannot be inspected by the Government because there are no approved submittals for hydronic piping system or ductwork shop drawings. As of this date, there are 237 outstanding submittals due by the Contractor to the Government, and shown in the weekly updated GSA submittal log.  Giving you any additional time to provide these submittals, even with liquidated damages being assessed, would require even more delay to this project, with no confidence that your performance will improve.

Finally, Claude Mayo failed to provide a Project Coordinator pursuant to Section 13100-1.3-C. You engaged the project without a Project Coordinator available to communicate with the Government representative in the field on the coordination and installation of work. This failure and unwillingness to communicate with the GSA Construction Quality Manager to discuss planned work has contributed to the delay of project completion. The lack of a Project Coordinator with the experience required under Section 13100-1.3-C has harmed this project, as

Upstate NY Service Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
Phone - 315-448-0922



U.S. General Services
Administration
GSA Public Buildings Service

you have failed to demonstrate the requisite knowledge of mechanical and electrical work to effectively plan these elements of the work.   There have been many examples of your lack of knowledge.  You installed ductwork before demolition of sprinkler piping. This failure will require removal of ductwork in selected areas to remove existing sprinkler piping for a new sprinkler system. There is no demolition or installation of sprinkler piping to date.  You installed framing, drywall, and painting of walls before installing metal raceway in walls for control wiring to all 15 PTAC units. Drywall and sound insulation (where applicable) will need to be removed throughout the space in selected areas adjacent to the PTAC units. You installed hydronic piping in the ceiling prior to installation of ductwork without coordination drawings. This resulted in re-piping of hydronic piping around ductwork causing saddles and multiple bends. This existing installation is in noncompliance with the project specification section 232113-3.2 for piping installations.

You have shown an unwillingness to plan timely correction to non-compliance issues such as improper installation of drywall to ceiling and floors, failure to remove existing wallpaper before painting, fire proofing ceilings, seal MEP penetrations, correct drywall finishing, and missing sound insulation.  As a result of your failure to meet the project delivery date, and GSA's lack of confidence that you are capable or willing to render performance under the terms of the Contract, even with liquidated damages being assessed, GSA has decided to terminate this Contract.

## F. DECISION

Based on the foregoing, we have no alternative but to terminate the contract for default, due to Claude Mayo's failure to complete the contract in the agreed upon time. Furthermore, Claude Mayo has shown the inability or unwillingness to comply with critical terms of the contract that have contributed to Claude Mayo's failure to perform this contract.  Additionally, With Mr. Mayo not fully understanding his responsibilities to re-submit rejected submittals, especially items with long lead times like doors, there was no confidence that the schedule would be met. In accordance with FAR 52.249.10 entitled Default (Fixed-Price Construction) (Apr 1984), which is incorporated in the Agreement IV.B. "Contract Clauses", your contract is hereby terminated for default and your right to proceed under this contract is terminated.

Pursuant to the aforementioned default clause, the Government may take over the contract and complete it by contract or otherwise.  Your firm shall be held liable for any damages to the Government resulting from your failure to comply with the terms and conditions of this contract. This liability includes any increased costs incurred by the Government to re-procure the work, and cost incurred by the Government's loss of use of the project space.  The Government reserves all rights and remedies provided by law or under the contract, in addition to charging excess cost.

Upstate NY Service Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
Phone - 315-448-0922



U.S. General Services
Administration
GSA Public Buildings Service

This is the final decision of the Contracting Officer. You have the right to appeal this decision under the Disputes clause of the contract.

Sincerely,

Charles Ferro,
Contracting Officer

CC:     Contract File
        Project Manager
        Finance Office
        U. S. Small Business Administration

Upstate NY Service Center
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
Phone - 315-448-0922

**A36**



Period Ending
June 25, 2014
Shipper W8E-851
Page 1 of 1

## Delivery Confirmation Service

ATTN: GS33FBQTO8QPNBQW0070
GSA CHARLESF77SA
100 S CLINTON ST
SYRACUSE NY
13261-6100992

Thank you for using UPS. The charges for the following Confirmation of Delivery responses are included in your UPS Delivery Bill for the week ending 06-28-14.
Responses Enclosed                                    1

## Confirmation of Delivery

Shipper No. W8E-851          No. 1ZW8E8515897243648
GSA CHARLESF77SA

Image of Signature     [signature: Edward Mayo]

Recipient              MAYO

                       Delivered 06-18-14

06-18 RECEIVER REQUESTED DELIVERY DELAY
06-18 DELIVERY CHANGE REQUEST COMPLETED

A36.1

00072457



#BWNCWNG
#0736D0000W8E8519#  69903400006893
FP 01 021831 51132 H 78 A
ATTN: GS33FBQTO8QPNBQW0070
GSA CHARLESF77SA
100 S CLINTON ST
SYRACUSE NY  13261

A36.2

THE AVANT BUILDING >> SUITE 1200 >> 200 DELAWARE AVENUE >> BUFFALO NY 14202-2150  p> 716.856.5500  f> 716.856.5510  w> damonmorey.com

BUFFALO >> CLARENCE >> ROCHESTER

**TREVOR J. BARR**
Associate
tbarr@damonmorey.com
716.858.3747



**DAMON MOREY** LLP

ATTORNEYS AT LAW

May 18, 2015

*Via U.S. Mail & email: charles.ferro@gsa.gov*

U.S. General Services Administration
Upstate New York Service Center
1000 South Clinton Street, Box 7005
Syracuse, New York 13261-7005

Attn: Charles Ferro, Contracting Officer

  **Re:**  ***Contract No.: GS-02P-13-PW-C-0009***
     ***U.S. Attorney 8th Floor Renovation***
     ***James M. Hanley Federal Building, Syracuse, New York***

Dear Mr. Ferro:

  Damon Morey LLP is counsel to Claude Mayo Construction Company, Inc. (hereafter "CMCC"). We write in response to the Notice of Termination, dated June 12, 2014 relative to the above-referenced contract. Please be advised that this correspondence is submitted as an appeal – pursuant to Federal Acquisition Regulation 52.233-1 – of U.S. General Services Administration's (hereafter "GSA") Stop Work Order and Notice of Termination.

  On behalf of CMCC, we respectfully request that GSA 1) rescind the Notice of Termination; 2) withdraw all claims relative to Performance Bond S443011; and 3) permit CMCC to complete contract No. GS-02P-13-PW-C-009 or, in the alternative, make payment for all outstanding pay applications and lost profits due CMCC. Withdrawal of the termination for default is justified in that CMCC was not in default of the agreement and was wrongfully terminated by GSA. In support of this position, we will address the alleged grounds for termination as outlined in the Notice of Termination dated June 12, 2014.

  "Section A" of the Notice of Termination states that the submission of bonds and security clearance for CMCC employees and subcontractors was untimely. Referring your attention to GSA's July 23, 2013 Contract Acceptance Letter, GSA directed CMCC to "submit the application performance and payment bonds no later than August 5, 2013. Also in accordance with FAR 52.228-5 'Insurance/Work on a Government Installation', please submit the required certificate(s) of insurance no later than August 5, 2013." A copy of the July 23, 2013 acceptance letter is annexed hereto as ***Exhibit A***.

  Prior to the August 5, 2013 deadline, CMCC submitted a certificate of workers' compensation insurance and a certificate of liability insurance on July 25, 2013. GSA

>> progressive.firm.

acknowledged receipt of certificates of insurance and performance bonds in an email from the Contracting Officer to Claude Mayo dated July 26, 2013. A copy of the email exchange regarding certificate of workers' compensation insurance and liability insurance as well as the acknowledgment of payment and performance bonds is annexed hereto as *Exhibit B*.

On August 2, 2013, GSA issued a Preliminary Notice to Proceed for contract GS-02P-13-PW-C-009. A copy of the August 2, 2013 Preliminary Notice to Proceed is annexed hereto as *Exhibit C*. In this correspondence, the Contracting Officer again acknowledges receipt of the payment bond and performance bond. Additionally, notice was given to CMCC to begin acquiring security clearances for employees who require unescorted access to the Hanley Federal Building. The August 2, 2013 Preliminary Notice to Proceed further states that a Final Notice to Proceed will be issued prior to the start of any onsite work. Notably, at no point in the August 2, 2013 correspondence, or in any other document, is a deadline communicated as to the date by which all security clearances must be obtained. CMCC acted in a commercially reasonable manner by submitting timely the necessary documents to the Department of Homeland Security requesting the required security clearances. Moreover, the U.S. Department of Homeland Security issued letters dated August 14, 2013 and August 15, 2013 approving CMCC employees 1) Kismet Harold Thompkins; 2) Claude Mayo, 3) James Otis Hamilton, 4) Jason Tyrell Newton, and 5) Michael Thomas Klaisle. Copies of U.S. Department of Homeland Security letters of approval dated August 14 and August 15, 2013 are annexed hereto as *Exhibit D*. Approval letters from the U.S. Department of Homeland Security dated August 14 and August 15, 2013 directly refute GSA's claims that "[t]he original Notice to Proceed was not issued until 21 November 2013 because [CMCC] did not provide the required employee security clearances as planned." CMCC submitted timely all required insurance, bond, and security clearance documents and in no way contributed to the delay in the issuance by GSA of the Final Notice to Proceed. Factors solely under the GSA's control were the cause of the delay in issuing the Final Notice to Proceed, including the evaluation of whether to continue with the original project specifications that called for refurbished PTAC (HVAC) units or whether to issue a change order (see PS01) that altered the scope of work and materials to include the installation of 15 new, non-refurbished PTAC units. Upon information and belief, the evaluation and approval process for PS01 caused significant delay in the GSA issuing a Final Notice to Proceed.

GSA's Notice of Termination next claims that Project specification 013100-1.3.C required CMCC to provide a full-time Project Coordinator. With the approval of GSA's Project Coordinator, Davidson Brown, Inc., CMCC President Claude Mayo acted as coordinator and performed the duties of Project Coordinator as to administration, supervision and coordination of work. Approval for CMCC President Claude Mayo to act as Project Coordinator was obtained from Davidson Brown, Inc. (Don Davidson) in an email dated October 7, 2013. Specifically, Mr. Davidson inquired as to who would fulfil the role of Project Coordinator and approved Claude Mayo as same. A copy of the October 7, 2013 email exchange is annexed hereto as *Exhibit E*. In his capacity as Project Coordinator, Mr. Mayo oversaw the daily activities of the project and received no objection to him serving a Project Coordinator prior to the Notice of Termination. Davidson Brown Inc.'s field reports regularly submitted to GSA identified Mr. Mayo as Project Coordinator. Again, there was no objection by either GSA or Davidson Brown, Inc. Quite the opposite, Davidson Brown, Inc. affirmatively agreed to Mr. Mayo acting as Project Coordinator. This acceptance by GSA's construction manager and agent, Davidson

Brown, Inc., of Claude Mayo as Project Coordinator constitutes acceptance and approval of Claude Mayo as Construction Coordinator and / or constitutes a waiver of specification 013100-1.3.C.

**Notice to Proceed Change Orders and CPM Schedule**

GSA issued a Notice to Proceed on November 21, 2013 with a contract start date of November 22, 2013.   CMCC thereafter immediately commenced work on the project.   The contract requires that the work be completed 150 days after receipt of the Notice to Proceed. Therefore, the original contract completion date was April 21, 2014.

**Change Order No. PS01**

Change Order No. PS01 altered the scope of the work from refurbishing existing PTAC units to removing the existing PTAC units, obtaining and installing new PTACs, and installing a SMART HVAC Control System at a total additional cost of $79,043.00.   A copy of Change Order No. PS01 is annexed hereto as ***Exhibit F***.   Change Order No. PS01 explicitly states: [t]he purpose of this modification is to add additional work to the contract due to the unforeseen site conditions."   Change Order No. PS01 further states that the "contract is hereby extended for the additional work from 28 February 2014 to 01 April 2014."

During the course of the negotiations for Change Order No. PS01, the Contracting Officer, Contract Specialist and Project Manager were advised the lead time for the new PTAC unit factory orders was at a minimum of 12 weeks, excluding the time of the manufacturing plant was shut down for the holiday season.   Change Order No. PS01 erroneously states "[t]his contract is hereby extended for the additional work from 28 FEB 2014 to 01 APR 2014."

The contract with the original scope of work and materials required this project to be completed within a 150 days after receipt of the November 22, 2013 Notice to Proceed thereby establishing the original performance period completion date as April 21, 2014.   There is clearly an error in the calculation of the completion date stated in Change Order PS01 in that *it actually moves the completion date forward and shortens the performance period* despite Change Order No. PS01 increasing the scope of work and despite the change order stating that the contracting **"is hereby extended**." (Emphsis added.)

The Contracting Officer, Contract Specialist and Project Manager were all aware of the 12 week lead time for delivery of the new PTAC units.   As the original contract competition date was April 21, 2014, Change Order No. PS01 contains a clear error in that it shortens the competition period despite increasing the scope of the work to include additional units with minimum 12 week lead time.   Pursuant to the negotiations with the Contracting Officer, Contract Specialist, and Project Manager, the agreed upon completion date was to be July 14, 2014 to accommodate the 12 week lead time for the PTAC units.

**A39**

**Change Orders No. PS02 & PS03**

GSA's Notice of Termination "Section C" claims as additional justification for terminating the agreement that CMCC failed to respond to Requests for Proposal for Modification PS02 & PS03 pursuant to Project Specification 012600-1.4.A.2, which requires a response within five days of receipt of a modification proposal request. It is acknowledged that the Request for Proposal for Change Order No. PS02 was received on January 13, 2014 and Request for Proposal for Change Order No. PS03 was received on January 16, 2014 both *via* email from Contracting Officer David G. Bullard. Copies of the January 13 and January 16, 2014 emails are annexed hereto as ***Exhibit G***. However, the remaining allegations stated in the Notice of Termination are both factually and legally incorrect. Specifically, Mr. Bullard's emails state "[t]he proposal is due back in our office NLT **24 Jan 2014**." GSA's position that CMCC's response was due within five days is absurd where Mr. Bullard's emails explicitly state that the response was due January 24, 2014. Mr. Bullard's extension of the response time constitutes a superseding term or, at a minimum, a waiver of Project Specification 012600-1.4.A.2.

Ultimately CMCC provided proposals in response to the Request for Proposal for Modification PS02 & PS03 on January 28, 2014. The two business day delay was due to wait-times for cost quotes and a determination of availability of materials from suppliers. CMCC's proposal submission was done in a commercially reasonable time frame. Under any interpretation of the contract, this delay does not constitute a material breach of the agreement, nor does provide any justification for termination of the agreement by GSA.

GSA's Notice of Termination states "[t]o date, [CMCC] has failed to provide acceptable proposals for carpet padding and security upgrades [PS02 & PS03], and its failure to do so has contributed to significant delays to the manufacturing of doors to allow for carpet padding, and security upgrades for doors, door hardware, walls, ductwork, and security bars." GSA's claims are simply false. GSA Engineer Erin A. Marshall acknowledged in her March 11, 2014 email to Claude Mayo that the submittals relating to PS03 are "…exactly what [GSA] was looking for…". A copy of Ms. Marshall's email dated March 11, 2014 is annexed hereto as ***Exhibit H***. As GSA's engineer, Ms. Marshall further acknowledges the lead time for the doors to be ordered. *See Exhibit H.*

Change Order PS03 subsection (4), addresses perimeter and interior project doors for which the original submittals were provided on September 30, 2013. CMCC never received approval to purchase the bulletproof door, soundproof door, door frames or door hardware for the original submittals. Additionally, there was a contradiction between the architect's drawings and the Schedule of Specifications. Due to the lead time to manufacture the doors and ultimately Change Order 3, the doors were never ordered. GSA Project engineer Erin Marshall acknowledged the lead time of the doors and was aware of the impact on the schedule of the project. Ultimately when Change Order PS03 was rescinded, CMCC was in a position where neither the original doors nor the doors outlined in PS03 had been approved. As no approval was received from GSA, CMCC was unable to order the doors and unable to proceed. Any delay relating to the delivery and installation of interior and exterior project doors is solely due to the lack of approval on behalf of GSA and at no time was CMCC the cause of the delay.

