IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CLAUDE MAYO CONSTRUCTION COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-1263C (Judge Kaplan) |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO PARTIALLY DISMISS AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court partially dismiss the second cause of action for breach of contract in the amended complaint filed by plaintiff, Claude Mayo Construction Company, Inc. (CMCC), for failure to state claim for which relief may be granted. In support of this motion, we rely upon the following brief.

**STATEMENT OF THE ISSUE**

Whether plaintiff's breach of contract cause of action is subsumed within its challenge to the termination for default and, therefore, should be dismissed pursuant to RCFC 12(b)(6).

**STATEMENT OF THE CASE**

**I.   Nature Of The Case**

This case arises under the Contract Disputes Act of 1978, 41 U.S.C. § 7101, *et. seq.* (CDA) and relates to the United States General Services Administration's (GSA) termination for default of a contract to renovate a United States Attorney's Office (USAO) in Syracuse, New York.

**II.  Factual Background And Procedural History**

Defendant incorporates by reference the factual background and procedural history put forth in the Government's April 26, 2016 Motion to Partially Dismiss Complaint, Dkt. No. 10, as

well as the background adopted by the Court in its October 6, 2016 Opinion and Order. Dkt. No. 16.

On October 6, 2016, this Court granted defendant's RCFC 12(b)(1) motion to partially dismiss the original complaint, dismissing CMCC's second, third, and fourth causes of action, for breach of contract, lost business opportunities or tortious interference, and unjust enrichment respectively. Dkt. No. 16. At the same time, the Court granted CMCC's cross-motion for a stay with respect to CMCC's first cause of action (improper termination for default) to permit the GSA contracting officer sufficient time to issue a final decision as to the claims set forth in CMCC's April 25, 2016 supplemental letter. *Id*; Am. Compl. at ¶ 75. On October 7, 2016, CMCC submitted a second supplemental claim letter to the GSA contracting officer. Am. Compl. at ¶ 76; Attachment A.

On December 15, 2016, the GSA contracting officer issued a final decision denying CMCC's supplemental claims. Am. Compl. at ¶ 77; Attachment B. The contracting officer's final decision stated:

> After careful review of the facts and circumstances, I deny the [breach of contract] claim. Even if the termination [for default] is rendered improper, the contract requires that the termination be converted to a [termination for convenience]. There is a contractual remedy for your alleged grievance. Accordingly, an improper termination does not breach the contract. You have alleged no other facts on which a breach of contract may be found. Therefore, your claim for breach of contract is denied.

Attachment B.

On January 27, 2017, CMCC filed its amended complaint. Dkt. No. 23. Therein, CMCC now asserts only three causes of action. Am. Compl. at ¶¶ 78-96. First, CMCC asserts a cause of action for improper termination for default, for which CMCC seeks a declaration converting the termination to one for convenience, *id.* at ¶¶ 78-83, just as it did in its original complaint.

Second, CMCC asserts a cause of action for breach of contract, for which CMCC seeks "amounts owed to [CMCC] for work performed . . . for which [CMCC] has not been compensated, plus applicable interest, fees (including its reasonable attorneys' fees) and costs." *Id.* at ¶¶ 84-91.

Third, CMCC asserts a cause of action for compensation following the requested declaration converting the termination for default to a termination for convenience. *Id.* at ¶¶ 92-96. For this, CMCC seeks compensation "for all amounts permitted under the contract, including, but not limited to, amounts owed to [CMCC] for work performed on the project for which [CMCC] has not been compensated, lost profits earned by [CMCC] up to the time of the improper termination, applicable interest, fees (including its reasonable attorneys' fees) and costs, and all amount for which [defendant] may be liable as a direct result of its improper termination for default." *Id.* at ¶ 96.

