# Attachment A

October 7, 2016

**VIA U.S. MAIL AND ELECTRONIC MAIL**

U.S. General Services Administration
Upstate New York Service Center
Attn: Charles Ferro, Contracting Officer
(charles.ferro@gsa.gov)
1000 South Clinton Street, Box 7005
Syracuse, NY 13261-7005

      Re:    Contract No.: GS-02P-13-PW-C-0009
               U.S. Attorney 8th Floor Renovation
               James M. Hanley Federal Building, Syracuse, New York

Dear Mr. Ferro:

      Barclay Damon, LLP represents Claude Mayo Construction Company, Inc. ("CMCC"). We submit this letter to further supplement and clarify CMCC's claims against the government arising from the improper termination of CMCC for default in relation to the above-referenced contract. CMCC hereby incorporates in this letter the prior facts and claims asserted in its letters of May 18, 2015 and April 25, 2016. A copy of the April 25, 2016 supplemental claim letter, which included as an exhibit the May 18, 2015 claim letter is provided herewith for reference.

      As stated in the above-referenced prior claim letters, it is CMCC's assertion that it was improperly terminated for default pursuant to a June 12, 2014, Notice of Termination for Default ("Notice of Termination") from the U.S. General Services Administration ("GSA") relative to the above-referenced contract. For the reasons previously stated in the May 18, 2015 letter, the bases asserted by the GSA for termination for default were false and unsupported by the facts and evidence as to what occurred during the course of the project. Accordingly, GSA both improperly terminated CMCC for default and improperly invoked CMCC's bond. As also outlined in the May 18, 2015 letter, it was GSA's improper conduct in its administration of the contract actually caused delay and impeded CMCC's ability to conduct its work on the project, including by failing to properly extend the completion date for the contract despite the GSA's acknowledgment that change orders or change order requests issued by GSA required such extension, failing to adequately, timely, and/or properly respond to submissions made by CMCC, and seeking to impose requirements upon CMCC that are not supported by the contract.

As a result of GSA's denial of CMCC's appeal and claims raised therein, on October 25, 2016, CMCC commenced a lawsuit in the United States Court of Federal Claims, seeking, among other things, a declaratory judgment that GSA's termination of Claude Mayo for default was improper and should be converted to a termination for convenience, and seeking monetary damages arising therefrom. A copy of the Complaint is also provided herewith and incorporated herein. In addition to the assertions and details set forth in the May 18, 2015 letter, CMCC hereby incorporates and refers you to the facts set forth in paragraphs 7 through 83 of the Complaint, which further set forth the facts upon which CMCC relies in asserting its claims against the government herein.

In addition to improperly terminating CMCC for default and improperly invoking CMCC's bond, the above-referenced conduct as further outlined in the May 18, 2015 letter and the October 25, 2016 Complaint constitutes a breach of the government's obligations under the contract. As a result of these improper and unlawful actions of the government, CMCC seeks a declaration that GSA's termination for default was improper and should be converted to a termination for convenience per the terms of the contract. CMCC also seeks monetary damages by way of both the costs to which it is entitled upon a termination for convenience under the terms of the contract as well as for the government's breaches of the contract in those categories and amounts set forth in the April 25, 2016 letter, which are, subject to the caveat that some of these asserted damages are not fully known at this time and some continue to accrue: (1) outstanding Payment Applications for work performed on the project, $207,101.98; (2) lost profits due to the improper termination, $48,331.00; (3) other costs associated with improper termination for default, including legal and administrative fees incurred to date, which would be recoverable upon a conversion to a termination for convenience of $50,000; (4) payments due to CMCC's surety incurred as a result of the improper termination and improperly invoking CMCC's bond $82,079.57; and (5) damage to CMCC by way of lost business opportunities due to CMCC's inability to obtain bonding and contracts due to GSA's improper termination and conduct, $200,000. Thus, CMCC's total claim is in the amount of **$587,512.55**.

I, as counsel to CMCC, certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects those amounts for which the contractor believes the Government is liable based on its conduct; and that I am duly authorized to certify the claim on behalf of the contractor. The foregoing fulfills the certification requirement contained in 48 C.F.R. 33.207.

Please be advised that this correspondence is being submitted for the purpose of a ***claim,*** pursuant to 48 C.F.R. 33.206, for the damages attendant to and arising from the improper termination of CMCC for default and breaches of contract as detailed above and in the documents referred to and incorporated herein. Accordingly, I request a written response to this claim within 60 days, pursuant to 48 C.F.R. 33.211.

    Thank you for your courtesy and attention to this matter.

                                  Very truly yours,

                                  Nicholas J. DiCesare

Enclosures