# Attachment B

I have reviewed the October 7, 2016 Second Supplemental Claim ("Claim") from Claude Mayo Construction Company, Inc. ("CMCC"). In the Claim, CMCC seeks to have GSA convert GSA's June 12, 2014 Notice of Termination ("Termination"), terminating CMCC's Contract, Contract No. GS-02P-13-PW-C-0009 ("Contract"), to a termination for convenience ("T for C"). CMCC further asserts that the Termination was improper and constitutes a breach of contract.

The question of whether the Termination was improper and should be converted to a T for C currently rests with the Court of Federal Claims. Accordingly, I, as Contracting Officer, am divested of any jurisdiction to render a final decision.

I can consider your claim for breach of contract. After careful review of the facts and circumstance, I deny the claim. Even if the Termination is rendered improper, the Contract requires that the termination be converted to a T for C. There is a contractual remedy for your alleged grievance. Accordingly, an improper termination does not breach the contract. You have alleged no other facts on which a breach of contract may be found. Therefore, your claim for breach of contract is denied.

To the extent you claim damages that sound in tort, such claims are denied.

GSA further hereby reserves the right to assert any further applicable defenses, including but not limited to release, accord and satisfaction, waiver and set-off.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure. Your ability to appeal to the board of contracting appeals may be limited by your prior filings. Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C.603, regarding Maritime Contracts) within 12 months of the date you receive this decision

Charles J. Ferro
Contracting Officer