**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CLAUDE MAYO CONSTRUCTION COMPANY, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No. 15-1263C** |
| | ) | **(Judge Kaplan)** |
| **THE UNITED STATES,** | ) ) | |
| **Defendant.** | ) | |

<u>**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**</u>

For its answer to the Amended Complaint, defendant, the United States, admits, denies, and alleges as follows:

1.      Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.      Admits the allegations contained in paragraph 2 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 2 are denied.

3.      Admits that GSA terminated the Contract with plaintiff for default; otherwise denies the allegations.

4.      Admits the allegations contained in paragraph 4 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 4 are denied.

5.      Admits the allegations contained in paragraph 5 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 5 are denied.

6.      Admits the allegations contained in paragraph 6 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 6 are denied.

7.      The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8.      The allegations contained in paragraph 8 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## **FACTUAL BACKGROUND**[1]

**A.      The Contract, Award, and Commencement of Work:**

9.      Admits the allegations contained in paragraph 9 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 9 are denied.

10.     Admits the allegations contained in paragraph 10 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 10 are denied.

11.     Admits the allegations contained in paragraph 11 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 11 are denied.

---

[1] Defendant is utilizing the heading structure plaintiff employed in its Amended Complaint for purposes of clarity.  Defendant denies any allegations in the headings to the extent they are construed as allegations.

12.     Admits the allegations contained in paragraph 12 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 12 are denied.

13.     Admits the allegations contained in paragraph 13 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 13 are denied.

14.     Admits the allegations contained in paragraph 14 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 14 are denied.

15.     Admits the allegations contained in paragraph 15 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 15 are denied.

16.     Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17.     Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18.     Denies the allegation contained in the first sentence of paragraph 18.  The allegations contained in the second sentence of paragraph 18 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19.     Admits the allegations contained in paragraph 19 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 19 are denied.

20.     Admits the allegations contained in paragraph 20 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 20 are denied.

21.     Admits the allegations contained in paragraph 21 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 21 are denied.

22.     The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23.     Admits.

**B.     Contract Modification and Submittal Issues:**

24.     Admits.

25.     Admits the allegations contained in paragraph 25 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 25 are denied.

26.     Admits the allegations contained in paragraph 26 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 26 are denied.

27.     Denies the allegations contained in the first sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegation in the second sentence of paragraph 27 that plaintiff "advised GSA of the issue;" otherwise denies the allegations contained in the second sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28.     Admits the allegations contained in paragraph 28 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 28 are denied.

29.     Admits the allegations contained in paragraph 29 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 29 are denied.

30.     Admits the allegations contained in paragraph 30 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 30 are denied.

31.     Admits the allegations contained in paragraph 31 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 31 are denied.

32.     Admits the allegations contained in paragraph 32 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 32 are denied.

33.     The allegations contained in paragraph 33 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34.     The allegations contained in paragraph 34 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35.     Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36.     Admits the allegations contained in paragraph 36 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 36 are denied.

37.     Paragraph 37 is ambiguous as the term "shortly" is undefined.  Admits that at some point defendant sent plaintiff Requests for Proposals for two additional contract modifications.

38.     Admits.

39.     Admits the allegations contained in paragraph 39 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 39 are denied.

40.     Admits the allegations contained in paragraph 40 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 40 are denied.

41.     Admits.

42.     Admits the allegations contained in paragraph 42 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 42 are denied.

43.     Admits the allegations contained in paragraph 43 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 43 are denied.

44.     Admits the allegations contained in paragraph 44 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45.     Admits the allegation contained in paragraph 45 that "GSA engaged in discussions" with plaintiff after plaintiff's January 28, 2014 email was received; otherwise the allegations contained in paragraph 45 are denied.

46.     Denies.

47.     Denies.

48.     Denies.

49.     Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50.     Admits the allegations contained in paragraph 50 that plaintiff communicated to GSA that plaintiff was having "work coordination and lead time issues;" otherwise the allegations contained in paragraph 50 are denied.

51.     Admits the allegations contained in paragraph 51 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 51 are denied.

**C.     GSA's Improper Termination of the Contract for Default:**

52.     Admits.

53.     Admits the allegations contained in paragraph 53 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 53 are denied.

54.     Admits the allegations contained in paragraph 54 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 54 are denied.

55.     Admits the allegations contained in paragraph 55 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 55 are denied.

