IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CLAUDE MAYO CONSTRUCTION COMPANY, INC.,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-1263C |
| | ) | (Judge Kaplan) |
| **THE UNITED STATES,** | ) ) | |
| Defendant. | ) ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Court's Case Management Procedure at Appendix A, Sections II and III of the Rules of the Court of Federal Claims (RCFC), plaintiff, Claude Mayo Construction Company, Inc. (CMCC), and defendant, the United States (collectively, the parties or individually, party), conducted an early meeting of counsel on August 15, 2017, after the Government filed its answer to plaintiff's amended complaint (Dkt. No. 34) on July 7, 2017. Both parties have conferred as to the matters set forth in RCFC Appendix A, Section II, ¶ 3 (a)-(f). Accordingly, both parties submit this Joint Preliminary Status Report (JPSR) and hereby answer the questions set forth in RCFC Appendix A, Section III, ¶ 4 (a)-(l). Separate responses are set forth for any point on which the parties cannot agree. In addition, pursuant to RCFC Appendix A, Section III, ¶ 5, this JPSR includes a proposed discovery plan.

**I.     JOINT RESPONSE TO THE QUESTIONS SET FORTH IN
         RCFC APPENDIX A, SECTION III ¶ 4 (a)-(l)**

**A.     Jurisdiction**

Plaintiff states that this Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491(a), and is brought pursuant to the Contracts Disputes Act of 1978, 41 U.S.C. 7101, et seq., and, more specifically, §7104(b).

Defendant is not aware at this time of any additional basis upon which to challenge this

1

Court's jurisdiction beyond those already asserted in defendant's earlier Rule 12(b)(1) partial motion to dismiss, which this Court granted.  Dkt. No. 16.

### B. Consolidation

Both parties agree that there are no related cases with which this case should be consolidated.

### C. Bifurcation Of Liability And Damages

Both parties agree that bifurcation would not assist the Court's resolution of this dispute. Issues suitable for resolution by summary judgment may be identified during discovery.

### D. Deferral Of Proceedings

Both parties agree that no deferral of proceedings is requested or warranted.

### E. Remand Or Suspension

Both parties agree that no remand or suspension is requested or warranted.

### F. Joinder Of Additional Parties

Both parties agree that no additional parties are required for resolution of this dispute.

### G. Dispositive Motions

Both parties agree that filing a Motion for Summary Judgment pursuant to Rule 56 may at some point in the future make sense based upon the results of discovery.  Both parties, therefore, agree that either party may file such a motion if the party believes that no genuine issue of material fact remains and that summary judgment is appropriate.

### H. Relevant Factual & Legal Issues

This case relates to the United States General Services Administration's (GSA) termination for default of a firm-fixed-price contract awarded to CMCC in 2013, to furnish all materials, equipment, labor, and supervision for the renovation of a United States Attorney's Office (USAO)

in Syracuse, New York. In June 2014, following the issuance of a cure notice, two show cause notices, and a stop work order, GSA terminated its contract with CMCC for default based upon various alleged CMCC failures.

Both parties agree that the central question in this case is whether GSA was justified in its decision to terminate CMCC's contract for default. That question involves various factual and legal issues, including, but not limited to, the following:

1) Whether CMCC's failure to timely complete the contract was caused by GSA's actions?

2) Whether CMCC's failure to timely complete the contract arose from causes beyond CMCC's control and without CMCC's fault or negligence?

3) Whether CMCC completed work for which it was not paid, whether that work was accepted by GSA, and whether GSA properly denied CMCC's payment applications for this work?

4) Whether CMCC is entitled to be compensated for work performed on the contract, lost profits, interest, fees and costs?

5) Whether CMCC is entitled to a declaration converting GSA's termination for default into a termination for convenience?

6) Whether GSA's actions constituted a material breach of the contract?

7) Whether CMCC's claims are barred in whole or in part by estoppel, waiver, release, or setoff (including, but not limited to, potential reprocurement costs and liquidated damages)?

**I.      Likelihood Of Settlement**

The parties previously discussed the possibility of settlement. Although these prior efforts were unsuccessful, the parties agree that they will continue to consider settlement, mediation, or other Alternative Dispute Resolution, if and when appropriate, and believe that they will be in a

better position to discuss settlement after some discovery has been completed.

    **J.**    **Trial**

The parties agree that a trial will be necessary if the parties are not able to resolve the dispute through settlement or summary judgment motions. If a trial is necessary, the parties believe that it should be held at a location that is most convenient for the witnesses and the Court. The parties will work together to determine an appropriate location. Neither party requests expedited trial scheduling.

    **K.**    **Electronic Case Management**

Both parties agree that there are no special electronic case management requirements for this case.

    **L.**    **Other Matters**

Both parties agree to produce all documents, including all electronically-stored documents, in a format and manner agreed upon by the parties.

Both parties agree that privileged documents generated by agency counsel, plaintiff's counsel, and defendant's counsel after June 12, 2014 may be withheld without including them on any privilege log.

The parties are not aware of any additional matters of which the Court should be aware at this time.

**II.**    **PROPOSED DISCOVERY PLAN**

The parties propose the following schedule for discovery in this case.

| | |
|---|---|
| Fact discovery opens | September 1, 2017 |
| Initial Disclosures | September 29, 2017 |
| Close of fact discovery (incl. exchange of documents, depositions) | May 31, 2018 |

| | |
|---|---|
| Designation of expert witnesses, if any | June 29, 2018 |
| Plaintiff's expert(s) report due, if any | August 13, 2018 |
| Defendant's expert(s) report due, if any | October 15, 2018 |
| Close of expert discovery (incl. depositions) | December 17, 2018 |
| Parties file joint status report as to how case will proceed (incl. proposed schedule for Rule 56 motion(s) if desired) | December 31, 2018 |

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Martin F. Hockey
MARTIN F. HOCKEY
Deputy Director

s/ Nicholas J. DiCesare
NICHOLAS J. DICESARE
Partner
BARCLAY DAMON LLP
The Avant Building
200 Delaware Avenue
Suite 1200
Buffalo, NY  14202
Tel:  (716) 566-1524
Fax:  (716) 566-4069
Email:  NDiCesare@barclaydamon.com

Attorney for Plaintiff

s/ Russell J. Upton
RUSSELL J. UPTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 305-3634
Fax:  (202) 514-7965
Email:  Russell.J.Upton@usdoj.gov

OF COUNSEL

JUSTIN HAWKINS
Assistant General Counsel
Office of the General Counsel
General Services Administration
1800 F Street, N.W.
Washington, D.C. 20405
Tel:  (202) 969-7066

Fax:  (202) 501-1944  
Email:  justin.hawkins@gsa.gov

August 18, 2017                            Attorneys for Defendant