IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CLAUDE MAYO CONSTRUCTION COMPANY, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 15-1263C (Judge Kaplan) |
| THE UNITED STATES, ) ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO THE MOTION OF BARCLAY DAMON LLP AND NICHOLAS J. DICESARE, ESQ, TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Defendant, the United States, respectfully responds to the motion to withdraw as counsel for plaintiff, Claude Mayo Construction Company, Inc. (CMCC), filed by plaintiff's counsel, Barclay Damon LLP and Nicholas J. DiCesare, Esq. on December 9, 2019 (ECF No. 47).

First, the Government does not object to Mr. DiCesare's request to withdraw as counsel for CMCC. Mr. DiCesare has represented that the attorney-client relationship has deteriorated "to such an extent that it has become impossible to effectively serve as counsel" and that Barclay Damon's "continued representation of CMCC would be both inappropriate and ineffective." The Government has no reason to question these representations.

Second, if Mr. DiCesare's motion is granted, CMCC will be without counsel unless and until CMCC retains new counsel. As the Court is well aware, Court of Federal Claims Rule 83.1(a)(3) provides that "[a]n individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court." Moreover, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed. Cir. 2001) (holding that a corporation must be represented by counsel in the Court of Federal Claims even in cases of severe financial

hardship). "The Federal Circuit in *Talasila* found this rule to be 'clear and unqualified, and [its] plain language . . . does not contemplate exceptions.'" *Curtis v. United States*, 63 Fed. Cl. 172, 180 (2004) (quoting *Talasila*, 240 F.3d at 1067).

CMCC is a corporation formed pursuant to the laws of the State of New York, with its principle place of business in Buffalo, NY. *See* Am. Compl. at ¶ 1 (ECF No. 23). If the Court grants Mr. DiCesare's motion and CMCC is subsequently unable to retain new counsel, CMCC's amended complaint will have to be dismissed pursuant to RCFC 12(b)(1) and 83.1(a)(3).

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Martin F. Hockey
MARTIN F. HOCKEY
Deputy Director

s/ Russell J. Upton
RUSSELL J. UPTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-3634
Fax: (202) 514-7965
Email: Russell.J.Upton@usdoj.gov

OF COUNSEL

JUSTIN HAWKINS
Assistant General Counsel
Office of the General Counsel
General Services Administration
1800 F Street, N.W.
Washington, D.C. 20405
Tel: (202) 969-7066
Fax: (202) 501-1944
Email: justin.hawkins@gsa.gov

December 12, 2019

Attorneys for Defendant