**Inspections and Coordination Drawings**

CMCC has complied with all coordination and inspection requirements of the contract. As the approved Project Coordinator, Mr. Mayo was present at the job site daily and regularly coordinated with GSA's construction agent Davidson Brown, Inc. The Daily Log maintained by Davidson Brown, Inc. documented all inspection requirement and was provided to GSA.

For the above reasons, CMCC was not in default and GSA has wrongfully terminated the Contract. At all times, CMCC proceeded in a commercially reasonable manner and consistent with the terms of the contract. As such, CMCC respectfully request that GSA 1) rescind the Notice of Termination; 2) withdraw all claims relative to Performance Bond S443011; and 3) permit CMCC to complete contract No. GS-02P-13-PW-C-009 or, in the alternative, make payment for all outstanding pay applications and lost profits due CMCC.

Thank you for your kind attention to this matter. Should you wish to discuss it further, please contact the undersigned.

Very truly yours,

Trevor J. Barr
for DAMON MOREY LLP

cc:    Leonard Lucas, Esq.
       Anthony Montecalvo

bcc:   Claude Mayo

I, Claude Mayo as President of Claude mayo Construction, Inc., certify that this claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor.

Claude Mayo Construction Company, Inc.
By Claude Mayo, President.

# EXHIBIT A



U.S. General Services Administration
Public Building Service

July 23, 2013

Claude Mayo Construction Company, Inc.
Attention: Claude Mayo
53 Humber Ave.
Buffalo, NY 14215

Re: Contract Award – GS-02P-13-PW-C-0009 US Attorney 8th Floor Renovation, James M. Hanley FB & CH, Syracuse, NY.

Dear Mr. Mayo,

The Government is pleased to accept your offer dated June 25, 2013 submitted in response to solicitation number GS-02P-13-PW-C-0009. Enclosed herein is a copy of the executed contract, the total awarded price of which is $732,003.00.

In accordance with FAR 52.228-15 "Performance and Payment Bonds – Construction", please submit the applicable performance and payment bonds no later than August 5, 2013. Also in accordance with FAR 52.228-5 "Insurance – Work on a Government Installation", please submit the required certificate(s) of insurance no later than August 5, 2013.

I have enclosed a blank copy of Standard Form 1413 for your convenience, which you are also required to fill out and submit before a formal notice to proceed can be issued. In addition, I have provided a GSA Form 1142, "Release of Claims" which you will be required to complete and submit at the end of the contract. As a reminder, should you be using a worker classification not listed on the applicable Davis Bacon wage determination for any portion of this contract, please submit a Standard Form 1444 to receive the proper classification, minimum wage rate and fringe benefit.

Should you have any questions, please call myself at 315-448-0922, or Steve Patch at 315-448-0925.

Respectfully,


//signed//
Charles J. Ferro
Contracting Officer
GSA Upstate New York Acquisition Unit

Enclosures:        GSA Form 1142
                   Standard Form 1413          GSA 300 - Awarded
                   Standard Form 25            Standard Form 25A

Phone    315.448.0922                          US General Services Administration
Fax      315.448.0968                          James Hanley Federal Building
Email    Charles.ferro@gsa.gov                 100 South Clinton Street, Room 1350
                                               PO Box 7005
                                               Syracuse, NY 13261

A44

EXHIBIT B

**From:** Charles Ferro - 2PQAU <charles.ferro@gsa.gov>
**To:** Claude Mayo <mayoclaude@aol.com>
**Cc:** Steven Patch - 2PQAU <steven.patch@gsa.gov>
**Subject:** Re: Award Package
**Date:** Fri, Jul 26, 2013 7:46 am

Thanks Claude!  I've got your payment and performance bonds as well.

Chuck

On Thu, Jul 25, 2013 at 5:55 PM, Claude Mayo <mayoclaude@aol.com> wrote:
Hi Chuck,
Attached are Certificate of Workers' Compensation Insurance and Certificate of Liability Insurance.

Thank you,

Claude Mayo, President
Claude Mayo Construction Company, Inc.
53 Humber Avenue
Buffalo, New York 14215-3114
Phone: (716) 897-2617
Fax: (716) 897-3687
Cell: (716) 316-1075
Email: mayoclaude@aol.com

A COMBAT WOUNDED VETERAN OWNED BUSINESS

-----Original Message-----
From: Charles Ferro - 2PQAU <charles.ferro@gsa.gov>
To: Claude Mayo <mayoclaude@aol.com>
Cc: Steven Patch - 2PQAU <steven.patch@gsa.gov>
Sent: Wed, Jul 24, 2013 8:17 am
Subject: Award Package

Hi Claude,

Here's the rest of the award package, with the award letter, and other documents for your enjoyment.

Thanks,
Chuck


*Charles J. Ferro*
*Senior Contracting Officer*
GSA Upstate NY Service Center
Northeast & Caribbean Region
Property Management Division
Upstate NY Acquisition Unit
100 S. Clinton Street
Syracuse, NY 13261
Phone: (315) 448-0922
*Fax: (315) 448-0968*


--
*Charles J. Ferro*
*Senior Contracting Officer*
GSA Upstate NY Service Center

# EXHIBIT C



U.S. General Services Administration
GSA Public Buildings Service

August 2, 2013

Claude Mayo Construction Company, Inc
Attn: Claude Mayo, President
53 Humber Ave
Buffalo, NY 14215-0114

RE:  Preliminary Notice to Proceed Contract GS-02P-13-PW-C-0009, US Attorney 8th Floor Renovation Project, James Hanley Federal Building and Courthouse.

Dear Mr. Mayo:

1.  We are in receipt of your Payment and Performance Bonds, which you submitted in connection with the above referenced contract.  It is acceptable on behalf of the United States Government and notice is hereby given to begin acquiring security clearances for your employees who will require routine unescorted access to the James M. Hanley Federal Building and submitting your shop drawings submittals.

2.  A Final Notice to Proceed will be issued prior to start of any on-site work. The on-site work has a performance period of 150 calendar days. Additional work called for in the terms of this contract will not be performed unless specifically authorized in writing by the contracting officer.

3.  If there are any questions please contact me at 315-448-0922.

Charles J. Ferro
Contracting Officer


Contractor hereby acknowledges receipt of the Partial Notice to Proceed on Contract No. GS-02P-13-PW-C-0009

_____
            (Signature)

_____
            (Title)


Acquisition Management Division
Upstate New York Unit (2PQAU)
100 S. Clinton Street, Box 7005
Syracuse, NY  13261-7005
315-448-0922

A48

# EXHIBIT D

*Federal Protective Service*
*National Protection and Programs Directorate*
*U.S. Department of Homeland Security*

DHS NPPD Federal Protective Service CSA Unit Region 2
26 FEDERAL PLZ STE 17-130
New York, NY 10278-1701
6465896020

 **Homeland Security**

Aug 14, 2013

MEMORANDUM:    CYNTHIA A EL-GAALY-US ,CYNTHIA,US
                           100 State Street
                           Rochester NY 14614

FROM:               OAKLEY, JILLIAN
                           Personnel Security Specialist
                           Federal Protective Service Contract Suitability Adjudication Program

SUBJECT:         Favorable Temporary Law Enforcement Check
                           NAME: KISMET HAROLD THOMPKINS
                           SSN: XXX-XX-9080
                           Position:  6 Month or Less
                           Contractor Company: Claude Mayo Construction Co.
                           Contract Number: GS02P13PWC0009

As a result of a review of criminal history records of the Federal Bureau of Investigation (FBI), obtained based on the submission of fingerprints by the individual, the Federal Protective Service has determined the person identified below is suitable to work on a General Services
Administration (GSA) contract and/or GSA controlled property.

In accordance with Homeland Security Presidential Directive 12 (HSPD-12) regulations, this document authorizes the person identified below to work in a temporary work status for six (6) months from the date of this letter.  THIS FAVORABLE SUITABILITY STATUS EXPIRES SIX (6) MONTHS FROM THE DATE OF ISSUANCE.  Any person who remains on a contract
past the expiration date is required to undergo a HSPD-12 National Agency Check Investigation (NACI).

If you have any questions, please contact the Regional Federal Protective Service, Contract Suitability staff at (646) _589_ - _6020_.

A50

*Federal Protective Service*
*National Protection and Programs Directorate*
*U.S. Department of Homeland Security*

DHS NPPD Federal Protective Service CSA Unit Region 2
26 FEDERAL PLZ STE 17-130
New York, NY 10278-1701



Aug 15, 2013

MEMORANDUM:     CYNTHIA A EL-GAALY-US ,CYNTHIA,US
                100 State Street
                Rochester NY 14614

FROM:           FORTUNA, CHRISTIN
                Personnel Security Specialist
                Federal Protective Service Contract Suitability Adjudication Program

SUBJECT:        Favorable Temporary Law Enforcement Check
                NAME: CLAUDE NMN MAYO
                SSN: XXX-XX-0356
                Position:  6 Month or Less
                Contractor Company: Claude Mayo Construction Co.
                Contract Number: GS02P13PWC0009

As a result of a review of criminal history records, the Federal Protective Service has determined the person identified below is suitable to work on a General Services Administration (GSA) contract and/or GSA controlled property.

In accordance with Homeland Security Presidential Directive 12 (HSPD-12) regulations, this document authorizes the person identified below to work in a temporary work status for six (6) months from the date of this letter. THIS FAVORABLE SUITABILITY STATUS EXPIRES SIX (6) MONTHS FROM THE DATE OF ISSUANCE. Any person who remains on a contract past the expiration date is required to undergo a HSPD-12 National Agency Check Investigation (NACI).

*Federal Protective Service*
*National Protection and Programs Directorate*
*U.S. Department of Homeland Security*

DHS NPPD Federal Protective Service CSA Unit Region 2
26 FEDERAL PLZ STE 17-130
New York, NY 10278-1701
6465896020



Aug 15, 2013

MEMORANDUM:     CYNTHIA A EL-GAALY-US ,CYNTHIA,US
                100 State Street
                Rochester  NY 14614

FROM:           OAKLEY, JILLIAN
                Personnel Security Specialist
                Federal Protective Service Contract Suitability Adjudication Program

SUBJECT:        Favorable Temporary Law Enforcement Check
                NAME: JAMES OTIS  HAMILTON
                SSN: XXX-XX-6856
                Position:  6 Month or Less
                Contractor Company: Claude Mayo Construction Co.
                Contract Number: GS02P13PWC0009

As a result of a review of criminal history records of the Federal Bureau of Investigation (FBI), obtained based on the submission of fingerprints by the individual, the Federal Protective Service has determined the person identified below is suitable to work on a General Services
Administration (GSA) contract and/or GSA controlled property.

In accordance with Homeland Security Presidential Directive 12 (HSPD-12) regulations, this document authorizes the person identified below to work in a temporary work status for six (6) months from the date of this letter.  THIS FAVORABLE SUITABILITY STATUS EXPIRES SIX (6) MONTHS FROM THE DATE OF ISSUANCE.  Any person who remains on a contract
past the expiration date is required to undergo a HSPD-12 National Agency Check Investigation (NACI).

If you have any questions, please contact the Regional Federal Protective Service, Contract Suitability staff at (646) _589_ - _6020_.

*Federal Protective Service*
*National Protection and Programs Directorate*
*U.S. Department of Homeland Security*

DHS NPPD Federal Protective Service CSA Unit Region 2
26 FEDERAL PLZ STE 17-130
New York, NY 10278-1701
6465896019



Aug 15, 2013

MEMORANDUM:    CYNTHIA A EL-GAALY-US ,CYNTHIA,US
100 State Street
Rochester NY 14614

FROM:    BUNCH, CHRISTINA
Personnel Security Specialist
Federal Protective Service Contract Suitability Adjudication Program

SUBJECT:    Favorable Temporary Law Enforcement Check
NAME: JASON TYRELL NEWTON
SSN: XXX-XX-4217
Position:  6 Month or Less
Contractor Company: Claude Mayo Construction Co.
Contract Number: GS02P13PWC0009

As a result of a review of criminal history records of the Federal Bureau of Investigation (FBI), obtained based on the submission of fingerprints by the individual, the Federal Protective Service has determined the person identified below is suitable to work on a General Services Administration (GSA) contract and/or GSA controlled property.

In accordance with Homeland Security Presidential Directive 12 (HSPD-12) regulations, this document authorizes the person identified below to work in a temporary work status for six (6) months from the date of this letter. THIS FAVORABLE SUITABILITY STATUS EXPIRES SIX (6) MONTHS FROM THE DATE OF ISSUANCE.  Any person who remains on a contract past the expiration date is required to undergo a HSPD-12 National Agency Check Investigation (NACI).

*Federal Protective Service*
*National Protection and Programs Directorate*
*U.S. Department of Homeland Security*

DHS NPPD Federal Protective Service CSA Unit Region 2
26 FEDERAL PLZ STE 17-130
New York, NY 10278-1701



Aug 15, 2013

MEMORANDUM:      CYNTHIA A EL-GAALY-US ,CYNTHIA,US
                 100 State Street
                 Rochester NY 14614

FROM:            FORTUNA, CHRISTIN
                 Personnel Security Specialist
                 Federal Protective Service Contract Suitability Adjudication Program

SUBJECT:         Favorable Temporary Law Enforcement Check
                 NAME: MICHAEL THOMAS KLAISLE
                 SSN: XXX-XX-6327
                 Position:  6 Month or Less
                 Contractor Company: Claude Mayo Construction Co.
                 Contract Number: GS02P13PWC0009

As a result of a review of criminal history records, the Federal Protective Service has determined the person identified below is suitable to work on a General Services
Administration (GSA) contract and/or GSA controlled property. .

In accordance with Homeland Security Presidential Directive 12 (HSPD-12) regulations, this document authorizes the person identified below to work in a temporary work status for six (6) months from the date of this letter. THIS FAVORABLE SUITABILITY STATUS EXPIRES SIX (6) MONTHS FROM THE DATE OF ISSUANCE.  Any person who remains on a contract
past the expiration date is required to undergo a HSPD-12 National Agency Check Investigation (NACI).

# EXHIBIT E

Re: FB Hanley 8th Floor: Administrative/Supervisory Personnel                                        Page 1 of 2

From: Claude Mayo <mayoclaude@aol.com>
To: don <don@davidsonbrown.pro>
Cc: erin.marshall <erin.marshall@gsa.gov>; steven.patch <steven.patch@gsa.gov>
Subject: Re: FB Hanley 8th Floor: Administrative/Supervisory Personnel
Date: Mon, Oct 7, 2013 4:39 pm

Hi Don,
Yes, I will be performing those duties.

Thanks,
Claude Mayo, President
Claude Mayo Construction Company, Inc.
53 Humber Avenue
Buffalo, New York 14215-3114
Phone: (716) 897-2617
Fax: (716) 897-3687
Cell: (716) 316-1075
Email: mayoclaude@aol.com

A COMBAT WOUNDED VETERAN OWNED BUSINESS

-----Original Message-----
From: Don Davidson <don@davidsonbrown.pro>
To: 'Claude Mayo' <mayoclaude@aol.com>
Cc: erin.marshall <erin.marshall@gsa.gov>; steven.patch <steven.patch@gsa.gov>
Sent: Mon, Oct 7, 2013 3:03 pm
Subject: RE: FB Hanley 8th Floor: Administrative/Supervisory Personnel

Thanks Claude.