In sum, CMCC has amended its complaint to seek a declaration of improper termination, a conversion to a termination for convenience, and entitlement to termination for convenience damages, as well as a finding of breach of contract and damages for that breach that mirror termination for convenience damages. *See generally* Am. Compl. In fact, CMCC has specifically proscribed its damages claims so as not to seek any damages beyond those typically due following a conversion to a termination for convenience conversion (*e.g.,* breach damages such as anticipatory profits). *Id.*

## ARGUMENT

### I. Standard Of Review For Motion To Dismiss Pursuant To RCFC 12(b)(6)

RCFC 12(b)(6) authorizes the dismissal of a complaint if, assuming the truth of its allegations, it fails to state a claim upon which relief can be granted as a matter of law. A motion to dismiss pursuant to RCFC 12(b)(6) should be granted when a plaintiff alleges facts that do not

entitle it to a legal remedy. *Godwin v. United States*, 338 F.3d 1374, 1377 (Fed. Cir. 2003). Under RCFC 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has explained that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), with "facts sufficient to nudge 'claims across the line from conceivable to plausible.'" *Trinco Investment Co. v. United States*, 722 F.3d 1375, 1380 Fed. Cir. (2013) (quoting *Twombly*, 550 U.S. at 570). The allegations of the complaint must show more than "a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678. The Court should assume that well-pleaded facts alleged in the complaint are true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). However, a complaint's legal conclusions are not entitled to deference. *See id.* (quoting 2A Jeremy C. Moore, Moore's Federal Practice, ¶ 12.07 [2.-5] (2d ed. 1992)).

**II.     CMCC's Amended Complaint Should Be Partially Dismissed**

This Court should partially dismiss CMCC's amended complaint, specifically CMCC's breach of contract cause of action, for failure to state a claim.

"To prove a breach of contract, a plaintiff must establish (1) a valid contract between the parties; (2) an obligation or duty arising from that contract; (3) a breach of that duty; and (4) damages caused by the breach." *Canpro Investments Ltd. v. United States*, --- Fed.Cl. ----, 2017 WL 372055, at *16 (Fed. Cl. January 26, 2017) (internal quotation omitted) (citing *Century Expl.*

*New Orleans, LLC v. United States*, 110 Fed. Cl. 148, 163 (2013) and *San Carlos Irr. & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989)).

The existence of a valid contract between GSA and CMCC is not disputed. Am. Compl. at ¶ 85. In its amended complaint, however, CMCC has failed to identify "an obligation or duty arising from that contract" or "a breach of that duty." *See generally* Am. Compl.; *Canpro Investments Ltd.*, --- Fed.Cl. ----, 2017 WL 372055, at *16. The sum total of CMCC's breach allegations are as follows:

> 85. Plaintiff and GSA lawfully entered into the Contract.
>
> 86. GSA's conduct throughout the course of the Project, its inconsistent and improper administration of the Contract, its termination of Plaintiff for default, and other conduct set forth herein and to be demonstrated in this matter constitute material breaches of the Contract.
>
> 87. In particular, prior to the improper termination, Plaintiff submitted applications for payment for work that was completed and accepted by GSA in the amount of $207,101.98.
>
> 88. To date, GSA has, without basis, failed and refused to pay Plaintiff for the work it completed on the Project and to which it is entitled under these payment applications.
>
> 89. Such failure to pay Plaintiff for the completed work constitutes a breach of contract.
>
> 90. As a result of said breaches, Plaintiff has incurred, and continues to incur, damages.

*Id.* at ¶¶ 85-90. These are exactly the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [that] do not suffice." *Iqbal*, 556 U.S. at 678.

Moreover, as this Court noted in *Armour of America v. United States*, 69 Fed. Cl. 587 (2006), "request[ing] conversion of the default termination to a termination for convenience . . . in conjunction with a breach of contract claim is peculiar." *Id.* at 591 n.4. That is so because "[d]amages for breach of contract are an alternative to, and exceed, termination for convenience

damages, and may be granted when there is evidence that the government abused its discretion in the default termination." *Id.* (citing *Nat'l Factors, Inc. v. United States*, 204 Ct. Cl. 98, 492 F.2d 1383, 1385 (1974); *Maxima Corp. v. United States*, 847 F.2d 1549, 1552 (Fed. Cir. 1988)).

CMCC's amended complaint does not allege – nor even come close to insinuating – abuse of discretion or bad faith on the part of GSA. *See generally* Am. Compl.; *accord Boarhog LLC v. United States*, 129 Fed. Cl. 130, 134 (2016) ("[A] contractor bringing a CDA claim for a breach of contract must allege sufficient facts in its complaint to warrant the Court's further inquiry regarding an entitlement to relief. In the absence of bad faith or clear abuse of discretion the contracting officer's election to terminate for convenience is conclusive. The Court will dismiss a breach of contract claim when the necessary grounds have not been met or alleged.") (internal quotations and citations omitted).