56.     Admits the allegations contained in paragraph 56 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 56 are denied.

57.     Admits.

58.     Admits the allegations contained in paragraph 58 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 58 are denied.

59.     Admits the allegations contained in paragraph 59 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 59 are denied.

60.     Admits the allegations contained in paragraph 60 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 60 are denied.

61.     The allegations contained in paragraph 61 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62.     Admits the allegations contained in paragraph 62 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 62 are denied.

63.     Admits the allegations contained in paragraph 63 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 63 are denied.

64.     The allegations contained in paragraph 64 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65.     Admits the allegations contained in paragraph 65 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 65 are denied.

66.     The allegations contained in paragraph 66 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67.     The allegations contained in paragraph 67 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68.     Denies.

69.     Admits the allegations contained in paragraph 69 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 69 are denied.

70.     Admits defendant issued a "Notice of Termination for Default."  Denies the remaining allegations in paragraph 70.

71.     Admits the allegations contained in paragraph 71 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 71 are denied.

72.     The allegations contained in paragraph 72 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.     Admits the allegations contained in paragraph 73 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 73 are denied.

74.     Admits the allegations contained in paragraph 74 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 74 are denied.

75.     Admits the allegations contained in paragraph 75 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 75 are denied.

76.     Admits the allegations contained in paragraph 76 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 76 are denied.

77.     Admits the allegations contained in paragraph 77 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 77 are denied.

## FIRST CAUSE OF ACTION
### (For Declaration)

78.     Defendant incorporates by reference its answers to paragraphs 1-77.

79.     The allegations contained in paragraph 79 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80.     The allegations contained in paragraph 80 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81.     The allegations contained in paragraph 81 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

82.     The allegations contained in paragraph 82 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83.     The allegations contained in paragraph 83 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## SECOND CAUSE OF ACTION
### (For Breach of Contract)

84.     Defendant incorporates by reference its answers to paragraphs 1-83.

85.     Admits.

86.     The allegations contained in paragraph 86 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

87.     The allegations contained in paragraph 87 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

88.     The allegations contained in paragraph 88 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

89.     The allegations contained in paragraph 89 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

90.     The allegations contained in paragraph 90 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

91.     The allegations contained in paragraph 91 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

### THIRD CAUSE OF ACTION
### (For Compensation upon Declaration)

92.     Defendant incorporates by reference its answers to paragraphs 1-91.

93.     Admits the allegations contained in paragraph 93 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 93 are denied.

94.     The allegations contained in paragraph 94 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95.     The allegations contained in paragraph 95 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

96.     The allegations contained in paragraph 96 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

97.     Defendant incorporates by reference its answers to paragraphs 1-96.  Denies that plaintiff is entitled to the relief set forth in the WHEREFORE paragraphs immediately following paragraph 96, identified as (a) through (d), or to any relief whatsoever.

98.     Denies each and every allegation not previously admitted or otherwise qualified.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

99.     Any amount that plaintiff recovers in this suit would be subject to the doctrine of setoff, including, but not limited to, potential reprocurement costs and liquidated damages.

**Second Affirmative Defense**

100.    Plaintiff's causes of action are barred, in whole or in part, by the doctrine of estoppel.

**Third Affirmative Defense**

101.    Plaintiff's causes of action are barred, in whole or in part, by the doctrine of waiver.

**Fourth Affirmative Defense**

102.    Plaintiff's causes of action are barred, in whole or in part, by the doctrine of release.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the Amended Complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Martin F. Hockey
MARTIN F. HOCKEY
Deputy Director

s/ Russell J. Upton
OF COUNSEL                          RUSSELL J. UPTON
                                    Trial Attorney
JUSTIN HAWKINS                      Commercial Litigation Branch
Senior Assistant General Counsel    Civil Division
Office of the General Counsel       Department of Justice

13

General Services Administration          P.O. Box 480
1800 F Street, N.W.                      Ben Franklin Station
Washington, D.C. 20405                   Washington, D.C. 20044
Tel:  (202) 969-7066                     Tel:  (202) 305-3634
Fax:  (202) 501-1944                     Fax:  (202) 514-7965
Email:  Justin.Hawkins@gsa.gov           Email:  Russell.J.Upton@usdoj.gov

July 7, 2017                             Attorneys for Defendant