So you will be performing those duties.  Am I correct?

Cordially,

Don

**Davidson Brown, Inc.**
5669 Columbia Road, Suite 303
Columbia, MD  21044
Tel 410-740-0507  |  Fax 443-927-7275  |  Cell 202-355-2518
Email don@davidsonbrown.pro |Website http://www.davidsonbrown.pro

From: Claude Mayo [mailto:mayoclaude@aol.com]
Sent: Monday, October 7, 2013 12:52 PM
To: don@davidsonbrown.pro
Cc: erin.marshall@gsa.gov; steven.patch@gsa.gov
Subject: Re: FB Hanley 8th Floor: Administrative/Supervisory Personnel

Hi Don,

In my original Proposal and cost breakdown I had included the cost for combined Administrative/Supervisory Personnel, Environmental Control Officer and Project Coordinator. During first negotiation Erin Marshall asked me if I would be at the job site I said yes. She told me they would not pay for a separate person to preform to those duties and that I should preform those duties. I removed the cost for those duties.

Thanks

Claude Mayo, President
Claude Mayo Construction Company, Inc.
53 Humber Avenue

A56

Re: FB Hanley 8th Floor: Administrative/Supervisory Personnel                    Page 2 of 2

Buffalo, New York 14215-3114
Phone: (716) 897-2617
Fax: (716) 897-3687
Cell: (716) 316-1075
Email: mayoclaude@aol.com

A COMBAT WOUNDED VETERAN OWNED BUSINESS

-----Original Message-----
From: Don Davidson <don@davidsonbrown.pro>
To: Claude Mayo <mayoclaude@aol.com>
Cc: Erin Marshall - 2PSEU <erin.marshall@gsa.gov>; Steven Patch - 2PQAU <steven.patch@gsa.gov>
Sent: Mon, Oct 7, 2013 8:47 am
Subject: FB Hanley 8th Floor: Administrative/Supervisory Personnel

Hello Claude,

In reviewing Project specifications 013100-1.3 B & A [Administrative/Supervisory Personnel], requires Environmental Control Officer and Project Coordinator.  Please let me know how Claude Mayo will be meeting these requirements and the services needed.

Cordially,

Don

**Davidson Brown, Inc.**
5669 Columbia Road, Suite 303
Columbia, MD  21044
Tel 410-740-0507   |   Fax 443-927-7275   |   Cell 202-355-2518
Email don@davidsonbrown.pro |Website http://www.davidsonbrown.pro

# EXHIBIT F

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | 1. Contract ID Code | | Page of Pages |
|---|---|---|---|
| | | | 1    3 |

| 2. AMENDMENT MODIFICATION NO. PS01 | 3. EFFECTIVE DATE DEC 11, 2013 | 4. REQUISITION/PURCHASE REQ. NO. 2PSEU-13-0012 SO1 | 5. PROJECT NO. (if applicable) |
|---|---|---|---|

| 6. ISSUED BY | CODE | 2PSEU | 7. ADMINISTERED BY (If other than Item 6) | CODE |
|---|---|---|---|---|

6. ISSUED BY    CODE  2PSEU
UPSTATE NEW YORK ENGINEERING
100 SOUTH CLINTON STREET
P.O. BOX 7005 ROOM 1350
SYRACUSE NY 13261-7305
David Bullard 315-448-0930 david.bullard@gsa.gov

7. ADMINISTERED BY (If other than Item 6)    CODE
See Block 6

| 8. NAME AND ADDRESS OF CONTRACTOR (NO., Street, Country, State and ZIP Code) | | (x) | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|---|
| CLAUDE MAYO CONSTRUCTION COMPANY, INC.      DUNS: 092474980 | | | |
| 53 HUMBER AVENUE                            Cage Code: 4PPN3 | | | 9B. DATED (SEE ITEM 11) |
| BUFFALO NY 142153114 | | | |
| | | X | 10A. MODIFICATION OF CONTRACT/ORDER NO. GS-02P-13-PW-C-0009 |
| CODE 00031115 | FACILITY CODE | | 10B. DATED (SEE ITEM 13) JUL 23, 2013 |

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of offers ☐ is extended, ☐ is not extended.
Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OR OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment your desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

| 12. ACCOUNTING AND APPROPRIATION DATA (if required) | Modification Amount: $79,043.00 |
|---|---|
| See Schedule | Modification Obligated Amount: $79,043.00 |

**13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

| Check One | A. | THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
|---|---|---|
| | B. | THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| X | C. | THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: FAR 43.103(b) Bilateral Agreement |
| | D. | OTHER (Specify type of modification and authority) |

E. IMPORTANT:  Contractor ☐ is not, ☒ is required to sign this document and return ___1___ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible)
See continuation page....


...See Continuation Page

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) David Bullard, Contracting Officer 315-448-0930   david.bullard@gsa.gov |
|---|---|
| 15B. CONTRACTOR/OFFEROR *(signature)* | 15C. DATE SIGNED 12-21-13 | 16B. UNITED STATES OF AMERICA *(signature)* | 16C. DATE SIGNED 12/24/2013 |
| (Signature of person authorized to sign) | | (Signature of Contracting Officer) | |

NSN 7540-01-152-8070
Previous Edition unusable

STANDARD FORM 30. (Rev. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243

Continuation Page

**Continued from Block 14...**

The purpose of this modification is to add additional work to the contract due to the unforseen site conditions.

Modification is based upon the Statement of Work dated 03/05/2013 and new PTAC unit installations.

This contract is hereby extended for the additional work from 28 Feb 2014 to 01 Apr 2014.

The total contract amount was $732,003.00, and is modified to increase by $79,043.00 to a new contract total amout of $811,046.00.

In consideration of the modification agreed to herein as complete equitable adjusment for the Contractor's "proposal for adjustment" for accomplishment of the items stated herein, the contractor hereby releases the Government from any and all liability under this contract for further equitable adjustments for such facts or circumstances giving rise to the "proposal for adjustment".

All other terms and conditions of this contract remain the same.

| | SCHEDULE Continued | | | | |
|---|---|---|---|---|---|
| ITEM NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE $ | AMOUNT $ |
| | Contracting Officer: David Bullard, 315-448-0930, david.bullard@gsa.gov <br><br> Primary Contracting Officer Representative: Erin Marshall, 315-448-0975, erin.marshall@gsa.gov <br><br> Alternate Contracting Officer Representative(s): None <br><br> Primary Technical Point of Contact: Erin Marshall, 315-448-0975, erin.marshall@gsa.gov <br><br> Alternate Technical Point of Contact(s): None | | | | |
| 0002 | (New Line Item) <br> MOD #1. <br> HAVC Controls, specified in original requirements, covered by Mistake in Bid <br><br> Accounting and Appropriation Data: <br> PN3BB0860.2014.192X.02.PG54.P0225540.N20.PG413. <br> RNY00281.NY0281ZZ.119. <br> $57,550.00 <br> PR NUMBER:  2PSEU-13-0012 SO1 <br> DELIVERY DATE: 04/01/2014 <br> SHIP TO: <br>     UPSTATE NEW YORK ENGINEERING <br>     100 SOUTH CLINTON STREET <br>     P.O. BOX 7005 ROOM 1350 <br>     SYRACUSE  NY  13261-7305 <br> FOB : Destination | 1.00 | LS | 57,550.00 | 57,550.00 |
| 0003 | (New Line Item) <br> MOD #1. <br> Remove all existing PTAC units per original contract requirements and install 15 new, non-refurbshed PTAC units. <br><br> Accounting and Appropriation Data: <br> PN3BB0860.2014.192X.02.PG54.P0225540.N20.PG413. <br> RNY00281.NY0281ZZ.119. <br> $21,493.00 <br> PR NUMBER:  2PSEU-13-0012 SO1 <br> DELIVERY DATE: 04/01/2014 <br> SHIP TO: <br>     UPSTATE NEW YORK ENGINEERING <br>     100 SOUTH CLINTON STREET <br>     P.O. BOX 7005 ROOM 1350 <br>     SYRACUSE  NY  13261-7305 <br> FOB : Destination | 1.00 | LS | 21,493.00 | 21,493.00 |

DATE:  11-23-13

Contract No.:  GS-02P-13-PW-C-0009
Modification No.: 1

PM:    Erin Marshall

CO:    David Bullard

## STATEMENT OF WORK

### GSA Public Building Services
### Upstate Service District
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8th FL US Attorney's construction within the James M. Hanley Federal Building.    This scope of work is for a contract modification to contract number GS-02P-13-PW-C-0009and shall be as outlined below.

### STATEMENT OF WORK REQUIRED:

1.0)   LOCATION:  James M. Hanley FB (NY0281ZZ), Syracuse, NY

2.0)   OBJECTIVE:   Receive contractor proposal to furnish all required labor, materials, and supervision to provide details in paragraph 3.0.

3.0)   PROJECT SCOPE:   Contractor shall provide all tools, equipment, materials, and labor to complete the following work:

**Line Item 1:**
Credit: Delete from contract requirement to refurbish 15 PTAC units.

Add: Remove and dispose of existing 15 PTAC units and replace with 15 new PTAC units (McQuay PKES1009UZ, heating and cooling).

3.1)   Contact GSA immediately if a conflict is discovered between the awarded contract documents and specifications and this scope of work. Scope of work is in addition to and in conjunction with the awarded contract documents and specifications.

3.2)   All work shall be done by personnel skilled in the type of work involved. When new work adjoins, connects or abuts existing work or facilities, the existing work or facilities shall be altered as required and the connections made in an approved and professional manner. All existing work damaged by the Contractor's operations, other than the material or facilities to be removed, shall be repaired or replaced by the Contractor at no additional cost to the Government.

## SPECIAL CONSIDERATIONS:

1.  The contractor shall not disclose any information concerning this project to any entity except GSA and shall direct any inquiries to the Contracting Officer.

2.  The contractor shall be required to comply with the scope requirements contained above.

3.  All measurements are approximate.

                    ****************************

# EXHIBIT G

**From:** David Bullard - 2PQAU <david.bullard@gsa.gov>
**To:** Claude Mayo <mayoclaude@aol.com>
**Cc:** Erin Marshall - 2PSEU <erin.marshall@gsa.gov>
**Subject:** Hanley 8th Floor US Attorney Project - Modification PS02
**Date:** Mon, Jan 13, 2014 2:43 pm
**Attachments:** Hanley_8th_Floor_Mod_PS02_Request_for_Proposal_-_13_Jan_2014.pdf (397K)

Claude,

We have attached a Request For Proposal for the Hanley 8th Floor US Attorney's Project, Modification PS02.  The proposal is due back in our office NLT 24 Jan 2014.

Thank you,

--

*David G. Bullard*

David G. Bullard
Contracting Officer
Acquisition Management  Division - 2PQA Upstate NY
Public Buildings Service
GSA, Northeast and Caribbean Region

W. 315-448-0930
C. 315-454-2538
E. david.bullard@gsa.gov

| | |
|---|---|
| **From:** | David Bullard - 2PQAU <david.bullard@gsa.gov> |
| **To:** | Claude Mayo <mayoclaude@aol.com>; Erin Marshall - 2PSEU <erin.marshall@gsa.gov> |
| **Cc:** | Don Davidson <don@davidsonbrown.pro>; Andrew Woodring - 2PSEU <andrew.woodring@gsa.gov>; Steven Patch <steven.patch@gsa.gov> |
| **Subject:** | Hanley 8th Floor US Attorney Project - Modification PS03 |
| **Date:** | Thu, Jan 16, 2014 12:06 pm |
| **Attachments:** | Hanley_8th_Floor_Mod_PS03_Request_for_Proposal_-_16_Jan_2014.pdf (1705K) |

Claude,

We have attached a Request For Proposal for the Hanley 8th Floor US Attorney's Project, GS-02P-13-PW-C-0009, Modification PS03. This is the second active RFP we are requesting. The proposal is also due back to our office NLT 24 Jan 2014.

Thank you,

--

*David G. Bullard*

David G. Bullard
Contracting Officer
Acquisition Management  Division - 2PQA Upstate NY
Public Buildings Service
GSA, Northeast and Caribbean Region

W. 315-448-0930
C. 315-454-2538
E. david.bullard@gsa.gov

# EXHIBIT H

-----Original Message-----
From: Erin Marshall - 2PSEU <erin.marshall@gsa.gov>
To: Claude Mayo <mayoclaude@aol.com>
Cc: Don Davidson <don@davidsonbrown.pro>; David Bullard <david.bullard@gsa.gov>; Rollins, Kenneth
(USAEO) (USAEO) <kenneth.rollins@usdoj.gov>; Andrew Woodring - 2PSEU <andrew.woodring@gsa.gov>;
Kevin Flanagan <kevin.flanagan@gsa.gov>
Sent: Tue, Mar 11, 2014 10:58 am
Subject: Re: Mod. PS03

Thank you Claude -

I this is exactly what I was looking for - I am however concerned with the cover sheet pricing you have listed for
the Z-ducts, can you please verify the credit amount you are showing?

Per the back up data you provided, the three line items are as follows (I have also attached the excel file (MOD #3
ZDucts-Wall-Partition-Doors-Duct-Barriers) that I received from you that listed these numbers).

Line Item #1 Credit $2,364.40
Line Items #2 Credit $230.00
Line Items #20 Add $465.75

These line items do not add up to the overall credit you have listed as being $1,170.00. Can you provide an
explanation or adjust as appropriate?

Your prompt response is requested, as we are all very aware of the long lead time for these doors to be ordered.

- Erin




Ms. Erin A. Marshall, PMP
Engineer
GSA Engineering Services Branch
Upstate New York (2PSEU)
Public Building Service
Northeast & Caribbean Region
315-448-0975 (Work)
315-530-2119 (Cell)
315-448-0929 (Fax)


On Tue, Mar 11, 2014 at 10:26 AM, Claude Mayo <mayoclaude@aol.com> wrote:
  Hi Erin,
  Attached is proposal modification PS03.
  Claude Mayo, President
  Claude Mayo Construction Company, Inc.
  53 Humber Avenue
  Buffalo, New York 14215-3114


file:///C/Users/tib/AppData/Local/Temp/XPGrpWise/545CAED5DM_PELOBO_PELO19...   5/18/2015



U.S. General Services Administration<br>Public Building Service

Dear Mr. Barr,

    I have reviewed your May 18, 2015 letter submitted to GSA on behalf of your client Claude Mayo Construction Company, Inc. (CMCC).  In your letter, you seek to have GSA rescind GSA's June 12, 2014 Notice of Termination, terminating CMCC's Contract, Contract No. GS-02P-13-PW-C-0009 ("Contract"), with GSA.  Consistent with that request, you have asked that GSA withdraw its claims against CMCC's Performance Bond, Bond S443011, and permit CMCC to complete the Contract, or in the alternative pay CMCC "all outstanding pay applications and lost profits due CMCC." Your letter addresses five examples, of CMCC's failure to comply with the Contract, cited by GSA in GSA's June 12, 2014 Notice of Termination. Your letter specifically addresses the following: 1) the failure of CMCC to start the project by the agreed upon date; 2) the failure of CMCC is provide a full-time Project Coordinator pursuant to Project Specification 013100-1.3.C; 3) the failure of CMCC to complete the project on time; 4) the failure of CMCC to respond to Request for Proposal for Modification PS02 and PS03; and 5) the failure of CMCC to comply with the coordination and inspection requirements of the Contract. Please be advised that after carefully considering your requests, your requests are denied for the reasons detailed below.