Although not alleged, GSA admittedly owed CMCC a duty of good faith and fair dealing. *Mients v. United States*, 50 Fed. Cl. 665, 671, n.7 (2001). It is well-settled, however, that Government officials are presumed to act conscientiously and in good faith in the discharge of their duties. *Kalvar Corp. v. United States*, 211 Ct. Cl. 192, 198–99, 543 F.2d 1298, 1301-02 (1976). In order to overcome this presumption, CMCC must allege and prove, by clear and strong evidence, "some specific intent to injure the plaintiff." *Id.* at 198, 543 F.2d at 1302. CMCC "alleges no facts that even begin to meet this standard." *Mients*, 50 Fed. Cl. at 671, n.7.

Frankly, CMCC's inclusion of its breach of contract claim in its current form in addition to its improper termination for default claim makes little sense. "In the absence of bad faith or clear abuse of discretion, the effect of the constructive termination for convenience is to moot all breach claims and to limit recovery to costs which would have been allowed had the contracting officer actually invoked the [termination for the convenience of the government] clause." *Kalvar*

*Corp. v. United States*, 211 Ct. Cl. 192, 204, 543 F.2d 1298, 1304 (1976) cert. denied 434 U.S. 830 (1977).

It is CMCC's damages claim, however, that exposes the insufficiency of its breach of contract cause of action. "Damages are awarded in breach-of-contract cases in an amount sufficient to place the injured party in as good a position as it would have been had the breaching party fully performed." *Canpro Investments Ltd.*, --- Fed.Cl. ----, 2017 WL 372055, at *21 (internal quotation omitted) (citing *Ind. Mich. Power Co. v. United States*, 422 F.3d 1369, 1373 (Fed. Cir. 2005)). "They are calculated by performing the necessary comparison between the breach and non-breach worlds." *Id.* (citing *Yankee Atomic Elec. Co. v. United States*, 536 F.3d 1268, 1273 (Fed. Cir. 2008)).

But CMCC specifically proscribes its damages request to, in relevant part, "amounts owed to [CMCC] for work performed on the project for which [CMCC] has not been compensated [and] lost profits earned by [CMCC] up to the time of the improper termination." Am. Compl. at ¶¶ 91, 96. Notably absent from CMCC's amended complaint are demands for anticipatory profits or other damages typically associated with breach of contract claims. *See generally* Am. Compl. Instead, CMCC has limited its damages claims to those typically associated with a termination for convenience. *Maxima Corp.*, 847 F.2d at 1552 (noting that convenience termination damages, unlike breach of contract damages, are limited to costs incurred on the work completed, profit on that work, and the costs of preparing settlement proposal); *cf. Armour of America*, 69 Fed. Cl. at 590 ("[B]reach of contract claims present different factual and legal issues and are distinct and separate claims from the claim for improper default termination.").

As currently formulated in CMCC's amended complaint, GSA's termination for default was either proper or it was not. If the Court determines that it was not proper, CMCC will be

entitled to termination for convenience damages. If the Court determines that it was proper, CMCC will not be entitled to damages. The facts underlying CMCC's breach of contract claim, however, are the same facts underlying its improper termination claim. As such, there is no possible scenario in which the Court will find the termination for default proper and also find that GSA breached the contract. In effect, CMCC's improper termination and breach of contract causes of action are the same claim, although not in name.

Accordingly, CMCC's second cause of action must be dismissed for failure to state a claim for breach of this CDA contract.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant our motion to partially dismiss plaintiff's amended complaint.

Respectfully submitted,

CHAD A READLER
Acting Assistant Attorney
General


ROBERT E. KIRSCHMAN, JR.
Director


s/ Martin F. Hockey
MARTIN F. HOCKEY
Deputy Director


s/ Russell J. Upton
RUSSELL J. UPTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station

OF COUNSEL

Justin Hawkins
Assistant General Counsel
Office of the General Counsel
General Services Administration
1800 F Street, N.W.

Washington, D.C. 20405  
Tel: (202) 969-7066  
Fax: (202) 501-1944  
Email: justin.hawkins@gsa.gov

February 7, 2017

Washington, D.C. 20044  
Tel: (202) 305-3634  
Fax: (202) 514-7965  
Email: Russell.J.Upton@usdoj.gov

Attorneys for Defendant