    CMCC was solely responsible for the failure to begin work in a timely manner after the issuance of the Preliminary Notice to Proceed.  CMCC was issued a Preliminary Notice to Proceed on August 2, 2013. In the Preliminary Notice to Proceed, CMCC was directed to begin the security clearance and submittal process.  CMCC was to inform GSA when it felt it had enough security clearances to start demolition. GSA would review the submittals, and if appropriate issue the Notice to Proceed (NTP).  CMCC notified GSA in an email dated November 12, 2013 that its electrical and mechanical contractors were ready to start the following week.  GSA issued the NTP on November 21, 2013.  The issuance of the NTP was based on CMCC's completion of preliminary tasks and not on evaluations related to PS01, which was issued on December 24, 2013, one month after the NTP.

    Your letter asserts that Don Davidson, a contractor, procured by GSA to provide construction quality management on this project, authorized Claude Mayo, President of CMCC to serve as Project Coordinator.  CMCC received a pre-construction packet of information, dated August 2, 2013, informing CMCC of GSA's authorized personnel under the Contract.  Don Davidson was not authorized to approve of CMCC's personnel, CMCC's work, or change the Contract in anyway.  Only GSA personnel had this authority. Therefore Don Davidson did not have authority to approve or accept Claude Mayo as Project Coordinator. The email that appears in Exhibit E to your letter was sent because Don Davidson, during his construction quality inspections, was concerned that a full-time Project Coordinator was not on the

A69

construction site.  In fact the inspection reports you cite in your letter, also notes that the project does not have a Project Coordinator. See Exhibit A.  Don Davidson asked Claude Mayo tell provide him the name of the individual performing the duties of the Project Coordinator. When Claude stated that Claude himself was performing those duties, it confirmed to Don Davidson and GSA that Claude was performing two or more duties himself and that the Project lacked a full-time Project Coordinator.  This was concerning, because the quality of construction was suffering, as reported by Mr. Davidson.  Subsequently, GSA directed CMCC to hire a coordinator pursuant to the contract and have Claude Mayo relinquish the work associated with the Project Coordinator position.

GSA agrees that the Contract completion date was April 21, 2014. GSA attempted to have CMCC execute a change order that recognized that date, but CMCC refused to sign. GSA, executed a unilateral change order changing the completion date on April 17, 2014  See Exhibit B.

Your claim that GSA was aware of the 12 week lead time for new PTAC is false.  There was no notice of a 12 week lead time provided to GSA by CMCC prior to execution of the modification by GSA and CMCC, and your letter is the first time that GSA was informed of a holiday shut down by the manufacturing plant.  GSA awarded Modification PS01 to provide for new PTACs on December 24, 2013 and stated the new Contract date of April 1, 2014.  CMCC signed the modification agreeing to the date of April 1.  As noted above, GSA issued PA04 to correct the Contract completion date, and ultimately issued it unilaterally.  A time extension of the April 21, 2014 date to account for a 12 week lead time would have been unnecessary. CMCC sent the PTAC submittal to GSA on February 3, 2014, and it was approved and returned to CMCC on February 18, 2014. CMCC, 62 days after execution of PS01, sent an email, dated February 24, 2014, informing GSA that PTACs would not be shipped until April 11, 2015.  If CMCC had submitted the PTAC info in early January, instead of February, that would have gained CMCC an extra 4 weeks.  The delay in procurement of the PTAC units was due to CMCC's inaction.

In addressing CMCC's failure to respond to Requests for Proposals for Modifications PS02 and PS03, your letter fails to recognize that CMCC's initial submissions in response to the respective RFPs for PS02 and PS03 were nonresponsive.  The submissions provided by CMCC in both instances were incorrect and required further details.  After repeated meetings with CMCC to work through the issues related to the carpet padding and quotes for costs, GSA did not believe the parties could mutually agree on quotes. As of March 11, 2014, there were still unresolved pricing questions on PS03 that the GSA and CMCC were still trying to work out as represented in Exhibit H of your letter.

Please review, in regards to PS02, your client's response to the Show Cause Letter issued to CMCC. In the response, CMCC stated that they had attached emails sent and received for pricing of mod#2, and this pricing was used to develop the proposal. However, GSA had information that the price quoted to CMCC, by its subcontractor, was less than the price CMCC was attempting to charge GSA. CMCC's confirmed of this in a letter, which CMCC provided in support of its response to the Show Cause Letter. CMCC's supporting letter

included a price that was $1,000 less than the pricing CMCC offered GSA in its response to the RFP for PS02. During the meetings to negotiate PS02, GSA questioned why CMC was asking for $1,000 more than the price provided by its sub-contractor. CMCC was unable to provide GSA an explanation. GSA made several calls and were able to find alternative pricing that was substantially less than the prices CMCC quoted to GSA. When confronted with this, CMCC stated it did not want to do business with the lowest priced vendor contacted by GSA due to reasons CMCC was not willing to share. GSA was able to find lower prices on the market and directed CMCC to make several more calls and re-submit its PS02 pricing.

Please be advised that you are citing incomplete facts to support your contention that CMCC provided submittals related to Change Order PS03 but never received GSA approval to move forward. While it is true that CMCC provided a submittal, documented in the GSA submittal log and dated September 30, 2013, the submittal was marked revise and re-submit. CMCC never re-submitted an accurate submittal for the doors. GSA is not responsible for CMCC's failure to review its outstanding submittal for doors and re-submit before the doors' lead time impacted the schedule. Furthermore, the email quote from Erin Marshall, in Exhibit H to your letter dated May 18, 2015, is taken out of context.  Ms. Marshall initially asked for a consolidated Modification No. 3 (PS03) that included all of the items required for the work detailed in PS03.  When CMCC finally submitted a consolidated PS03 modification on March 11, 2015, Ms. Marshall's response was to indicate that CMCC had finally provided what she was looking for in terms of form or "this is exactly what I am looking for" and not a judgment on whether the contents of the submission was acceptable for approval.

CMCC failed to comply with coordination and inspection requirements and your general comments rejecting GSA's position are lacking in support.  It was not GSA's or it CQM contractor's responsibility to coordinate CMCC's work.  GSA's CQM noted that coordination was not taking place by CMCC.  Issues of noncompliance were documented, and CMCC was notified.  GSA informed CMCC in weekly meeting that GSA needed to inspect CMCC's work prior to CMCC closing the walls. Don Davidson documented CMCC's lack of coordination, but that did not represent approval or concurrence with CMCC's performance and compliance with the terms and conditions of the Contract.

As a result of the foregoing, your requests, on behalf of CMCC, that GSA rescind the Notice of Termination, withdraw GSA's claims against CMCC's Performance Bond, Bond S443011, and permit CMCC to complete the Contract, or in the alternative pay CMCC "all outstanding pay applications and lost profits due CMCC, is denied.  This is the final decision of the contracting officer.

Pursuant to the Contracts Disputes Act of 1978, this decision may be appealed to the Civilian Board of Contracts Appeals, Washington, D.C. 20405.  If you decide to make such an appeal, you must mail or otherwise furnish written notice thereof to the Board of Contract Appeals within (90) days from the date you receive this decision.  A copy thereof shall be furnished to the Contracting Officer from whose decision the appeal is taken.  The Notice of Appeal, which is to be signed by you as the contractor or by an attorney acting on your behalf and which must be in letter form, should indicate that an appeal is intended, should refer to this decision and should identify the contract and item by number.  The Notice of Appeal should include a statement of the reasons why the decision is considered to be erroneous.  In lieu of appealing to the Board of Contract Appeals, you may bring an action directly to the U.S. Claims Court; within twelve months of the date you received the decision.

Sincerely,

Charles Ferro

GSA Contracting Officer

Enclosure:  Exhibit A, Exhibit B



PROJECT:            Hanley – 8th Floor US Attorney's District Office

MEETING DATE:       6/09/2014

LOCATION:           Hanley FB, Room 1350

SUBJECT:            Progress Meeting Minutes (Agenda) # 30

PARTICIPANTS:

| ATTENDED | ATTENDEE NAME | COMPANY NAME | Role/Responsibility |
|---|---|---|---|
| Y | Erin Marshall | GSA | Project Manager |
| N | Dave Bullard | GSA | Contracting Officer |
| Y | Don Davidson | GSA | CQM |
| Y | Alex Clement | N.K. Bhandari | Architect |
| N | Jessica Sappington | N.K. Bhandari | Architect Support |
| Y | Claude Mayo | Claude Mayo | Principal |
| N | Elizabeth Olp | GSA | Property Manager |
| N | Steve Martin | USDOJ | Architect |
| Y | Ken Rollins | USDOJ | Architect |
| N | Michael Carroll | USDOJ | Security |
| Y | Martha Stratton | USDOJ | Office Administrator |
| N | Juanita Miranda | USAEO | Customer |
| N | Kevin Flanagan | GSA | Contracting Supervisor |
| N | Andy Woodring | GSA | Engineering Supervisor |
| N | Steve Patch | GSA | Contracting Specialist |
| N | Gerald McMullen | GSA | Asset Manager |
| N | Jim Astoria | BRCS | Building Maintenance Contract |
| N | Chuck Ferro | GSA | Contracting Officer |
| N | Sandra Hutchinson | GSA | GSA Realty Specialist |
| N | Michael Weyman | Weyman Electric | Representative |

## 1.0  SAFETY/SECURITY:

- If safety concerns are identified when visiting the site the GSA and CQM will bring these items to the Contractor's attention. This does not alleviate the contractor from performing their own safety reviews and following construction safety procedures.

2.0   PAY APPLICATIONS/PROGRESS PAYMENTS:
    No outstanding payments.


3.0   MOD'S:
- o   No outstanding MODs


4.0   SCHEDULE:  ACCOMPLISHMENTS/ NEXT STEPS/ISSUES/RISKS:
- •   No schedule update provided by Contractor.  Claude comments that there are no changes.  Erin reminded Claude that it is possible to still submit a weekly schedule that reflects the impact of the stop work delays.
    - o   6/09/14 – Claude commented that there is no update to his schedule.


5.0   SUBMITTALS:
- •   The following critical items are noted as outstanding and/or missing to include, but not limited to:
    - o   6/9/2014
        - ▪   The Contractor has not submitted ductwork shop drawings.
        - ▪   The coordination drawings are rejected to be revised and resubmitted. Contractor provided no information on time of resubmittal.  Claude mentioned that Z ducts are shown on the coordination drawings, and he expected his mechanical contractor to attend the meeting to ask questions.
        - ▪   Claude commented that there is no update to his submittal log.


6.0 RFI's
- •   No outstanding RFIs.


7.0  QUALITY ASSURANCE/QUALITY CONTROL:
- •   Ongoing comments:
    - o   All required testing must be coordinated and scheduled with the CQM
    - o   No insulating of piping without inspection and accepted test reports
    - o   No ceiling close-ins without CQM inspection.
    - o   No floor or ceiling joint sealants without CQM inspection
    - o   Erin notified the Contractor that all work must be inspected by the CQM before it is covered up by other work and/or finishes. Work that is not inspected and is invoiced for, will not be paid.  Claude asked for an example, and Don identified wall terminations between walls as one example.
    - o   Don highly recommended to the Contractor to communicate with him concerning the execution of the work to lessen the potential for discrepancies.
    - o   Fireproofing: The Government is expecting the Contractor to do the work.

- The following non-compliance items are outstanding:
  - DRYWALL TO CEILING – Contractor commented he will do the work at a later date. Date unknown.
  - DRYWALL TO FLOOR - Contractor commented he will do the work at a later date. Date unknown.
  - SOUND INSULATION CONFERENCE ROOM – Contractor commented he will do the work at a later date. Date unknown. Don and Ken emphasized the importance of this work done properly.

## 8.0  PROPERTY MANAGEMENT:

- No outstanding items.

## 9.0   COMMISSIONING:

- N/A

## 10.0   PUNCHLIST:
   N/A

## 11.0  ACTION ITEMS LIST:
- There are 3 items on the list. See list for details.

## 12.0  NEW BUSINESS:

- ONGOING COMMENT:  2/18 – As a matter of record, professional conduct, is expected by all parties at all times during these progress meetings. If at any time, a professional atmosphere is not being maintained the meeting will be canceled and all parties asked to leave. Profanity and raised voices is not acceptable at any time.

- ONGOING COMMENT: 2/18 – There remains grave concerns on behalf of the GSA related to the outstanding modifications, submittals, coordination drawings and schedule. Claude addressed numerous items that have been previously responded to and handled under the RFI/Submittal process – fire proofing, stud issues, door hardware, construction management staff, etc.  The GSA contracting and engineering staff present all agreed that any documents that Claude can present that these items were not required or were removed from the contract would be considered. In lieu of any contract modifications, all work required by the specifications and drawings is required and expected to be performed within the contract timeframe.  This is the reason for the issuance of the Cure notice to the contractor.

- 5/19 – David Bullard made the following comments:

  o The project completion date was April 21, 2014
  o Chuck Ferro is the Contracting Officer of record
  o Liquidated damages is in affect every day starting from April 22, 2014
  o Modifications 2 & 3 have been rescinded.  Elements of work such as sprinkler, carpet, HVAC, and doors have been considered by the Government to be deducted from the Contractor's contract to be performed by others. If these elements are removed from the contract, this will be done by the formal modification process.
  o Modification 4 extended the project completion date to April 21, 2014, and issued on April 17, 2014.  This extension took into account for time required for security clearances and other matters. The contractor had 150 days from the Official Notice To Proceed.
  o As of date, the Contractor has not provided coordination drawings that meet the approval as required by the project specifications.
  o A Stop Work notice to show cause has been issued.  Another Show Cause notice will be issued requiring the Contractor to respond within ten (10) days.  The Contractor risks termination on the project.

- 6/9 – Erin commented the GSA received the Contractor's response to the show cause letter on 5/28/2014.  The letter is under review and the GSA expects to respond this week.
- 6/9 – Erin commented that any questions from the Contractor can be submitted via RFI.

## 13.0  NEXT MEETING
DATE: Monday June 16, 2014
TIME: 11:00 AM
Conference Call No:  1-877-936-5069; Passcode 200724

**ATTACHMENTS:** Action log list, Project Schedule, RFI Log

**Meeting Minutes Prepared by:** Don Davidson, Reviewed by Erin Marshall and Andy Woodring
This record represents the writer's best interpretation of items discussed. Unless notified in writing to the contrary, within seven days after receipt of these minutes, it is assumed that all attendees and recipients are in substantial agreement with this record.

UPDATED 6/09/2014

## GSA ACTION LOG

| Item Number | Reference MM# & Date | Date Opened | Description | Owner | Support | Current Status | Updated Date | Resolution / Comments | RFP / Modification | RFP # | Due Date | Actual Resolution Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | MM-01 11/12/2013 | 11/12/2013 | REVIEW CONTROLS PRICING | GSA | GSA | CLOSED | | MOD-01 PTACs & HVAC CONTROLS NO FURTHER ACTION REQUIRED | MOD-01 | 01/01/00 | 11/22/2013 | 12/11/13 |
| 2 | 11/25/2013 | 11/25/2013 | USDOJ SECURITY SOW | GSA | GSA | CLOSED | | | NA | NA | 12/6/2013 | 12/23/13 |
| 3 | MM-02 12/6/2013 | 12/6/2013 | CARPET PADDING | GSA | GSA | CLOSED | | MOD-01 CARPET PADDING & WINDOW TRIM | MOD-02 | 01/13/14 | 01/24/14 | 01/13/13 |
| 4 | MM-03 12/23/2013 | 12/23/2013 | USAO SECURITY MODIFICATIONS | GSA | GSA | CLOSED | | MOD-03 DOORS Z DUCTS BARRIERS | MOD-03 | 01/16/14 | 01/24/14 | 01/16/14 |
| 5 | Specification 012000-1,4-D-1 | 2/18/14 | PROJECT SCHEDULE | CONTRACTOR | CONTRACTOR | CLOSED | | SCHEDULE UPDATING - LAST SUBMITTED 1/6/2014 - CONTRACTOR | | | | 3/3/14 |
| 6 | Specification 013300-1,3-B | 2/18/14 | SUBMITTAL PROCEDURES AND LOG | CONTRACTOR | CONTRACTOR | OPEN | | SUBMITTAL LOG UNCOORDINATED WITH NKB LOG & SOME WORK PROCEEDING WITHOUT SUBMITTAL SUBMISSION FROM CONTRACTOR. 5/12- CONTRACTOR SAYS HE WILL RESEND HIS UPDATED VERSION. | | | | |
| 7 | MM-02 | 2/18/14 | WAITING FOR PRICING BREAKOUT FOR CARPET PADDING | CONTRACTOR | CONTRACTOR | CLOSED | | THE GOVERNMENT RESCINDED THIS MODIFICATION 3/31/2014 | | | | 3/31/14 |
| 8 | MM-03 | 2/18/14 | WAITING FOR PRICING BREAKOUT FOR USAO SECURITY MODIFICATIONS | CONTRACTOR | CONTRACTOR | CLOSED | | THE GOVERNMENT RESCINDED THIS MODIFICATION 3/31/2014 | | | 3/31/14 | 3/31/14 |
| 9 | Specification 013100-1,2-B | 2/18/14 | WAITING FOR COORDINATION DRAWINGS - ONSITE WORK STARTED 11/2013. | CONTRACTOR | CONTRACTOR | OPEN | | TWO OR MORE TRADES OR SUBCONTRACTORS INSTALLING WORK WITHOUT COORDINATION DRAWINGS - DRAWINGS NOT APPROVED AND AWAITING CONTRACTOR RESUBMITTAL. | | | | |

A77

| | | | | CONTRACTOR | CONTRACTOR | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 10 | MM-04 3/26/14 | 3/26/14 | GOVERNMENT EXTENSION OF CONTRACT | CONTRACTOR | GSA | CLOSED | | MOD-04 | 4/14/2014 |
| 11 | Carpet | 5/2/14 | DELIVERY OF CARPET AND COVE BASE | GSA | GSA | OPEN | CONTRACTOR WILL NOT SIGN AND GSA HAS TAKEN ADMINISTRATIVE ACTION TO DETERMINE DELIVERY REQUIREMENTS. IF STOP WORK ORDER IS LIFTED, THE GSA WILL GIVE GUIDENCE ON DELIVERY | | |
| 12 | | | | | | | | | |
| 13 | | | | | | | | | |
| 14 | | | | | | | | | |
| 15 | | | | | | | | | |
| 16 | | | | | | | | | |
| 17 | | | | | | | | | |
| 18 | | | | | | | | | |
| 19 | | | | | | | | | |

Page 2

Sheet

Sheet

| Item Number | TASK Subject | Date Opened | OWNER — Discipline | Owner | Other | STATUS Current Status | Resolution / Comments (Updated 6/09/14) | Response Date |
|---|---|---|---|---|---|---|---|---|
| 1 | SPRINKLER CALCULATIONS | 8/27/13 | PLUMBING | | | CLOSED | Provide hydraulic calculations per Specification Section 21000, Paragraph 1.3D. Paul Bartow, RAM-Tech Engineers, P.C. 8/30/13. | 9/4/13 |
| 2 | LAMINATE COLORS | 8/27/13 | PLUMBING | | | CLOSED | LAMINATE COLORS IN BREAK RM./COPY RM./SERVICE COUNTER AND WOOD EDGE TRIM COLOR. WINDOW TRIM COLOR AND FOOTAGE/WAL CAP. LAMINATE COLOR | 9/6/13 |
| 3 | LAMINATE COLORS | 8/27/13 | ARCHITECTURAL | | | CLOSED | Refer to RI-01 for clarifications. | 09/04/13 |
| 4 | SPRINKLER CALCULATIONS | 8/27/13 | PLUMBING | | | CLOSED | We are requiring the calculations since they were specified. We concur that sprinkler head relocation projects typically do not require hydraulic calculation Please refer to the attached document (physical security SOW) that contains the relevant information requested in the RFI | 09/27/13 |
| 5 | DOOR/FRAME DIMENSIONS | 10/23/13 | ARCHITECTURAL | | | CLOSED | Install per Secur't SOW GE 2767 Magnetic Contact | 11/4/13 |
| 5R | FIRE RATING DOORS 100 & 101 | 11/13/13 | ARCHITECTURAL | | | CLOSED | There is no requirement for the partitions where Door Nos. 100 and 101 are located to be fire-rated. Subsequently, a fire-rating is not required for the door | 11/13/13 |
| 6 | MICROWAVE SIZE | 10/23/13 | ARCHITECTURAL | | | CLOSED | Microwave dimensions in inches (LxWxH): 22 x 19 x13. | 11/4/13 |
| 7 | NON-STRUCTURAL METAL FRAMING | 10/25/13 | ARCHITECTURAL | | | CLOSED | Design thickness of 0.0346 (as shown in Buildstrong geometric properties listing) is acceptable. | 11/14/13 |
| 8 | NON-STRUCTURAL METAL FRAMING | 12/4/13 | ARCHITECTURAL | | | CLOSED | The RFI response has been reviewed and approve. The response is for information purposes only. Please review submittal #00RFZ, specification section 092216. | 12/8/13 |
| 8A | NON-STRUCTURAL METAL FRAMING | 10/25/14 | MECHANICAL | | | CLOSED | Contractor is requested to provide a quote to replace the PTACs in lieu o rehabilitating them. | 11/14/14 |
| 9 | PTAC REHABILITATION | | ELECTRICAL | | | CLOSED | USAO MASTER SPEC describes the black box as a Hirsch MBI | 12/22/2013 |
| 10 | SECURITY | 11/25/13 | FIRE PROTECTION | | | CLOSED | Provide additional amplifier as required for additional fire alarm speaker | 2/7/2015 |
| 11 | FIRE ALARM | 11/27/13 | ARCHITECTURAL | | | CLOSED | Contractor to remove minimum amount of fireproofing to allow for the installation of the new steel stud walls, and reapply fireproofing over the track t maintain the fire resistance. | 12/20/2013 |
| 12 | NON-STRUCTURAL METAL FRAMING | 12/11/13 | ARCHITECTURAL | | | CLOSED | Cutting and patching of fireproofing provided thru pre-bid meeting, and referenced in spec sections. Retro Guard Approved | 12/31/2013 |
| 13 | FIREPROOFING | 12/18/13 | MECHANICAL | | | CLOSED | Do not change the sequence of operation as noted in the specifications. | 12/31/13 |
| 14 | BOILER SEQUENCE (CONTROLS) | 12/21/13 | ELECTRICAL | | | CLOSED | Remove abandoned conduit and wire. Coordinate with Property Management. | 12/31/13 |
| 15 | SPEAKER SYSTEM | 12/21/13 | ELECTRICAL | | | CLOSED | Remove abandoned conduit and wire. Coordinate with Property Management. | 12/31/13 |
| 16 | DEMO DRAWING E1.01 | 12/21/13 | ELECTRICAL | | | CLOSED | Relocate vertical riser as recommended by Contractor directly into LAN room. | 12/31/13 |
| 17 | RELOCATE CONDUIT | 12/21/13 | ELECTRICAL | | | CLOSED | The requested door 1×3/4" thick STC-50 frames and doors assembly can be submitted for use on this job. | 1/6/14 |
| 18 | SOUND CONTROL DOORS | 12/21/13 | ARCHITECTURAL | | | CLOSED | The requirement for submitting corner samples is waived. | 12/31/13 |
| 19 | SOUND CONTROL DOOR & FRAME CORNER SAMPLE | 12/21/13 | ARCHITECTURAL | | | CLOSED | According to Facility Personnel there is sufficient capacity. Contractor to coordinate with Property Management. | 12/31/13 |
| 20 | SILENT KNIGHT FIRE ALARM | | ELECTRICAL | | | CLOSED | | 1/9/14 |

Page 1

| # | Description | Date | Discipline | Agency | Status | Response | Date |
|---|---|---|---|---|---|---|---|
| 21 | HYDRONIC PIPING AND DUCTWORK COORDINATION | 2/3/14 | MECHANICAL | | CLOSED | (1) Cap off air supply where noted in response. (2) Contractor to provide drawing of proposed duct routing to align with existing condition. (3) Alternate pipe routing proposed is acceptable | 2/10/2014 Mtg. Min & 2/14/2014 |
| 22 | PANEL LP-8 | 2/3/14 | ELECTRICAL | | CLOSED | The three 277v circuits shown to go to LP-8 should have gone to panel NL-8. | 2/7/14 |
| 23 | RECEPTION PANIC BUTTON | 2/20/14 | ELECTRICAL | GSA | CLOSED | No further action required by Contractor. Work to be performed by Agency. | 3/3/14 |
| 24 | SUBMETERING UNIT FOR EACH CIRCUIT PANEL | 2/24/14 | ELECTRICAL | GSA | CLOSED | The contact information included in Note 5 is the corporate contact. The local contact Schneider ION EEM building systems is John Blaisdel (315-233-5681). Contractor shall coordinate with the local contact to ascertain the requested information on the Head End. | 3/14/14 |
| 25 | SPRINKLER SUBMITTALS | 3/25/14 | MECHANICAL | | CLOSED | Provide an appropriate solution for review and compliance. | 3/28/14 |
| 26 | Floor Drain Location for Sprinkler System | 4/30/14 | MECHANICAL | GSA | CLOSED | Provide requested control valve and water flow switch along with a test-n-drain with the drain line run to existing mop sink and drain in Room 835. | 5/21/14 |

Page 2

A80

NTP: 11/21/13
Date: 3/22/14

# CLAUDE MAYO CONSTRUCTION COMPANY, INC.
### 53 HUMBER AVENUE, BUFFALO, NEW YORK 14215
**PROJECT SCHEDULE: JAMES M. HANLEY FB CH 8th FLOOR US ATTORNEYS OFFICE RENOVATION PROJECT No. RNY00479**

Column dates below are expressed as month + week-ending day (e.g. N29 = November 29). Week beginning / ending reference rows are given first.

| No. | Description of Work | N8 | N15 | N22 | N29 | D6 | D13 | D20 | D27 | J3 | J10 | J17 | J24 | J31 | F7 | F14 | F21 | F28 | M7 | M14 | M21 | M28 | A4 | A11 | A18 | A25 | My2 | My9 | My16 | My23 | My30 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | WEEK BEGINNING | 4 | 11 | 18 | 25 | 2 | 9 | 16 | 23 | 30 | 6 | 13 | 20 | 27 | 3 | 10 | 17 | 24 | 3 | 10 | 17 | 24 | 31 | 7 | 14 | 21 | 28 | 5 | 12 | 19 | 27 |
| | WEEK ENDING | 8 | 15 | 22 | 29 | 6 | 13 | 20 | 27 | 31 | 10 | 17 | 24 | 31 | 7 | 14 | 21 | 28 | 7 | 14 | 21 | 28 | 4 | 11 | 18 | 25 | 2 | 9 | 16 | 23 | 30 |
| 017419 | Dumpster Placement | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 015000 | Floor and Wall Protection | | | | X | | | | | | | | | | | | | | | | | | | | | | | | | | |
| 024119 | Partition and Door Removal | | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | | |
| 024119 | Remove Floor Carpet and Tile | | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | | |
| 260500 | Electrical and Fire Alarm Demo | | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | | |
| 024119 | Suspended Ceiling Removal | | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | | |
| 024119 | Partition and Door Removal | | | | | X | X | | | | | | | | | | | | | | | | | | | | | | | | |
| 230900 | HVAC Demo | | | | | | | | | X | X | | | | | | | | | | | | | | | | | | | | |
| 220518 | Plumbing Demo | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | |
| 210000 | Sprinkler Demo | | | | | | | | | | X | | | | | | | | | | | | | | | | | | | | |
| 092216 | Metal Stud Framing | | | | | | | X | X | X | X | | | | | | | | | | | | | | | | | | | | |
| 081113 | Door Frame Installation | | | | | | | | | | | X | X | | | | | | | | | | | | | | | | | | |
| 210000 | Sprinkler Rough-in | | | | | | | | | | | | X | X | | | | | | | | | | | | | | | | | |
| 230900 | HVAC Rough-in   Metal Ducts | | | | | | | | | | | | | | X | X | X | X | X | | | | | | | | | | | | |
| | VAV shipped | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | VAV installed | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Mod #1 PTAC | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| **A81** | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PTAC Shipped | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | PTAC Installed | | | | | | | | | | | | | | | | | | | | | | | | X | | | | | | |
| | Mod #2 Add Carpet Padding | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Mod #2 Add Carpet Padding | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Mod #3 Elemate 4 Z ducts | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Mod #3 Change Door Hardware | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Mod #3 Signed | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Change Hardware   See Attached emails | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Bullet Door Submittal   2/24/14 | | | | | | | | | | | | | | | | | X | | | | | | | | | | | | | |
| | Bullet Door Submittal returned | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| | Bullet Door Order Lead Time   12 Weeks | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| No. | Description of Work | N8 | N15 | N22 | N29 | D6 | D13 | D20 | D27 | J3 | J10 | J17 | J24 | J31 | F7 | F14 | F21 | F28 | M7 | M14 | M21 | M28 | A4 | A11 | A18 | A25 | My2 | My9 | My16 | My23 | My30 |
| | WEEK BEGINNING | 4 | 11 | 18 | 25 | 2 | 9 | 16 | 23 | 30 | 6 | 13 | 20 | 27 | 3 | 10 | 17 | 24 | 3 | 10 | 17 | 24 | 31 | 7 | 14 | 21 | 28 | 5 | 12 | 19 | 27 |
| | WEEK ENDING | 8 | 15 | 22 | 29 | 6 | 13 | 20 | 27 | 31 | 10 | 17 | 24 | 31 | 7 | 14 | 21 | 28 | 7 | 14 | 21 | 28 | 4 | 11 | 18 | 25 | 2 | 9 | 16 | 23 | 30 |
| 260500 | Bullet Door Installation | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | X |
| 260500 | Electrical and Fire Alarm Rough-in Low Vol | | | | | | | | | | | | X | X | | | | | | | | | | | | | | | | | |

NTP: 11/21/13
Date: 3/22/14

# CLAUDE MAYO CONSTRU    JN COMPANY, INC.
### 53 HUMBER AVENUE, BUFFALO, NEW YORK 14215

**PROJECT SCHEDULE: JAMES M. HANLEY FB CH 8th FLOOR US ATTORNEYS OFFICE RENOVATION PROJECT No. RNY00479**

| Code | Description | Schedule Marks |
|---|---|---|
| 221316 | Plumbing Rough-in | X X |
| | Sound Attenuation Blankets Installation | X |
| 133070 | Bullett Resistant Board | |
| 092000 | Gypsum Wall Board | X X X |
| 092000 | Tape and Finish Gypsum Wall Board | X X X ... X |
| 099123 | Prime Paint | X X X |
| 099123 | 1st Coat Paint | X X X |
| 095113 | Suspended Ceiling Grid | X X |
| 210000 | Sprinkler Heads Rough-in | X X |
| 233713 | Diffuser Installation | |
| 265100 | Ceilings Lights | X X |
| 260923 | Duplex Receptacles  lighting Control Devices | X X |
| 064023 | Cabinet and Countertop  installation | X |
| 114000 | Foodservice Equipment | X |
| 224216 | Commercial Sinks | X X |
| 099123 | 2nd Coat Paint | X X |
| 08I16 | Doors and Hardware | X X |
| | special colors for doors | |
| | Sound Door Frames shipped | |
| | Sound door Frames Installed | |
| **A82** | | |
| 095113 | Acoustical Ceilings Panels | X X |
| 097200 | Wallcovering | X X |
| 102800 | Toilet, Bath And Laundry Accessories | X X |
| 096519 | Floor Prep | |
| 096519 | Resilient Tile Flooring | X X |
| 096816 | Sheet Carpeting | X X |
| 096513 | Resilient Base | X |
| | Roller Window Shades | X |
| 017700 | Punch List | X X |
| | Project Closeout | X X |

**GSA SUBMITTAL LOG - 06/09/2014**

| Instance No (A) | Spec Section (C) | Description of Items Submitted (D) | Spec Par No (E) | Material Needed By (I) | Contractor Action — Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Approving Authority — Action Code (O) | Date of Action (P) | Mailed to Contractor – Date Received from Contractor (Q) | | Remarks (R) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **DIVISION 1 – GENERAL REQUIREMENTS** | | | | | | | | | | | | | | |
| | 012900 | **Project Meetings** | | | | | | | | | | | | |
| 003 | | Project Construction Schedule | 1.3-B-1.a | | | | | | | O | | 9/3/2013 | 1 | |
| 005 | | Schedule of Values | 1.3-2 | | | | | | | C | | 9/4/2013 | | CLOSED - No Exceptions Taken |
| | 013100 | **Project Management & Coordination** | | | | | | | | | | | | |
| 064 | | Coordination Drawings | 1.2B | | | | 3/4/14 | | | O | | 3/17/2014 | 1 | OPEN - Revise & Resubmit |
| | | Environmental Control Officer | 1.3B | | | | | | | O | | | 1 | OPEN - Not Submitted |
| | | Project Coordinator | 1.3C | | | | | | | O | | | | OPEN - Not Submitted |
| 004 | | Submittal Log Template | ? | | | | | | | C | | 9/4/2013 | | CLOSED - APPROVED AS NOTED |
| | 015410 | **SECURITY REGULATIONS** | | | | | | | | | | | | |
| 002 | | Security Requirements | | | | | | | | | 8/29/13 | | 1 | ONGOING |
| | 015460 | **Safety & Health** | | | | | | | | | | | | |
| | | Accident Reporting | 1.5A | | | | | | | | | | | |
| | | Special Work Permits | 1.5B | | | | | | | | | | | |
| | | Other (Specialized) | 1.5C | | | | | | | | | | | |
| | 016000 | **Product Requirements** | | | | | | | | | | | | |
| | | Request for Substitution | 1.2A | | | | | | | | | | | |
| | | Labels & Listings | 1.2B | | | | | | | | | | | |
| | 017329 | **Cutting & Patching** | | | | | | | | | | | | |
| | | C & P Proposal | 1.4A | | | | | | | O | | | 1 | OPEN - Not Submitted |
| | 017419 | **Const. Waste Mgmt. & Disposal** | | | | | | | | | | | | |
| 031 | | Waste Reduction Progress Report | 1.5A | | | | 10/24/13 | | | O | 10/31/13 | | | CLOSED - Make Corrections as Noted |
| | | Recycling & Processing Facility Report | 1.5B | | | | 10/24/13 | | | C | | | | |
| | | Landfill & Incineration Disposal Record | 1.5C | | | | 10/24/13 | | | C | | | | |
| 031 | | Waste Management Plan | 1.7 | | | | 10/24/13 | | | O | 10/31/13 | | | CLOSED - Make Corrections as Noted |
| | 017700 | **Project Closeout** | | | | | | | | | | | | |
| | | Record Document | 1.4A | | | | | | | O | | | 1 | OPEN - Not Submitted |
| | | Misc. Record Submittals | 1.4B | | | | | | | O | | | 1 | OPEN - Not Submitted |
| | 017823 | **Operation & Maintenance Data** | | | | | | | | | | | | |
| | | Closeout Manuals - Initial Submittal | 1.4C | | | | | | | O | | | 1 | OPEN - Not Submitted |
| | | Closeout Manuals - Final Submittal | 1.4C | | | | | | | O | | | 1 | OPEN - Not Submitted |
| **DIVISION 2 – EXISTING CONDITIONS** | | | | | | | | | | | | | | |

**GSA SUBMITTAL LOG - 06/09/2014**

| (A) | (B) Spec Section | (C) | (D) Description of Items Submitted | (E) Spec. Par. No. | (I) Material Needed By | (J) Action Code | (K) Date of Action | (L) Date Forwarded to Approving Authority from Contractor | (M) Date Forwarded to Other Reviewer | (N) Date Received from other Reviewer | (O) Action Code | (P) Date of Action | (Q) Date Received from - Mailed to Contractor - Approving Authority | (R) Remarks | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 024119 | **Selective Structural Demolition** | | | | | | | | | | | | |
| | | | Demolition Firm Qualifications | 1.4A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | | Schedule of Selective Activities | 1.4B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | **DIVISION 6 - WOODS, PLASTICS, AND COMPOSITES** | | | | | | | | | | | | | |
| | | 061053 | **Rough Carpentry** | | | | | | | | | | | | |
| | | | Product Data | 1.4A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | | Research/Evaluation Reports | 1.4B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | 064023 | **Interior Architectural Woodwork** | | | | | | | | | | | | |
| | 023 & 041 | | Product Data | 1.4A | | | | 12/10/13 | | | O | | 12/16/13 | OPEN - 23R (R&R - 10/17/13); & No resubmittal | 1 |
| | 023 & 041 | | Shop drawings | 1.4B | | | | 12/10/13 | | | O | | 12/16/13 | OPEN - 2Revise & Resubmit | 1 |
| | 023 & 041 | | Samples - Plastic Laminate | 1.4C.1 | | | | 12/10/13 | | | O | | 12/16/13 | OPEN - 2Revise & Resubmit | 1 |
| | 023 & 041 | | Samples - Thermoset Decorative Panels | 1.4C.2 | | | | 12/10/13 | | | O | | 12/16/13 | OPEN - 2Revise & Resubmit | 1 |
| | 023 & 041 | | Samples for Verification | 1.4D | | | | 12/10/13 | | | O | | 12/16/13 | OPEN - 2Revise & Resubmit | 1 |
| | 023 & 041 | | Product Certificates | 1.4E | | | | 12/10/13 | | | O | | 12/16/13 | OPEN - 2Revise & Resubmit | 1 |
| | 023 & 041 | | Fabricator's qualifications | 1.5A | | | | 12/10/13 | | | O | | 12/16/13 | OPEN - 2Revise & Resubmit | 1 |
| | | **DIVISION 7 - THERMAL AND MOISTURE PROTECTION** | | | | | | | | | | | | | |
| | | 078413 | **Penetration Firestopping** | | | | | | | | | | | | |
| | 66 | | Product Data | 1.3A | | | | 3/10/14 | | | O | | 4/10/2014 | OPEN - Revise & Resubmit | 1 |
| | | | Product Schedule | 1.3B | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Installer's Qualification Data | 1.3C | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Installer's Certificates | 1.3D | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Product Test Reports | 1.3E | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Shop Drawings | 1.3F | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Guarantee | 1.3G | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | 078446 | **Fire Resistive Joint Systems** | | | | | | | | | | | | |
| | | | Product Data | 1.3A | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Product Schedule | 1.3B | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Installer's Qualification Data | 1.3C | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Installer's Certificates | 1.3D | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | | Product Test Reports | 1.3E | | | | | | | O | | | OPEN - No Submittal Received | 1 |
| | | 079200 | **Joint Sealants** | | | | | | | | | | | | |

# GSA SUBMITTAL LOG - 06/09/2014

| (A) | (B) | (C) Spec Section | (D) Description of Items Submitted | (E) Spec. Par. No. | (I) Material Needed By | (J) Action Code | (K) Date of Action | (L) Date Forwarded to Approving Authority from Contractor | (M) Date Forwarded to Other Reviewer | (N) Date Received from other Reviewer | (O) Action Code | (P) Date of Action | (Q) Date Received from Approving Authority - Mailed to Contractor | (R) Remarks | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | Preconstruction Testing | 1.3A |  |  |  |  |  |  |  |  |  | OPEN - Not Submitted | 1 |
|  |  |  | Product Data | 1.4A |  |  |  |  |  |  |  |  |  | OPEN - Not Submitted | 1 |
|  |  |  | Samples | 1.4B |  |  |  |  |  |  |  |  |  | OPEN - Not Submitted | 1 |
|  |  |  | Joint Sealant Schedule | 1.4C |  |  |  |  |  |  |  |  |  | OPEN - Not Submitted | 1 |
|  |  |  | Product Test Reports | 1.4D |  |  |  |  |  |  |  |  |  | OPEN - Not Submitted | 1 |
|  |  |  | Field Adhesion Test Reports | 1.4E |  |  |  |  |  |  |  |  |  | OPEN - Not Submitted | 1 |
|  |  |  | Special Installer's Warranty | 1.5A |  |  |  |  |  |  |  |  |  | OPEN - Not Submitted | 1 |
|  |  |  | Special Manufacturer's Warranty | 1.5B |  |  |  |  |  |  |  |  |  | OPEN - Not Submitted | 1 |
| **DIVISION 8 - OPENINGS** |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|  |  | 081113 | Doors and Frames |  |  |  |  |  |  |  |  |  |  |  |  |
|  | 015A |  | Product Data | 1.4A |  |  |  | 12/26/13 |  |  | C |  | 12/31/13 | CLOSED - Make Corrections as Needed | 1 |
|  | 015A |  | Shop Drawings | 1.4B |  |  |  | 12/26/13 |  |  | C |  | 12/31/13 | CLOSED - Make Corrections as Needed | 1 |
|  | 015A |  | Samples for Verification | 1.4C |  |  |  | 12/26/13 |  |  | C |  | 12/31/13 | CLOSED - Make Corrections as Needed | 1 |
|  |  |  | Door Schedule | 1.4D |  |  |  |  |  |  | O |  | 9/30/13 | OPEN - Not Submitted | 1 |
|  |  |  | Product Test Reports | 1.4E |  |  |  |  |  |  | O |  | 9/30/13 | OPEN - Not Submitted | 1 |
|  | 044 |  | Samples Showing Door Anchors |  |  |  |  | 12/10/13 |  |  | O |  | 12/16/13 | OPEN - Revise & Resubmit | 1 |
|  |  | 081416 | Flush Wood Doors |  |  |  |  |  |  |  |  |  |  |  |  |
|  | 016A |  | Product Data | 1.3A |  |  |  | 12/21/13 |  |  | C |  | 12/31/13 | CLOSED - Make corrections as needed. |  |
|  | 016A |  | Shop Drawings | 1.3B |  |  |  | 9/20/13 |  |  | C |  | 9/30/13 | CLOSED - Make corrections as needed. |  |
|  | 045, 46, 47 061 |  | Samples for Initial Selection | 1.3C |  |  |  | 12/26/13 |  |  | C |  | 12/31/13 | CLOSED - Make corrections as needed. |  |
|  | 045, |  | Door Color for Exterior Door |  |  |  |  |  |  |  |  |  | 3/6/14 | CLOSED - AS NOTED |  |
|  | 045, 46, 47 |  | Samples for Verification | 1.3D |  |  |  | 12/26/13 |  |  | O |  | 12/31/13 | CLOSED - Make corrections as needed. | 1 |
|  | 016 |  | Warranty Sample | 1.3E |  |  |  | 9/20/13 |  |  | O |  |  | OPEN - Not Submitted |  |
|  |  | 083473 | Sound Control Door Assemblies |  |  |  |  |  |  |  |  |  |  |  |  |
|  | 017 |  | Product Data | 1.3A |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |
|  | 017 |  | Shop Drawings | 1.3B |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |
|  | 017 |  | Samples for Verification | 1.3C |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |
|  | 017 |  | Schedule | 1.3D |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |
|  | 017 |  | Qualification Data - Installer | 1.3E |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |
|  | 017 |  | Qualification Data - Manufacturer | 1.3E |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |
|  | 017 |  | Product Certificates | 1.3F |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |
|  | 017 |  | Product Test Reports | 1.3G |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |
|  | 017 |  | Field Quality Control Reports | 1.3H |  |  |  | 9/20/13 |  |  | O |  | 9/30/13 | OPEN - Revise and Resubmit | 1 |

A85

# GSA SUBMITTAL LOG - 06/09/2014

| Transmittal No (A) | (B) | Spec. Section (C) | Description of Items Submitted (D) | Spec. Par. No. (E) | Material Needed By (I) | Contractor Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Approving Authority Action Code (O) | Date of Action (P) | Date Received from Contractor - Mailed to Contractor Approving Authority (Q) | Remarks (R) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 017 | | *Maintenance Data* | *1.3I* | | | | *9/20/13* | | | O | *9/30/13* | *9/30/13* | *OPEN - Revise and Resubmit* | 1 |
| | 017 | | *Warranty Sample* | *1.3J* | | | | *9/20/13* | | | O | *9/30/13* | *9/30/13* | *OPEN - Revise and Resubmit* | 1 |
| | | 087100 | Door Hardware (Discriptions Only) | | | | | | | | | | | | |
| | 018 | | *Door Hardware (Discriptions Only)* | *1.04B* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - As Noted Corrections. This item is tied to package 019.* | 1 |
| | | 087100 | Finish Hardware | | | | | | | | | | | | |
| | 019 | | *Product Data* | *1.04B* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Final Hardware Schedule* | *1.04C* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Key Schedule* | *1.04D* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Samples* | *1.04E* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Templates* | *1.04F* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Riser & Wiring Diagrams* | *1.04G* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Operation & Maintenance Data* | *1.04H* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Certificates of Compliance* | *1.04I* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Suppler's Qualifications* | *1.05B* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| | 019 | | *Warranty* | *1.07* | | | | *9/20/13* | | | O | *9/30/13* | | *OPEN - Revise & Resubmit* | 1 |
| DIVISION 9 - FINISHES | | | | | | | | | | | | | | | |
| | 021A | 092000 | Gypsum Board / Product Data | 1.3A | | | | 9/23/13 | | | C | | 10/1/13 | CLOSED - Make Corrections as Noted | |
| | 032 | | Trim Samples | 1.3B.1 | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | | Acoustical Joint Sealants | 2.5-E | | | | 10/24/13 | | | C | | 10/31/13 | CLOSED - Make Corrections as Noted | |
| | 033 | | Sound Attenuation Blankes | 2.5-D | | | | 10/24/13 | | | C | | 10/31/13 | CLOSED - No Exceptions Taken. | |
| | | | Laminating Adhesive | 2.5-C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 006 & 048 | 092216 | Non-Structural Metal Framing / Product Data | 1.3A | | | | 8/27/13 | | | C | 10/17/13 | | CLOSED - Submitted 3 times | |
| | 022 | 095113 | Acoustical Panel Ceilings / Product Data | 1.4A | | | | 9/23/13 | | | C | | 10/1/2013 | CLOSED | |
| | 060 | | Samples for Verification | 1.4B | | | | 3/3/14 | | | C | | 3/6/2014 | CLOSED | |
| | 022 | | Product Test Reports | 1.4C | | | | 9/23/13 | | | C | | 10/1/2013 | CLOSED | |
| | 028 | 096513 | Resilient Base and Accessories / Product Data | 1.3A | | | | *9/27/13* | | | O | | *10/17/13* | *OPEN - Revise & Resubmitted* | 1 |
| | 028 | | *Samples for Verification* | *1.3C* | | | | | | | O | | | *OPEN - Not Submitted* | 1 |
| | 028 | | *Attic Stock* | *1.7* | | | | | | | O | | | *OPEN - Not Submitted* | 1 |
| | | 096519 | Resilient tile Flooring | | | | | | | | | | | | |

# GSA SUBMITTAL LOG - 06/09/2014

| Trans No. (A) | Spec. Section (B) | Description of Items Submitted (D) | Spec. Par. No. (E) | Material Needed By (I) | Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Action Code (O) | Date of Action (P) | Mailed to Contractor - Date Received (Q) | Remarks (R) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 027R | | Product Data | 1.3A | | | | 10/23/13 | | | O | 10/31/13 | | OPEN - Revise and Resubmit | 1 |
| 040 | | Samples for Initial Selection | 1.3B | | | | 12/10/13 | | | | 12/20/13 | | CLOSED - No Exceptions Taken | 1 |
| 040 | | Samples for Verification | 1.3C | | | | 12/10/13 | | | | 12/20/13 | | CLOSED - No Exceptions Taken | 1 |
| | | Product Schedule | 1.3D | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Installer's qualification Data | 1.3E | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Maintenance Data | 1.3F | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 096816 | Sheet Carpeting | | | | | | | | | | | | |
| 030 | | Product Data | 1.4A | | | | 9/30/13 | | | O | 10/17/13 | | OPEN - Revise & Resubmit | 1 |
| | | Shop drawings | 1.4B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| 039 | | Samples | 1.4C | | | | 9/30/13 | | | C | | | CLOSED - No Exceptions Taken | 1 |
| 030 | | Installer's qualifications | 1.5A | | | | 9/30/13 | | | O | 10/17/13 | | OPEN - Revise & Resubmit | 1 |
| 030 | | Product Test Reports | 1.5B | | | | 9/30/13 | | | O | 10/17/13 | | OPEN - Revise & Resubmit | 1 |
| | | Warranty Sample | 1.5C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Maintenance Data | 1.6 | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Attic Stock | 1.7 | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 097200 | Wall Coverings | | | | | | | | | | | | |
| 025 | | Product Data | 1.3A | | | | 9/27/13 | | | O | 10/17/13 | | OPEN - Revise & Resubmit | 1 |
| | | Shop Drawings | 1.3B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| 42 | | Samples for Initial Selection | 1.3C | | | | 12/10/13 | | | C | 12/20/13 | | CLOSED - No Exceptions | 1 |
| 42 | | Samples for Verification | 1.3D | | | | 12/10/13 | | | C | 12/20/13 | | CLOSED - No Exceptions | 1 |
| | | Installer's Qualification Data | 1.3F | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Product Test Reports | 1.3G | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Maintenance Data | 1.3H | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Adhesives and Primer | 2.3 | | | | | | | O | | | OPEN - Revise & Resubmit | 1 |
| | 099123 | Interior Painting | | | | | | | | | | | | |
| 026 & 43& 65 | | Material List - Colors | 1.3-1 | | | | 3/4/14 | | | C | | 3/6/2013 | CLOSED - AS NOTED | |
| 026R | | Manufacturer Information | 1.3A-2 | | | | 10/23/13 | | | | | 10/31/13 | CLOSED - Make Corrections as Noted | |
| 026R | | Installer's Qualification Data | 1.3B | | | | 10/23/13 | | | C | | 10/31/13 | CLOSED - Make Corrections as Noted | |
| **DIVISION 10 - SPECIALTIES** | | | | | | | | | | | | | | |
| | 102800 | Toilet, Bath, and Laundry Accessories | | | | | | | | | | | | |
| 029 | | Product Data | | | | | 9/27/13 | | | C | 9/30/13 | 9/30/13 | CLOSED | |
| **DIVISION 11 - EQUIPMENT** | | | | | | | | | | | | | | |
| | 114000 | Food Service Equipment | | | | | | | | | | | | |
| | | Product Data | 1.3A | | | | | | | | | | | |
| | | Shop drawings | 1.3B | | | | | | | | | | | |

A87

# GSA SUBMITTAL LOG - 06/09/2014

| Activity No io (A) | Spec. Section (C) | Description of Items Submitted (D) | Spec. Par. No. (E) | Material Needed By (I) | Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Action Code (O) | Date of Action (P) | Date Received from Contractor - Mailed to Contractor Approving Authority (Q) | Remarks (R) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Coordination Drawings | 1.4A | | | | | | | | | | | |
| | | Warranty Sample | 1.4B | | | | | | | | | | | |
| | | Training Record | 3.3A | | | | | | | | | | | |
| **DIVISION 12 - FURNISHINGS** | | | | | | | | | | | | | | |
| | 122413 | Roller Window Shades | | | | | | | | | | | | |
| | | Product Data | 1.3A | | | | | | | | | | OPEN | 1 |
| | | Shop Drawings | 1.3B | | | | | | | | | | OPEN | 1 |
| | | Samples | 1.3C | | | | | | | | | | OPEN | 1 |
| | | Samples for Initial Selection | 1.3D | | | | | | | | | | OPEN | 1 |
| | | Samples for Verification | 1.3E | | | | | | | | | | OPEN | 1 |
| | | Roller Shade Schedule | 1.3F | | | | | | | | | | OPEN | 1 |
| | | Installer's Qualifications | 1.4A | | | | | | | | | | OPEN | 1 |
| | | Product Certification | 1.4B | | | | | | | | | | OPEN | 1 |
| | | Product Test Reports | 1.4C | | | | | | | | | | OPEN | 1 |
| | | Maintenance data | 1.5A | | | | | | | | | | OPEN | 1 |
| | | Attic Stock | 1.6A | | | | | | | | | | OPEN | 1 |
| **DIVISION 13 - SPECIAL CONSTRUCTION** | | | | | | | | | | | | | | |
| | 133070 | Bullet-Resistant Fiberglass | | | | | | | | | | | | |
| 024R | | Product data | 1.4A | | | | 10/23/13 | | | O | | 10/31/13 | CLOSED - No Exceptions Taken | 1 |
| 024R | | Shop drawings | 1.4B | | | | 10/23/13 | | | O | | 10/31/13 | CLOSED - No Exceptions Taken | 1 |
| | 134000 | Bullet-Resistant Wood Doors and Frames | | | | | | | | | | | | |
| 020 | | Shop Drawings | 1.4A | | | | 2/22/14 | | | C | | 3/7/2014 | CLOSED MOD 3 needs to be approved and other notes needs addressing. | |
| 020 | | Manufacturer's Warranty | 1.4C | | | | 9/20/13 | | | O | | | OPEN | 1 |
| **DIVISION 21 - FIRE SUPPRESSION** | | | | | | | | | | | | | | |
| | 210000 | Water-Based Fire Suppression Systems | | | | | | | | | | | | |
| 055 | | Certificates for Designers & Installers | 1.3A | | | | 2/5/14 | | | O | | 2/11/2014 | OPEN - Revise & Resubmit | 1 |
| 055, 69,70,71, 72,73 & 55R2, 55R4, 55R5 | | Product Data | 1.3C | | | | 4/15/14 | | | C | | 4/30/2014 | CLOSED - As Noted | |
| 055, 55R2, 55R3 | | Shop drawings & Hydraulic Calculations | 1.3D | | | | 4/15/14 | | | O | | 4/30/2014 | CLOSED - As Noted | 1 |
| 055 | | As-Built Drawings | 1.4A | | | | | | | O | | | OPEN - Revise & Resubmit | 1 |
| 055 | | Material & Test Certificates | 1.4B | | | | | | | O | | | OPEN - Revise & Resubmit | 1 |
| 055 | | Operation and Maintenance Manual | 1.4C | | | | | | | O | | | OPEN - Revise & Resubmit | 1 |

A88

GSA SUBMITTAL LOG - 06/09/2014

| (B) | (C) Spec. Section | (D) Description of Items Submitted | (E) Spec. Par. No. | (O) Action Code | (R) Remarks | |
|---|---|---|---|---|---|---|
| 055 | | Training Schedule | 1.4D | O | OPEN - Revise & Resubmit | 1 |
| 055 | | Attic Stock | 1.10 | O | OPEN - Revise & Resubmit | 1 |
| | **DIVISION 22 - PLUMBING** | | | | | |
| | 220518 | Escutcheons for Plumbing Piping | | | | |
| | | Product Data | 1.3A | O | OPEN - Not Submitted | 1 |
| | 220523 | General Duty Valves for Plumbing Piping | | | | |
| | | Product Data | 1.4A | O | OPEN - Not Submitted | 1 |
| | 220529 | Hangers/Supports for Plumbing Piping & Equipment | | | | |
| | | Product Data | 1.4A | O | OPEN - Not Submitted | 1 |
| | 220553 | Identification for Plumbing Piping & Equipment | | | | |
| | | Product Data | 1.3A | O | OPEN - Not Submitted | 1 |
| | | Valve Numbering Scheme | 1.3B | O | OPEN - Not Submitted | 1 |
| | | Valve Schedule | 1.3C | O | OPEN - Not Submitted | 1 |
| | 220719 | Plumbing Piping Insulation | | | | |
| | | Product Data | 1.3A | O | OPEN - Not Submitted | 1 |
| | 221116 | Domestic Water Piping | | | | |
| | | System Purging & Disinfectant Activities | 1.3A | O | OPEN - Not Submitted | 1 |
| | | Field Quality Control Reports | 1.3B | O | OPEN - Not Submitted | 1 |
| | 221316 | Sanitary waste and Vent Piping | | | | |
| | | Product Data | 1.4A | O | OPEN - Not Submitted | 1 |
| | | Field quality Control Reports | 1.5A | O | OPEN - Not Submitted | 1 |
| | 224216,16 | Commercial Sinks | | | | |
| | | Product Data | 1.3A | O | OPEN - Not Submitted | 1 |
| | | Maintenance Data | 1.4A | O | OPEN - Not Submitted | 1 |
| | **DIVISION 23 - HVAC** | | | | | |
| | 230519 | Meters and Gages for HVAC Piping | | | | |
| | | Product Data | 1.3A | O | OPEN - Not Submitted | 1 |
| | 230523 | General Duty Valves for HVAC Piping | | | | |
| | | Product Data | 1.4A | O | OPEN - Not Submitted | 1 |
| | 230529 | Hangers & Supports for HVAC Piping & Equipment | | | | |

# GSA SUBMITTAL LOG - 06/09/2014

| Activity No (A) | Transmittal No (B) | Spec. Section (C) | Description of Items Submitted (D) | Spec. Par. No. (E) | Material Needed By (I) | Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Action Code (O) | Date of Action (P) | Date Received from Mailed to Contractor - Approving Authority (Q) | Remarks (R) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 68 | *Product Data* | 1.5A | | | | | | | | | | OPEN - Approved by GSA | 1 |
| | | | | | CQM was unable to identify product date (manufacturer cut sheets in submittal. | | | | | | | | | | |
| | | | *Shop Drawings* | 1.5B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | | *Welding Certificates* | 1.6A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | 230548.13 | Vibration Controls for HVAC | | | | | | | | | | | | |
| | | | *Product Data* | 1.3A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | 230553 | Identification for HVAC Piping & Equipment | | | | | | | | | | | | |
| | | | *Product Data* | 1.3A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | | *Equipment Label Schedule* | 1.3B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | | *Valve Numbering Scheme* | 1.3C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | | *Valve Schedules* | 1.3D | | | | | | | O | | | OPEN - Not Submitted | 1 |

# GSA SUBMITTAL LOG - 06/09/2014

| Transmittal No (A) | Spec. Section (C) | Description of Items Submitted (D) | Spec. Par. No. (E) | Material Needed By (I) | Contractor Action | | | Approving Authority | | | | | Remarks (R) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Action Code (O) | Date of Action (P) | Date Received from Approving Authority - Mailed to Contractor (Q) | |
| | 230593 | **Testing, Adjusting, and Balancing for HVAC** | | | | | | | | | | | |
| | | TAB Contractor Qualification Data | 1.4A | | | | | | | O | | | OPEN - Not Submitted |
| | | Control documents Examination Report | 1.4B | | | | | | | O | | | OPEN - Not Submitted |
| | | Strategies & Procedure Plan | 1.4C | | | | | | | O | | | OPEN - Not Submitted |
| | | Certified TAB Reports | 1.4D | | | | | | | O | | | OPEN - Not Submitted |
| | | Sample Test Forms | 1.4E | | | | | | | O | | | OPEN - Not Submitted |
| | | Instrument Calibration Reports | 1.4F | | | | | | | O | | | OPEN - Not Submitted |
| | | TAB Conference | 1.5B | | | | | | | O | | | OPEN - Not Submitted |
| | 230713 | **Duct Insulation** | | | | | | | | | | | |
| | | Product Data | 1.3A | | | | | | | O | | | OPEN - Not Submitted |
| | | Installer's Qualification Data | 1.4A | | | | | | | O | | | OPEN - Not Submitted |
| | | Field quality Control Reports | 1.4B | | | | | | | O | | | OPEN - Not Submitted |
| | 230719 | **HVAC Pipe Insulation** | | | | | | | | | | | |
| | | Product Data | 1.3A | | | | | | | O | | | OPEN - Not Submitted |
| | | Shop drawings | 1.3B | | | | | | | O | | | OPEN - Not Submitted |
| | | Installer's Qualification Data | 1.4A | | | | | | | O | | | OPEN - Not Submitted |
| | | Field quality Control Reports | 1.4B | | | | | | | O | | | OPEN - Not Submitted |
| | 230900 | **Instrumentation & Control for HVAC** | | | | | | | | | | | |
| 57, 57R | | Product Data | 1.6A | | | | | | | O | | 5/28/2014 | OPEN - Provide as Corrected |
| 57, 57R | | Shop drawings | 1.6B | | | | | | | O | | 5/28/2014 | OPEN - Provide as Corrected |
| 57, 57R | | Data Communications Protocol | 1.7A | | | | | | | O | | 5/28/2014 | OPEN - Provide as Corrected |
| 57, 57R | | Software Upgrade Kit | 1.7B | | | | | | | O | | 5/28/2014 | OPEN - Provide as Corrected |
| 57, 57R | | Field Quality Control Test Reports | 1.7C | | | | | | | O | | 5/28/2014 | OPEN - Provide as Corrected |
| | | Operation & Maintenance Data | 1.8A | | | | | | | O | | | OPEN - Not Submitted |
| 57, 57R | | Software & Firmware Operational | 1.8B | | | | | | | O | | 5/28/2014 | OPEN - Provide as Corrected |
| | | Installer's Qualifications | 1.9A | | | | | | | O | | | OPEN - Not Submitted |
| | 232113 | **Hydronic Piping** | | | | | | | | | | | |
| 64R | | Coordination Drawings | 1.3A | | | | | | | O | | 5/28/2014 | OPEN - Revise & Resubmit |
| | | Installer's qualifications | 1.3B | | | | | | | O | | | OPEN - Not Submitted |
| | | Welding certificates | 1.3C | | | | | | | O | | | OPEN - Not Submitted |
| | | Field Quality Control Reports | 1.3D | | | | | | | O | | | OPEN - Not Submitted |
| | | Water Analysis | 1.3E | | | | | | | O | | | OPEN - Not Submitted |
| 68R | | Product Data | 2.2 | | | | | | | C | | 5/28/2014 | |
| | 233113 | **Metal Ducts** | | | | | | | | | | | |
| 59 | | Product Data | 1.4A | | | | | | | O | | 3/17/14 | Approved as Noted DID NOT INCLUDED SHOP DWGS |
| 59 | | **Shop Drawings** | **1.4B** | | | | | | | O | | 3/17/14 | |
| 64R | | Delegated-Design Submittal | 1.4C | | | | | | | O | | 5/28/14 | OPEN - Not Submitted |
| | | Coordination Drawings | 1.5A | | | | | | | | | | OPEN - Revised & Resubmit |

GSA SUBMITTAL LOG - 06/09/2014

| Action Transmittal No. (B) | Spec. Section (C) | Description of Items Submitted (D) | Spec. Par. No. (E) | Material Needed By (I) | Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Action Code (O) | Date of Action (P) | Mailed to Contractor - Date Received from Approving Authority (Q) | Remarks (R) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Welding Certificates | 1.5B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Field Quality Control Reports | 1.5C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 233300 | Air Duct Accessories | | | | | | | | | | | | |
| | | Product Data | 1.3A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Shop Drawings | 1.3B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Coordination Drawings | 1.4A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Source Quality Control Reports | 1.4B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Operation & Maintenance Data | 1.5A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Attic Stock | 1.6A | | | | | | | O | | | OPEN - Not Submitted | 1 |

A92

# GSA SUBMITTAL LOG - 06/09/2014

| Action Transmittal No (A) | Spec. Section (C) | Description of Items Submitted (D) | Spec. Par. No. (E) | Contract or Material Needed By (I) | Contractor Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Approving Authority Action Code (O) | Date of Action (P) | Date Received from Contractor - Mailed to Contractor Approving Authority (Q) | Remarks (R) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 233423 | **HVAC Power Ventilators** | | | | | | | | | | | | |
| | | *Product Data* | 1.4A | | | | | | | | | | OPEN - *Not Submitted* | 1 |
| | | *Shop Drawings* | 1.4B | | | | | | | | | | OPEN - *Not Submitted* | 1 |
| | | *Coordination Drawings* | 1.5A | | | | | | | | | | OPEN - *Not Submitted* | 1 |
| | | *Field Quality Control Reports* | 1.5B | | | | | | | | | | OPEN - *Not Submitted* | 1 |
| | | *Operation & Maintenance Data* | 1.6A | | | | | | | | | | OPEN - *Not Submitted* | 1 |
| | 233600 | **Air Terminal Units [PTACS]** | | | | | | | | | | | | |
| 051 | | *Product Data* | 1.3A | | | | 2/3/14 | | | O | 2/17/14 | | CLOSED | 1 |
| | | *Shop Drawings* | 1.3B | | | | 2/3/14 | | | O | 2/17/14 | | CLOSED | 1 |
| | | *Field Quality Control Reports* | 1.4B | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | | *Operation & Maintenance Data* | 1.5A | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | 233600 | **Air Terminal Units [VAV]** | | | | | | | | | | | | |
| 052 | | *Product Data* | 1.3A | | | | 2/3/14 | | | C | | 2/14/2014 | OPEN - Make Corrections as Noted | 1 |
| 052 | | *Shop Drawings* | 1.3B | | | | 2/3/14 | | | C | | 2/14/2014 | OPEN - Make Corrections as Noted | 1 |
| | | *Coordination Drawings* | 1.4A | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | | *Field Quality Control Reports* | 1.4B | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | | *Operation & Maintenance Data* | 1.5A | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | | *Attic Stock* | 1.6A | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | 233713 | **Diffusers, Registers, & Grilles** | | | | | | | | | | | | |
| 056R | | *Product Data* | 1.3A | | | | 2/14/14 | | | O | | 3/17/2014 | Approved as Corrected | 1 |
| 056 | | *Coordination Drawings* | 1.4A | | | | 2/14/14 | | | O | | 2/19/2014 | OPEN - Revise & Resubmit | 1 |
| 056 | | *Source Quality Control Reports* | 1.4B | | | | 2/14/14 | | | O | | 2/19/2014 | OPEN - Revise & Resubmit | 1 |
| **DIVISION 26 - ELECTRICAL** | | | | | | | | | | | | | | |
| | 260500 | **Common Work Results for Electric** | | | | | | | | | | | | |
| | | *Record Documents* | 1.5A | | | | | | | | | | OPEN - *Not Submitted* | 1 |
| | | *Maintenance Manual* | 1.6A | | | | | | | | | | OPEN - *Not Submitted* | 1 |
| | 260519 | **Low voltage Electrical Power Conductors & Cable** | | | | | | | | | | | | |
| 011 & 011A | | *Product Data* | 1.3A | | | | 1/13/14 | | | C | | 1/16/14 | CLOSED - No Exceptions Taken | 1 |
| | | *Testing Agency Qualification data* | 1.4A | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | | *Field Quality Control Reports* | 1.4B | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | 260523 | **Control-Voltage Electrical Power Cables** | | | | | | | | | | | | |
| | | *Product Data* | 1.4A | | | | | | | | | | OPEN - *Not Submitted* | 1 |
| | | *Qualification Data* | 1.5A | | | | | | | O | | | OPEN - *Not Submitted* | 1 |
| | | *Source quality Control Reports* | 1.5B | | | | | | | O | | | OPEN - *Not Submitted* | 1 |

# GSA SUBMITTAL LOG - 06/09/2014

| Activity/ Transmittal No (A) | Spec. Section (C) | Description of Items Submitted (D) | Spec. Par. No. (E) | Material Needed By Contract or (I) | Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from other Reviewer (N) | Action Code (O) | Date of Action (P) | Date Received from / Mailed to Contractor (Q) | Remarks (R) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Field Quality Control Reports | 1.5C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 260529 | **Hangers & Supports for Electrical systems** | | | | | | | | | | | | |
| 012, 012A_054 | | Product Data | 1.5A | | | | 1/13/14 | | | C | | 1/16/2014 | CLOSED – No Exceptions Taken | 1 |
| 012, 012A_054 | | Shop Drawings | 1.5B | | | | 1/13/14 | | | C | | 1/16/2014 | CLOSED – No Exceptions Taken | 1 |
| | | Welding Certificates | 1.6A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 260533 | **Raceways & Boxes for Electrical Systems** | | | | | | | | | | | | |
| 007 & 007A | | Product Data | 1.4A | | | | 1/13/14 | | | C | | 1/16/2014 | CLOSED – No Exceptions Taken | 1 |
| | | Shop Drawings | 1.4C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Coordination Drawings | 1.5A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Qualification Data for Professional | 1.5B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Source Quality Control Reports | 1.5C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 260553 | **Identification for Electrical Systems** | | | | | | | | | | | | |
| 013 | | Product Data | 1.3A | | | | 9/4/13 | | | C | | 9/19/2014 | OPEN - No Exceptions Taken | 1 |
| | | Samples | 1.3B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Identification Schedule | 1.3C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 260923 | **Lighting Control Devices** | | | | | | | | | | | | |
| 009 | | Product Data | 1.3A | | | | 9/4/13 | | | C | | | CLOSED | 1 |
| | | Shop Drawings | 1.3B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Field quality Control Reports | 1.4A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Operation & maintenance Data | 1.4B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 262726 | **Wiring Devices** | | | | | | | | | | | | |
| 010 | | Product Data | 1.5A | | | | 9/4/13 | | | C | | 9/19/2013 | CLOSED – Make Corrections as Noted | 1 |
| | | Shop Drawings | 1.5B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Samples | 1.5C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Field Quality Control Reports | 1.6A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Operation & Maintenance Data | 1.7A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Attic Stock | 1.8A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | 265100 | **Interior Lighting** | | | | | | | | | | | | |
| 008 | | Product Data | 1.4A | | | | 9/4/13 | | | C | | 9/19/2013 | CLOSED | 1 |
| | | Samples | 1.4B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Installation Instructions | 1.4C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Coordination Drawings | 1.5A | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Qualification Data | 1.5B | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Product Certificates | 1.5C | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Field quality Control Reports | 1.5D | | | | | | | O | | | OPEN - Not Submitted | 1 |
| | | Warranty Sample | 1.5E | | | | | | | O | | | OPEN - Not Submitted | 1 |

# GSA SUBMITTAL LOG - 06/09/2014

| Activity No (A)(B) | Spec. Section (C) | Description of Items Submitted (D) | Spec. Par. No. (E) | Material Needed By (I) | Action Code (J) | Date of Action (K) | Date Forwarded to Approving Authority from Contractor (L) | Date Forwarded to Other Reviewer (M) | Date Received from Other Reviewer (N) | Action Code (O) | Date of Action (P) | Date Received from Approving Authority - Mailed to Contractor (Q) | Remarks (R) | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | **DIVISION 27 - COMMUNICATIONS** | | | | | | | | | | | | |
| | 270528 | **Pathways for Communications Systems** | | | | | | | | | | | | |
| | | Operation & Maintenance Data | 1.6A | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | Attic Stock | 1.7A | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | 270528 | **Pathways for Communications Systems** | | | | | | | | | | | | |
| | | Product Data | 1.4A | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | Shop Drawings | 1.4C | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | Coordination Drawings | 1.5A | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | Source Quality Control Reports | 1.5B | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | 270536 | **Cable Trays for Communications Systems** | | | | | | | | | | | | |
| | 038A | Product Data | 1.3A | | | | 12/21/13 | | | C | | 1/7/2013 | CLOSED – No Exceptions Taken | 1 |
| | | Shop Drawings | 1.3B | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | Coordination Drawings | 1.4A | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | Field Quality Control Reports | 1.4B | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | **DIVISION 28 - ELECTRONIC SAFETY and SECURITY** | | | | | | | | | | | | |
| | 280526 | **Cable Trays for Communications Systems** | | | | | | | | | | | | |
| | 038A | Product Data | 1.4A | | | | 12/21/13 | | | C | | 1/7/2014 | CLOSED – No Exceptions Taken | 1 |
| | 280528 | **Pathways for Electronic Safety & Security** | | | | | | | | | | | | |
| | | Product Data | 1.4A | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | Coordination Drawings | 1.5A | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | | Source Quality Control Reports | 1.5B | | | | | | | O | | | OPEN – Not Submitted | 1 |
| | 283111 | **Analog Addressable Voice Evacuation Fire Alarm S** | | | | | | | | | | | | |
| | 053 & 053R | Submittal Date Requirement | 1.3A | | | | 2/3/14 | | | O | | 3/31/14 | OPEN – Revise & Resubmit | 1 |
| | 053 & 053R | Product Data | 1.3B | | | | 2/3/14 | | | O | | 3/31/14 | OPEN – Revise & Resubmit | 1 |
| | 053 & 053R | Samples | 1.3C | | | | 2/3/14 | | | O | | 3/31/14 | OPEN – Revise & Resubmit | 1 |
| | 053 & 053R | Shop Drawings | 1.3D | | | | 2/3/14 | | | O | | 3/31/14 | OPEN – Revise & Resubmit | 1 |
| | 053 & 053R | Technician Certificates | 1.3E | | | | 2/3/14 | | | O | | 3/31/14 | OPEN – Revise & Resubmit | 1 |
| | 053 & 053R | Test Reports | 1.EF | | | | 2/3/14 | | | O | | 3/31/14 | OPEN – Revise & Resubmit | 1 |
| | 053 & 053R | Preliminary NFPA-72 Record of | 1.3G | | | | 2/3/14 | | | O | | 3/31/14 | OPEN – Revise & Resubmit | 1 |
| | 053 & 053R | Operation & Maintenance Manual | 1.3H | | | | 2/3/14 | | | O | | 3/31/14 | OPEN – Revise & Resubmit | 1 |

GSA SUBMITTAL LOG - 06/09/2014

| (A) Activity | (B) Tran N o | (C) Spec. Section | (D) Description of Items Submitted | (E) Spec. Par. No. | (I) Material Needed By [Contract or] | Contractor Action | | | Approving Authority | | | | | (R) Remarks | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | (J) Action Code | (K) Date of Action | (L) Date Forwarded to Approving Authority from Contractor | (M) Date Forwarded to Other Reviewer | (N) Date Received from other Reviewer | (O) Action Code | (P) Date of Action | (Q) Date Received from Approving Authority - Mailed to Contractor | | |
| | | 053 & 053R | Record Drawings Software | 1.3I | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | Red-Line Drawings | 1.3J | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | As-built Drawings | 1.3K | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | Site Specific Software | 1.3L | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | Shop drawings | 1.3M | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | Voltage Drop Calculations | 1.3N | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | Training Services | 1.5A | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | Guarantee (Labor, Equipment, & Material) | 1.7 | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | Attic Stock | 1.9B | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | 053 & 053R | Documentation | 2.9A | | | | 2/3/14 | | | O | | 3/31/14 | OPEN - Revise & Resubmit | 1 |
| | | | | | | | | | | | | | | | 237 |

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. Contract ID Code | | Page of Pages | |
|---|---|---|---|---|---|
| | | | | 1 | 3 |

| 2. AMENDMENT MODIFICATION NO. PA04 | 3. EFFECTIVE DATE APR 01, 2014 | 4. REQUISITION/PURCHASE REQ. NO. | | 5. PROJECT NO. (If applicable) | |

| 6. ISSUED BY                    CODE    2PSEU | 7. ADMINISTERED BY (If other than Item 6)         CODE |
|---|---|
| UPSTATE NEW YORK ENGINEERING 100 SOUTH CLINTON STREET P.O. BOX 7005 ROOM 1350 SYRACUSE NY 13261-7305 | See Block 6 |

| 8. NAME AND ADDRESS OF CONTRACTOR (NO., Street, Country, State and ZIP Code) | | (X) | 9A. AMENDMENT OF SOLICITATION NO. |
|---|---|---|---|
| CLAUDE MAYO CONSTRUCTION COMPANY, INC. 53 HUMBER AVENUE BUFFALO NY 14216 | DUNS: 092474980 Cage Code: 4PPN3 | | |
| | | | 9B. DATED (SEE ITEM 11) |
| | | X | 10A. MODIFICATION OF CONTRACT/ORDER NO. GS-02P-13-PW-C-0009 |
| CODE 00031115 | FACILITY CODE | | 10B. DATED (SEE ITEM 13) JUL 23, 2013 |

### 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of offers ☐ is extended, ☐ is not extended.
Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OR OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment your desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

Modification Amount: $0.00

'CCOUNTING AND APPROPRIATION DATA (If required)                                Modification Obligated Amount: $0.00

Schedule

### 13. THIS ITEM ONLY APPLIES TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.

| Check One | | |
|---|---|---|
| | A. | THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A. |
| X | B. | THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation date, etc) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| | C. | THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF: |
| | D. | OTHER (Specify type of modification and authority) |

E. IMPORTANT: Contractor ☒ is not, ☐ is required to sign this document and return _____ copies to the issuing office.

14. DESCRIPTION OF AMENDMENT/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible)

The purpose of this modification is to correct the completion date noted in Modification PS01. The correct completion date for this contract is 21 April 2014.

The contractor has 150 days to complete the project from the Notice to Proceed date 22 November 2013, per the contract. ...See Continuation Page

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) Charles Ferro, Contracting Officer 315-448-0922   charles.ferro@gsa.gov | |
|---|---|---|
| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED APR 17, 2014 |
| ____nature of person authorized to sign) | | (Signature of Contracting Officer) | |

NSN 7540-01-152-8070
Previous Edition unusable

STANDARD FORM 30, (Rev. 10-83)
Prescribed by GSA FAR (48 CFR) 53.243

Continuation Page

**Continued from Block 14...**

The total amount of the contract remains at $811,046.00

In consideration of the modification agreed to herein as complete equitable adjustment for the Contractor's "proposal for adjustment" for accomplishment of the items stated herein, the contractor hereby releases the Government from any and all liability under this contract for further equitable adjustments for such facts or circumstances giving rise to the "proposal for adjustment".

All other terms and condition remain the same.

| | SCHEDULE Continued | | | | |
|---|---|---|---|---|---|
| ITEM NO. | SUPPLIES/SERVICES | QUANTITY | UNIT | UNIT PRICE $ | AMOUNT $ |
| | Contracting Officer: Charles Ferro, 315-448-0922, charles.ferro@gsa.gov<br><br>Primary Contracting Officer Representative: Erin Marshall, 315-448-0975, erin.marshall@gsa.gov<br><br>Alternate Contracting Officer Representative(s): None<br><br>Primary Technical Point of Contact: Erin Marshall, 315-448-0975, erin.marshall@gsa.gov<br><br>Alternate Technical Point of Contact(s): None | | | | |